IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of the United States Department of Labor,<br><br>          Plaintiff,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>          Defendants. | 2:08-cv-02732-RRB-GGH<br><br>**ORDER DENYING DEFENDANT'S**<br><br>**MOTION TO TRANSFER VENUE AND**<br><br>**MOTION TO DISMISS** |

## I.    Introduction

Before the Court is Defendant Clair R. Couturier ("Defendant") with a Motion to Transfer Venue, or in the alternative, Motion to Dismiss at Docket 15. After Plaintiff Elaine L. Chao, United States Secretary of Labor ("Plaintiff") filed an Amended Complaint at Docket 26, Defendant filed an additional Motion to Dismiss Count I of the Amended Complaint at Docket 37. Regarding his Motion to Transfer Venue, Defendant argues that the Court should transfer venue to the Western District of Washington under 28 U.S.C. § 1404(a) because it is a more convenient forum, and because Plaintiff is engaging in forum-shopping. Regarding his Motion to Dismiss, Defendant claims

that Count I of the Amended Complaint, which relates to transactions occurring in 2004, is barred by ERISA's three-year statute of limitations.

Plaintiff opposes at Docket 40, arguing that transfer is improper under § 1404(a), and that the action is timely because it was filed less than three years after the Department of Labor had "actual knowledge" of the alleged 2004 ERISA violations.

## II.  Background

The present action was filed in this Court on November 13, 2008. The complaint alleges violations of ERISA stemming from two separate transactions. The first was a 2004 transaction in which Defendant Couturier and the other named defendants allegedly breached their fiduciary duty to the Employee Stock Ownership Plan ("ESOP") by failing to properly value the compensation granted to Defendant Couturier in his capacity as president of Noll Manufacturing Company.[1]

The second transaction was a 2007 sale of the ESOP's assets. Plaintiffs allege that the sale was structured in such a way that ESOP participants would not be paid from the receipts of the sale until after the individual defendants had received payments under what Plaintiff characterizes as "invalid agreements to indemnify certain of the defendants in the event they were sued for, among other things, fiduciary breach."[2]

---

[1]    Docket 2 at 3-4.

[2]    Docket 2 at 4.

Holly A. Holman, an investigator with the Department of Labor, made the following statements in a sworn declaration which was submitted along with Plaintiff's Opposition to the Motion to Dismiss:

> [The Employee Benefit Security Administration] opened its investigation of the TEOHC ESOP on November 14, 2005, when I was told by a confidential informant of the civil complaint, Johnson v. Couturier, 2:05-cv-02046 (RRB-GGH), which is currently pending in this District. On November 16, 2005, the confidential informant forwarded to me by email a copy of the Johnson Complaint.
>
> [...]
>
> After opening its investigation on November 14, 2005, EBSA issued multiple administrative subpoenas requesting documents and testimony from Defendant Couturier and the other defendants in this action so that EBSA could determine for itself whether violations of ERISA had occurred.[3]

The civil complaint in the Johnson v. Couturier litigation was filed on October 11, 2005.[4]

On September 12, 2008, Plaintiff filed a related action in the U.S. District Court located in the Western District of Washington. In that case, Plaintiff did not seek any substantive relief under ERISA. Rather, Plaintiff sought a court order requiring Defendant's compliance with certain investigative subpoenas issued during the DOL's investigation of the ERISA violations alleged in the present case.[5] Defendant is domiciled

---

[3]     Docket 40, Exhibit 2 at 2-3.

[4]     Johnson, et al. v. Couturier, et al., 2:05-cv-02046-RRB-GGH.

[5]     Docket 21, Exhibit B.

in the Western District of Washington.[6]

## III. **Legal Standard**s

### A.    **Motion to Change Venue**

A motion to transfer venue under 28 U.S.C. § 1404(a) is
vested in the trial court's informed discretion.  Transfer is
only appropriate to a district where suit could have been filed.
Venue may be transferred "[f]or the convenience of parties and
witnesses, [and] in the interest of justice."[7]  Relevant factors
in determining whether or not to transfer venue to another
district include plaintiff's choice of forum, the convenience of
the parties, location of counsel, convenience of witnesses, and
location of records and other documentary evidence.[8] In the
"interest of justice", the Court should also lend great weight to
the "desire to avoid multiplicity of litigation from a single
transaction."[9] A defendant who moves to transfer venue under §
1404(a) "must make a strong showing of inconvenience to warrant
upsetting the plaintiff's choice of forum."[10]

---

[6]     Docket 47 at 5.

[7]     28 U.S.C. 1404(a).

[8]     See Munoz v. Albuquerque A.R.T. Co., 829 F. Supp. 309,
        313 (D. Alaska 1993) (for discussion with citation to
        authority).

[9]     Gerin v. Aegon USA, Inc., No. 06-5407, 2007 WL 1033472,
        at 6 (N.D.Cal. 2007), citing  London and Hull Mar. Ins.
        Co. Ltd. v. Eagle Pac. Ins. Co., 1996 WL 479013, at 3
        (N.D.Cal.1996) and Continental Grain Co. v. The
        FBL-585, 364 U.S. 19, 26 (1960).

[10]    Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d
        834, 843 (9th Cir. 1986), citing  Mizokami Bros. of

4

**B.    Motion to Dismiss**

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss,
"[a]ll allegations of material fact in the complaint are taken as
true and construed in the light most favorable to the nonmoving
party."[11]   A claim should only be dismissed under Rule 12(b)(6)
if "it appears beyond doubt that a plaintiff can prove no set of
facts in support of his claim which would entitle him to
relief."[12]

## IV.  Discussion

**A.    Change of Venue Is Not Warranted Under 28 U.S.C.
1404(a)**

Neither of the parties dispute that this action could have
been brought either in this district or in the Western District
of Washington. However, the Court finds that neither the
"convenience of the parties" nor "the interest of justice"
justify a change of venue to the Western District of Washington.

Defendant offers two justifications for his motion to change
venue. He first claims that Plaintiff is attempting to "forum
shop", having received an adverse ruling in the Washington
subpoena enforcement proceedings.[13] Plaintiff counters that, in
fact, she "is quite satisfied with the outcome to her subpoena

---

Arizona v. Mobay Chemical Corp., 660 F.2d 712, 718 (8th
Cir. 1981).

[11]    Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[12]    Id.

[13]    Docket 16 at 2-3.

enforcement action in the Western District of Washington."[14]

The Court sees no need to speculate as to whether Plaintiff is subjectively "satisfied" with the rulings rendered in the Western District of Washington. The evidence that Plaintiff filed suit in this district to "avoid a particular precedent from a particular judge"[15] is slim to none. Plaintiff filed the Washington subpoena enforcement action against Defendant in his home district, which was a logical choice. The present action, however, involves a number of defendants who are not domiciled in Washington, so the justification for filing this action in Washington is greatly reduced.

The Washington petition also did not seek substantive relief under ERISA[16]; it is inaccurate to state as Defendant does that the "subject matter" of the Washington suit and that of the present case are "identical".[17]  The Johnson v. Couturier case currently pending in this Court has a far greater identity of legal and factual issues with this case than does the Washington action. This is an important distinction, because the cases cited by Defendant in which a court has transferred venue for reasons of forum shopping all involved some prior litigation in which the

---

[14]     Docket 40 at 21.

[15]     Docket 16 at 7.

[16]     Docket 21, Exhibit B at 6-7.

[17]     Docket 16 at 8.

plaintiff had sought the same substantive relief.[18]

In short, Plaintiff's decision to file the present action in the Eastern District of California is perfectly consistent with a good faith litigation strategy having nothing to do with forum shopping.

Second, Defendant claims that Washington is the more convenient forum, a fact which he says was "admitted" by Plaintiff in the Washington action.[19] To back up this claim, Defendant quotes Plaintiff's statement that the Western District of Washington would be a "convenient location" for Mr. Couturier because he resides there.[20]

Defendant fails to persuade the Court of any inconsistency

---

[18]     See <u>Madani v. Shell Oil Co.</u>, No. C07-04296 MJJ, 2008 WL 268986 at 3 (N.D. Cal., Jan. 30, 2008) ("After expressly disavowing the Rule of Reason claim, and then receiving unfavorable rulings from that Court, the same counsel now seek to assert a Rule of Reason claim in an action filed in this district"); see also <u>Gerin v. Aegon USA, Inc.</u>, 2007 WL 1033472 at 7 (N.D. Cal., April 4, 2007) ("Plaintiffs [...] have chosen to simply re-file their dismissed complaint in another forum-a forum which Plaintiffs concede is more favorable to securities class-actions."); <u>Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.</u>, No. C 03-3711 MHP, 2003 WL 22387598 at 6 (N.D. Cal., Oct. 14, 2003) ("Plaintiff [...] apparently had hoped that the court would overlook the essentially identical [...] case that was then pending in another district."); <u>Italian Colors Restaurant v. Am. Express Co.</u>, No. C 03-3719 SI, 2003 WL 22682482 at 1 (N.D. Cal., Nov. 10, 2003) (transfer of venue proper where plaintiff had filed "a virtually identical action, based on a nearly verbatim complaint" in another district.).

[19]     Docket 16 at 3.

[20]     Docket 16 at 9.

on Plaintiff's part. In the subpoena enforcement action, Mr.
Couturier was the sole defendant. As such, there was no need to
take into account the convenience of parties other than
Defendant. In the present case, however, there are several
parties domiciled in California who could be inconvenienced by a
change of venue to Washington State.

Moreover, the Washington suit was merely a subpoena
enforcement action that did not address the merits of Plaintiff's
ERISA claims in any way. As noted above, the <u>Johnson v. Couturier</u>
litigation shares with this case a number of the same parties,
witnesses, and issues both legal and factual. A change of venue
would potentially require parties in both cases to litigate many
of the same complex issues in two different states. This would be
an unnecessary inconvenience to nearly every party except for
Defendant. A transfer of venue would also require two different
judges to become familiar with the intricacies of this case. That
would be a waste of judicial resources and the resources of other
parties and counsel, which is not in the "interest of justice".[21]

The Court is unpersuaded that Defendant will be greatly
inconvenienced by a failure to transfer venue. Because of the
<u>Johnson v. Couturier</u> litigation, Defendant has already spent
three plus years fighting ERISA claims in the Eastern District of
California, claims which encompass the same basic nucleus of fact
as the present action. The Court fails to see how transferring
venue of the Department of Labor's action to Washington State

---

[21]     <u>Gerin</u> at 6.

will ameliorate Defendant's inconvenience in any meaningful way.

Therefore, Defendant has failed to show sufficient justification

for a transfer of venue under 28 U.S.C. § 1404(a).

**B.    Defendant Has Failed to Show Sufficient Grounds for Dismissal under Rule 12(b)(6)**

Defendant's Motion to Dismiss is based entirely on the

three-year statute of limitations for ERISA civil actions. Under

28 U.S.C. § 1132, an ERISA suit must be filed no more than "three

years after the earliest date on which the plaintiff had actual

knowledge of the breach or violation." Defendant claims that

Plaintiff's suit is time-barred because the Johnson v. Couturier

complaint, filed on October 11, 2005, gave them notice of the

ERISA claims more than three years before the filing of this

action.[22]

The mere fact that the Johnson case was filed in October

2005 is not sufficient to initiate three-year statute of

limitations period under 28 U.S.C. § 1132. What the statute

requires is "actual knowledge", not the type of "constructive

knowledge" which might be inferred from the filing of a civil

action by another party.[23]

It is unnecessary in the present case for the Court to

determine whether the Department of Labor would have had "actual

---

[22]    Docket 16 at 12.

[23]    See Gluck v. Unisys Corp., 960 F.2d 1168, 1176 (3rd Cir. 1992) ("Of course, a plaintiff may have constructive knowledge of a breach before he actually knows of the breach, but section 1113 calls for actual knowledge.").

knowledge" of the alleged ERISA violations upon receipt of the
Johnson complaint. Even if the statute of limitations had begun
the very moment the DOL saw the Johnson complaint, Ms. Holman has
testified that she did not learn about the complaint until
November 14, 2005, less than three years before the filing of
this action.[24]

The only evidence which Defendant submits to prove that
Plaintiff had "actual knowledge" of the alleged ERISA violations
prior to November 13, 2005 is the fact that "ERISA requires that
any participant or beneficiary plaintiff who brings a private
action under ERISA must provide the DOL with a copy of the
complaint by certified mail."[25] This is an argument for
constructive knowledge, not actual knowledge. Defendant has
submitted no proof that the DOL had actually received the Johnson
complaint prior to November 13, 2005. Indeed, the DOL's log of
ERISA complaints received by the Department shows no entry for
the Johnson complaint in 2005.[26]

On a 12(b)(6) motion, the Court must construe the facts "in
the light most favorable to the non-moving party."[27] Absent any
evidence that Plaintiff had "actual knowledge" of the ERISA
allegations filed in this action, Defendant's Motion to Dismiss
must be denied.

---

[24]    Docket 40, Exhibit 2 at 2-3.

[25]    Docket 16 at 12.

[26]    Docket 40, Exhibit 3 at 2.

[27]    Vignolo v. Miller, at 1077.

**V.    Conclusion**

For the foregoing reasons, Defendant's Motion to Transfer Venue, or in the alternative, Motion to Dismiss at Docket 15 and his Motion to Dismiss Count I of the Amended Complaint at Docket 37 are DENIED.

IT IS SO ORDERED

ENTERED this 10th day of February, 2009

/S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

11