IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

    Plaintiffs,                   No. CIV S-05-2046 RRB GGH

   vs.

CLAIR COUTURIER, JR., et al.,

    Defendants.
_____/

ELAINE L. CHAO, Secretary of the
United States Dept. Of Labor,       No. CIV S-08-2732 RRB GGH

    Plaintiff,

   vs.                            ORDER

CLAIR R. COURTIER, JR., et al.,

    Defendants.
_____/

       Can the attorney-client privilege survive in a situation where the fiduciary "exception" to the attorney-client privilege intersects to a large degree with the "dual position exception" which is encompassed with overrarching allegations of fact related to the crime-fraud exception. The answer in the circumstances of this case is no. However, this answer need not be

followed with a lengthy dissertation on the privilege "exceptions" set forth above as, with one minor exception, the individual defendants have disclaimed any right to invoke the privilege, and the corporate holder of the privilege has not made *any* argument to counter plaintiffs' factual showing and legal argument except as to one minor point.

At a time when the undersigned was not the referred magistrate judge, on August 26, 2008, plaintiff filed a motion to compel production of documents withheld because of assertion of the attorney-client privilege. (Docket # 337). After the undersigned became the magistrate judge of record in this case, he issued an order concerning this, and one other discovery motion (not at issue here):

> Accordingly, IT IS ORDERED THAT:
> 1. .....
> 2. Despite the exceptions to E.D. Local Rule 37-251, the parties shall file a joint statement for each motion by October 23, 2008, with courtesy copies submitted to chambers. *Only exhibits attached to the joint statement and pertinent to the motions will be permitted, and no other filings will be considered.* (Emphasis added).

Order of September 26, 2008 (Docket # 397).

Other pending matters occupied the time of the undersigned until an order was issued in January of 2009 requesting a partial submission *in camera* of the withheld documents at issue. In the course of reviewing that submission, and after focusing on the entire joint statement, the undersigned finds that no opposition has been made to production of the withheld documents except to the extent specifically set forth *infra*.

The filed joint statement pertinent to this discovery motion (Docket# 442) was timely filed. In that statement, plaintiffs made a lengthy recitation of facts which they believed were established, and lengthy legal argument concerning the argued exceptions to the attorney-client privilege which would require production of the withheld documents. The responding parties, with the exception of a very small number of documents withheld personally by defendant Eddy, took the position that: "Mr. Couturier has made no claims of privilege as to production of any documents at issue" because " TEOHC [a nominal corporate defendant], not

Mr. Couturier, holds any privilege claim...." Joint Statement at 55-56. See Joint Statement at 60 (Eddy, with exceptions noted below); Joint Statement at 64 (Johanson).

"Ordinarily, the party asserting attorney-client privilege has the burden of establishing all of the elements of the privilege. United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000); see also Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1492 (9th Cir.1989) (setting forth elements of privilege)." TEOHC has in no way attempted to establish the elements of the privilege, again, with the noted exception. And, of course, the mere assertion of the privilege does not establish the elements.

But even if the mere assertion of the privilege, along with a court ordered *in camera* filing, could be construed *per se* as establishing the elements, and understanding that plaintiffs would have the burden of establishing an exception to the attorney-client privilege, see United States v. Martin, 278 F.3d 988, 1001 (9th Cir. 2002) (crime-fraud); United States v. Mett, 178 F.3d 1058, 1064 (9th Cir. 1999) (fiduciary exception), TEOHC did not disagree with *any* of plaintiffs' developed facts regarding waiver or legal arguments with the sole exception of those arguments in Section D of plaintiffs' portion relating to Roorda, Piquet and Bessee documents (the accountant documents). Indeed, TEOHC expressly stated that it only disagreed with plaintiff's arguments in Section D. Joint Statement at 65. TEOHC's portion of the Joint Statement, if not an express statement of no objection, has waived opposition to finding the exceptions asserted valid, except with respect to the accountant documents. Arredondo v. Ortiz, 365 F.3d 778 (9th Cir. 2004) (citing Kohler v Inter-Tel Techs., 244 F.3d 1167, 1182 (9th Cir. 2001.) See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case law or argument in support is presented); Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1502 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue). The court will not act as TEOHC's lawyer. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the

3

1 | point.  We will not do his research for him."); Johnson v. Indopco, 887 F. Supp. 1092, 1096
2 | (N.D. Ill. 1995) (finding argument unsupported by relevant authority, or by demonstration of why
3 | it is a good argument despite lack of authority, constitutes mere assertion not meriting court's
4 | attention).

*Conclusion*

ACCORDINGLY:

1. Plaintiffs' motion to compel (docket #337) is granted;

2. With the exception of the Eddy withheld documents referenced on page 60 of the Joint statement (Campbell documents),and the Roorda, Piquet and Bessee documents referenced above, defendants shall produce within ten (10) days all previously withheld documents at issue in this motion;

3. The court will expeditiously issue a separate order with respect to the exceptions listed above.

Dated: 03/04/09                            /s/ Gregory G. Hollows
                                           _____
                                           UNITED STATES MAGISTRATE JUDGE

johnson2046.ord2