IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>    Plaintiff,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>    Defendants. | 2:08-cv-02732-RRB-GGH<br><br>**ORDER DENYING DEFENDANTS**<br>**DAVID JOHANSON AND**<br>**JOHANSON BERENSON LLP'S**<br>**MOTION TO DISMISS AT DOCKET 59** |

## I.  INTRODUCTION

Before the Court are Defendants David Johanson and Johanson Berenson LLP ("Defendants") with a Motion to Dismiss at Docket 59. Defendants request the following relief:

1.    That Count I of the Amended Complaint be dismissed against Johanson Berenson LLP as barred by the statute of limitations;

2.    That all claims against Johanson Berenson LLP be dismissed because it is not a "party in interest" who is alleged to have received any ill gotten gains such that may be sued under ERISA;

3.    That the Claim for a permanent injunction be dismissed because it is not an available remedy under ERISA;

4.   That the Counts against David R. Johanson be dismissed because there are no allegations sufficient to demonstrate that he breached his duty to monitor;

5.   That Count I be dismissed or summarily adjudicated because the primary allegation is not supported by the undisputed facts.

Plaintiff Hilda Plaintiff Hilda L. Solis, Secretary of the U.S. Department of Labor ("Secretary"), opposes the motion in all respects at Docket 77.

## II.  BACKGROUND

As the very complex facts of this case are familiar to all parties, no extensive recitation is necessary.

The present action was filed in this Court on November 13, 2008. The complaint alleges violations of ERISA stemming from two separate transactions. The first was a 2004 transaction in which the named defendants allegedly breached their fiduciary duty to the Employee Stock Ownership Plan ("ESOP"), the sole shareholder of The Employee Ownership Holding Company ("TEOHC") by failing to properly value the compensation granted to Defendant Couturier in his capacity as president of Noll Manufacturing Company.[1] The Amended Complaint alleges that Johanson was the managing partner of

---

[1]     Docket 26 at 3-4.

Johanson Berenson and was directly responsible for orchestrating the $34.4 million buyout.[2] Johanson's alleged fiduciary duties arose from his roles as "service provider to the ESOP, named fiduciary of the ESOP, director of TEOHC, corporate officer of TEOHC, outside General Counsel to TEOHC, estate planning counsel to TEOHC's president, and a 50% partner in an investment firm that was negotiating to purchase TEOHC."[3]

The second transaction was a 2007 sale of the ESOP's assets. Plaintiff alleges that the sale was structured in such a way that ESOP participants would not be paid from the receipts of the sale until after the individual defendants had received payments under what Plaintiff characterizes as "invalid agreements to indemnify certain of the defendants in the event they were sued for, among other things, fiduciary breach."[4]

Based on their involvement with the above transactions, Plaintiff alleges that David Johanson and Johanson Berenson LLP are liable for violating various provisions of ERISA.

///

///

---

[2]    Docket 26 at 4.

[3]    Docket 26 at 4.

[4]    Docket 2 at 4.

III. **LEGAL STANDARD**S

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5]  A claim should only be dismissed under Rule 12(b)(6) if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]

IV. **DISCUSSION**

Defendants request dismissal of the various counts against them on several independent grounds. The Court will address each one in the order in which they are presented in Defendants' Motion to Dismiss.

   A.   **The Claims Against Johanson Berenson LLP under 29 U.S.C. § 1132 Are Timely**

Defendants first argue that Count I of the Amended Complaint against Johanson Berenson LLP must be dismissed because it is untimely. Count I is a petition for "appropriate equitable relief" under 29 U.S.C. § 1132(a)(5) (ERISA § 502(a)(5)) against Johanson Berenson LLP for having "knowingly participated in the fiduciary breaches [...] relating to the 2004 transaction."[7]  ERISA

---

[5]   Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6]   Id.

[7]   Docket 26 at 25.

§ 502(a)(5) allows the Secretary of Labor to seek equitable relief against parties who may or may not be fiduciaries of the plan, unlike ERISA § 406, which only authorizes suits against fiduciaries.

According to Defendants, because § 502 does not have its own statute of limitations, the Court must decide what relevant state law statute of limitations should be applied. Defendants propose the one-year (from the date the plaintiff discovers the violation) statute of limitations found in California Code of Civil Procedure § 340.6, which applies to "any action against an attorney for a wrongful act or omission, other than for actual fraud, arising from the performance of professional services."[8] If the Court were to apply this statute of limitations, Count I against Johanson Berenson would be untimely.

However, the fact that § 502 has no statute of limitations of its own does not mean that ERISA provides no statute of limitations applicable to Plaintiff's § 502(a)(5) claims. Plaintiff points to the three-year (from the date the plaintiff discovers the violation) statute of limitations found in ERISA § 413 (29 U.S.C. § 1113) as the applicable time period. ERISA § 413 provides:

---

[8]     Cal. Code Civ. Proc. § 340.6.

No action may be commenced under this title with respect
to a fiduciary's breach of any responsibility, duty, or
obligation under this part, or with respect to a
violation of this part, after the earlier of—

(1) six years after

(A) the date of the last action which constituted a part
of the breach or violation, or

(B) in the case of an omission the latest date on which
the fiduciary could have cured the breach or violation,
or

(2) three years after the earliest date on which the
plaintiff had actual knowledge of the breach or
violation...[9]

The "title" referred to is part four of ERISA, which encompasses 29

U.S.C. §§ 1101 to 1114. Suits brought under § 502(a)(2) for

violations of a fiduciary duty under ERISA § 406 (29 U.S.C. § 1106)

are therefore subject to the statute of limitations in § 413.[10]

In <u>Landwehr v. Dupree</u>, 72 F.3d 726, 731-32 (9th Cir. 1995),

the Ninth Circuit applied the statute of limitations in ERISA § 413

to a § 502 claim for "other appropriate equitable relief" arising

out of a fiduciary breach. In <u>Landwehr</u>, the plaintiffs had brought

suit for fiduciary breach under ERISA § 406, and sought additional

equitable relief under § 502(a)(3) against a non-fiduciary for its

---

[9]     29 U.S.C. 1113.

[10]     See, e.g., <u>Barker v. Am. Mobil Power Corp.</u>, 64 F.3d 1397,
1401 (9th Cir. 1995).

participation in the breach. Notwithstanding the fact that § 502 has no independent statute of limitations, the Ninth Circuit applied the time limit found in § 413.

Subsections (a)(3) and (a)(5) of Section 502 are virtually identical; they differ in that § 502(a)(3) authorizes private plaintiffs to seek "other equitable relief" from non-fiduciaries for violations of ERISA, whereas § 502(a)(5) authorizes the Secretary of Labor to seek such relief. The Court can see no reason why the Ninth Circuit would apply the statute of limitations from § 413 to an 502(a)(3) claim while applying a state law statute of limitations to claim brought under § 502(a)(5).

Defendants attempt to distinguish Landwehr on the basis that Johanson Berenson LLP, unlike the 502(a)(3) defendant in Landwehr, is not a "party in interest" under ERISA. The Court cannot see why this would affect the Court's choice of a limitations period. If there is a cognizable claim under § 502(a)(5) against a party that is neither a fiduciary nor a party in interest (a question which the Court addresses below), then that claim is still based upon "a fiduciary's breach of any responsibility, duty, or obligation" under part four of ERISA, as it was in Landwehr. Therefore, in this case, as in Landwehr, it is § 413 which supplies the statute of limitations.

Defendants also argue that in <u>Landwehr</u>, neither party objected to the application of § 413 to the § 502 claims, and that the application of § 413 therefore has no precedential authority. However, Defendants fail to cite any Ninth Circuit cases in which a state law statute of limitations has been applied to a § 502 action under arising out of a fiduciary breach.[11] Plaintiff's § 502(a)(5) action against Johanson Berenson LLP is "an action 'with respect to a fiduciary's breach of ... duty' and therefore governed by section 1113."[12] Because the action was filed within the three-year statute of limitations found in ERISA § 413, it is therefore timely.

**B.   Johanson Berenson LLP May Be Sued Under § 502(a)(5) for Disgorgement of Fees**

**1.   An entity need not be a "party in interest" in order to be sued under § 502(a)(5)**

Defendants next argue that Johanson Berenson LLP may not be sued under § 502(a)(5) because it is neither a plan fiduciary nor a "party in interest" under ERISA. However, the statutory language of ERISA places no such limits on who may be a defendant to a suit under § 502(a)(5). Indeed, the U.S. Supreme Court held in <u>Harris</u>

---

[11]   See Docket 77 at 10.

[12]   <u>Albert Einstein Medical Care Foundation v. Nat'l Ben. Fund for Hosp. and Health Care Employees</u>, Civ. A. No. 89-5931, 1991 WL 114614, *11, n. 11 (E.D. Pa. Jun. 21, 1991).

<u>Trust v. Salomon Smith Barney</u>, 530 U.S. 238 (2000), that "the Secretary may bring a civil action under § 502(a)(5) against an 'other person' who 'knowing[ly] participat[es]' in a fiduciary's violation."[13] The Court further held that "[t]his § 502(a)(5) action is available notwithstanding the absence of any ERISA provision explicitly imposing a duty upon an 'other person' not to engage in such 'knowing participation.'"[14]

Defendants cite a number of pre-<u>Harris Trust</u> Ninth Circuit cases, such as <u>Nieto v. Ecker</u>, 845 F.2d 868, 874 (9th Cir. 1988), in which the court has extended § 502(a)(3) liability to two classes of defendants, namely fiduciaries and "parties in interest" as defined by 29 U.S.C. § 1002(14)(B). If Ninth Circuit decisions such as <u>Nieto</u> foreclosed any § 502(a)(3) or § 502(a)(5) against defendants outside these two categories, it was only by implication; the Ninth Circuit never made such a prohibition on other defendants explicit.

Regardless, the Supreme Court explicitly stated in <u>Harris Trust</u> that,

> "[w]hile § 502(a)(3) does not authorize 'appropriate equitable relief' at large, but only for the purpose of 'redress[ing any] violations or ... enforc[ing] any

---

[13]   <u>Harris Trust</u> at 248, citing 29 U.S.C. 1132(l).

[14]   <u>Harris Trust</u> at 248.

provisions' of ERISA or an ERISA plan [...], the section admits of no limit (aside from the 'appropriate equitable relief' caveat) on the universe of possible defendants. Indeed, § 502(a)(3) makes no mention at all of which parties may be proper defendants-the focus, instead, is on redressing the 'act or practice which violates any provision of [ERISA Title I].'"[15]

When the Supreme Court states that there is "no limit [...] on the universe of possible defendants" who knowingly participate in a fiduciary's violation, this Court must conclude that "no limit" means "no limit". Therefore, to the extent that Ninth Circuit case law previously limited the universe of § 502(a)(3) or § 502(a)(5) defendants to fiduciaries and parties in interest (the Court is unconvinced that it did so), that case law has been superseded by Harris Trust. Given that Plaintiff has alleged that Johanson Berenson LLP knowingly participated in a fiduciary's breach, Johanson Berenson is therefore a proper defendant under ERISA § 502(a)(5).

**2.  Plaintiff May Seek Disgorgement of Fees Against Johanson Berenson LLP**

Defendants also argue that Plaintiff may not seek disgorgement of legal fees from Johanson Berenson LLP by means of a constructive trust because such fees were not paid out of "plan assets", and that disgorgement therefore is not "appropriate equitable relief"

---

[15]    Harris Trust at 239.

under ERISA § 502(a)(5). It is well established that a plaintiff may not seek compensatory damages under §§ 502(a)(3) or 502(a)(5) because such damages constitute legal, not equitable, relief.[16] Just what does constitute "appropriate equitable relief" for purposes of ERISA is a complicated question that has been the subject of repeated litigation in the Ninth Circuit and the Supreme Court.

The Supreme Court made clear in <u>Harris Trust</u> that a non-fiduciary may be ordered to pay restitution under § 502 only if it is "a transferee of ill-gotten trust assets."[17] The Ninth Circuit held in <u>Mertens v. Hewitt Associates</u>, 948 F.2d 607 (9th Cir. 1991) ("<u>Mertens I</u>"), that because "restitution requires that there be a direct link between the loss complained of and the recovery sought", a non-fiduciary defendant cannot be required to pay restitution for participation in a fiduciary breach unless the defendant is alleged to have received plan assets.[18] The Court reasoned that payment of restitution to the Plan where not plan

---

[16]   See <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248, 262 (1993).

[17]   <u>Harris Trust</u> at 251.

[18]   <u>Mertens v. Hewitt Associates</u>, 948 F.2d 607, 612 (9th Cir. 1991) ("<u>Mertens I</u>") (aff'd on other grounds in <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248 (1993) ("Mertens II")).

assets had been taken would "obliterate the already blurry distinction between restitution and damages at law."[19]

In this case, the fees paid to Johanson Berenson LLP were paid out of the assets of TEOHC, not the Plan. Those funds, at the time they were paid, constituted the "underlying assets" of an "operating company" in which the Plan had an equity interest, and therefore were not "plan assets" as defined under 29 C.F.R. § 2510.3-101(a)(2). Because Johanson Berenson received no plan assets, Defendants request that this Court reject Plaintiff's petition for disgorgement of fees.

In opposition, Plaintiff cites a number of federal court cases in which ERISA defendants have been required to disgorge fees received out of sources other than plan assets as compensation for their participation in a fiduciary breach, including fiduciaries[20] and non-fiduciaries[21] alike. The only binding authority among these

_____

[19]   Id.

[20]   See Docket 56 at 19, citing Patelco Credit Union v. Sahni, 262 F.3d 897, 910-912 (9th Cir. 2001); Chao v. Linder, No. 05 C 3812, 2007 WL 1655254, 15 (N.D. Ill. May 31, 2007) (requiring fiduciary to disgorge to the plan value of motorcycles received as a kickback from third party in violation of ERISA § 406(b)(3)); Brink v. DaLesio, 496 F. Supp. 1350, 1366-67 (D. Md. 1980), aff'd in part and rev'd in part, 667 F.2d 420 (4th Cir. 1982).

[21]   See Docket 56 at 19, citing LeBlanc v. Cahill, 153 F.3d 134, 153 (4th Cir. 1998); Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nat'l Life Ins. Co., No. 03 C 8707, 2006 WL
(continued...)

cases is <u>Patelco Credit Union v. Sahni</u>, 262 F.3d 897 (9th Cir. 2001), in which the Ninth Circuit upheld the disgorgement of third-party kickbacks received by a plan fiduciary in exchange for his participation in a fiduciary breach.[22]

While Defendants concede that <u>Patelco</u> and these other cases demonstrate that a *fiduciary* may be required to disgorge ill-gotten funds that are not taken out of plan assets, they argue that this remedy cannot be applied to non-fiduciaries.[23] This proposed distinction has no apparent basis in statutory or case law.

So far as this Court can tell, the relevant distinction between the cited cases is not whether the defendant is a fiduciary, but rather whether the relief sought by the plaintiff is equivalent to "compensatory damages".[24] In <u>Bast v. Prudential</u>, 150 F.3d 1003, 1011 (9th Cir. 1998), for example, the Ninth Circuit held that even a fiduciary cannot be required to pay restitution to an ERISA plan if the ill-gotten gains were not received out of plan

---

[21](...continued)
2927607 at * 6 (N.D. Ill. Oct. 10, 2006) (allowing claim against nonfiduciary participant in 406(b)(3) violation to disgorge profits from transaction).

[22]     <u>Patelco</u> at 911-12.

[23]     Docket 77 at 16.

[24]     <u>Mertens II</u> at 255.

assets.[25] The plaintiffs in Bast, alleging unjust enrichment, sought to impose a constructive trust upon funds that their health plan administrator had improperly refused to spend on a medical procedure.[26] While noting that "[i]mposition of a constructive trust for breach of a fiduciary duty is an appropriate equitable remedy under ERISA in some cases", the Bast court held that it was improper in that case because transferring non-plan assets to the plaintiffs "would be the equivalent of money damages."[27] The Ninth Circuit upheld the district court's determination that transferring an amount of money equivalent in value to the denied medical procedure would be "the same as really a legal recovery of cost."[28]

This Court must therefore decide whether the relief sought by Plaintiff is factually more like the legal relief unsuccessfully sought in Bast or the equitable disgorgement successfully obtained in Patelco. In this case, Plaintiff does not seek restitution for a loss to the Plan, but rather the disgorgement of ill-gotten profits. "Restitution" and disgorgement of "unjust enrichment" are

---

[25]    See Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1011 (9th Cir. 1998).

[26]    Bast at 1011.

[27]    Id.

[28]    Bast at 1010.

"related concepts", but are not identical.[29] Whereas the purpose of restitution is to "make whole" the "pecuniary loss" of a harmed party, disgorgement is intended to "remedy unjust enrichment of the wrongdoer."[30] These two remedies may have the same result where the defendant has been unjustly enriched by an amount equal to the pecuniary loss suffered by the plaintiff, but that fact alone "does not affect the nature of the disgorgement remedy".[31]

In those cases cited by Defendants in which the Ninth Circuit has characterized a "disgorgement" or "restitution" claim as a petition for damages, the plaintiff sought to be directly paid the amount of restitution or unjust enrichment.[32] Under the equitable remedy of disgorgement, however, because the goal is to prevent unjust enrichment rather than to make the plaintiff whole, the ill-gotten, disgorged profits need not be paid back to the plaintiff in the form of restitution.[33] In the present case, if Johanson Berenson were found to have been unjustly enriched for its participation in

---

[29]   Texas American Oil Corp. v. U.S. Dept. of Energy, 44 F.3d 1557, 1569 (Fed. Cir. 1995).

[30]   Id.

[31]   S.E.C. v. First Pacific Bancorp, 142 F.3d 1186, 1193 (9th Cir. 1998).

[32]   See Mertens I at 612; Bast at 1011-1012; FMC Medical Plan v. Owens, 122 F.3d 1258, 1259 (9th Cir. 1997).

[33]   See S.E.C. v. First Pacific Bancorp, 142 F.3d at 1192.

ORDER DENYING MOTION TO
  DISMISS AT DOCKET 59 - 15

a fiduciary breach, this Court could order the funds repaid to their original owner, TEOHC. This remedy would unquestionably be equitable, as it cannot in any way be characterized as payment of money damages to the Plan.

On a motion to dismiss, "pleadings are to be construed liberally."[34] The amended complaint in this case asks that Johanson Berenson be required to "disgorge any fees received by them in connection with the 2007 transaction."[35] While it is possible to read this as a strictly a request for repayment of these fees in the form of restitution to the Plan, such a reading would likely render the request invalid. The Court will not read the complaint so narrowly when it is perfectly reasonable to read it as a valid request for equitable disgorgement of fees without respect to restitution. The request for disgorgement of fees is valid under ERISA § 502(a)(5).

**C.   Plaintiff's Claim for a Permanent Injunction is Proper**

Defendants next argue that the issuance of a permanent injunction prohibiting them from serving as fiduciaries or service providers to an ERISA plan does not constitute "appropriate equitable relief" under ERISA § 502(a)(5). While there is no

---

[34]    <u>Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California</u>, 790 F.2d 1421, 1426 (9th Cir. 1986).

[35]    Docket 26 at 31.

question that injunctive relief in general is "equitable" in nature and therefore proper under § 502(a)(5), Defendants argue that a permanent injunction goes beyond what Congress intended when it enacted ERISA.

To support this assertion, Defendants look to other provisions of ERISA which concern injunctive relief. Defendant first cites 29 U.S.C. § 1111(a), which prohibits persons convicted of certain felonies from serving as fiduciaries or providing services to an ERISA plan for thirteen years. According to Defendants, this provision evinces Congess' intent to limit injunctive relief under ERISA to a period of thirteen years.

The Court does not read the statute so narrowly. Section 1111 requires an automatic injunction for felons; it is better read as a mandatory minimum rather than a maximum penalty for such offenders. There is no authority to support Defendants' reading of the § 1111.

Defendants also claim that the Secretary's authority to bring suit under ERISA § 502(a)(5)(A) "to enjoin any act or practice which violates any provision of this subchapter" serves as an implied limit upon the injunctive relief which may be sought under § 502(a)(5)(B). The Court does not adopt this view. Section 502(a)(5)(B) authorizes the Secretary "to obtain other appropriate equitable relief (I) to redress such violation [as that spoken of

in § 502(a)(5)(A)] or (ii) to enforce any provision of this subchapter." In other words, Subsection (A) authorizes an injunction against violations of ERISA, while subsection (B) authorizes "equitable relief" to redress such violations or to enforce the provisions of ERISA. Plainly, the Secretary seeks the permanent injunction in this case in order to "redress" an alleged violation of ERISA and to prevent possible future violations of ERISA. In the Court's eye, that is precisely the sort of relief authorized by § 502(a)(5)(B). Again, there is no authority for Defendants' narrow reading.

Indeed, while the Ninth Circuit seems not to have addressed this particular question, the weight of authority in the federal courts is to permit permanent injunctions where appropriate.[36] While expressing no opinion as to whether it would be the preferred remedy in this case based on the facts alleged by Plaintiff, this Court declines to hold that such an injunction is never appropriate under ERISA. In addition, the Court can see no plausible way in which such an injunction would violate either the First Amendment or the principles of federalism, as Defendants claim.

---

[36]    See Reich v. Lancaster, 55 F.3d 1034, 1054 (5th Cir. 1995); Martin v. Feilen, 965 F.2d 660, 672-73 (8th Cir. 1992); Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991) (per curiam); Chao v. Malkani, 216 F. Supp. 2d 505, 518 (D. Md. 2002), aff'd 452 F.3d 290 (4th Cir. 2006); Davis v. Torvick, No. C-93-1343 CW, 1996 WL 266127 at * 7 (N.D. Cal. May 2, 1996).

**D.    David Johanson May Be Held Liable For His Alleged Failure to Monitor.**

Defendants next argue that Plaintiff cannot establish that David Johanson breached his duty to monitor the ESOP trustee, Robert Eddy, with regard to the 2004 transaction. According to Defendants, a fiduciary's duty to monitor consists only of the duty to "review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards."[37] Defendants claim that David Johanson could not have breached this duty because "[t]here is no allegation that a review prior to the 2004 transaction would have resulted in the discovery of any misconduct that would have necessitated Mr. Eddy's removal."[38]

Defendants' argument ignores Plaintiff's allegation that Johanson knew of Eddy's alleged breach, and enabled and participated in that breach, without taking any steps to remedy the breach.[39] Assuming for the purpose of this motion that the allegation is true, there is no need for Plaintiff to establish "that a review prior to the 2004 transaction would have resulted in

---

[37]    Docket 56 at 32, citing In re Calpine Corp., No. C-03-1685, 2005 WL 1431506, at *6 (N.D. Cal. Mar. 31, 2005).

[38]    Docket 56 at 33.

[39]    Docket 25 at 24, ¶¶ 74, 76.

the discovery of any misconduct". A fiduciary with a duty to monitor a trustee is liable for the trustee's fiduciary breach if he "knew or should have known" about the trustee's misconduct and failed to take steps to remedy the situation.[40] Because Plaintiff has alleged that Johanson knew at all times of Eddy's conflict of interest and fiduciary breach and participated in the breach, dismissal of the cause of action for duty to monitor is not warranted.

### E.    Count I Does Not Fail for Lack of Factual Support

Finally, Defendants seek dismissal of Count I of the Amended Complaint, which alleges that Mr. Eddy approved payment for Clair Couturier's shares in TEOHC in excess of the fair market value. Specifically, Defendants argue that the $26 Million in compensation which Mr. Couturier received was not solely for his shares in TEOHC, but rather in exchange for Mr. Couturier's relinquishment of other past compensation agreements.[41] Defendants claim that "the alleged factual predicate for Count I rests upon a gross misstatement of the facts and must be dismissed for that reason."[42]

---

[40]    <u>Henry v. Frontier Industries, Inc.</u>, 863 F.2d 886 (Table), at *4 (9th Cir. 1988) (unpublished decision).

[41]    Docket 56 at 36.

[42]    Docket 56 at 37.

In opposition, Plaintiff offers supporting evidence for Count I in the form of a letter from Eddy to Couturier regarding the sale of Couturier's TEOHC stock, in which Eddy avers that "TEOHC will immediately (on the same day as the distribution occurs) pay $26,000,000 in the aggregate) to repurchase the Company Stock rolled over into your [...] IRAs."[43]  Defendants claim that the letter is "hearsay".[44]  In fact, the letter is an admission of a party-opponent, and therefore not hearsay.[45]  In the Court's view, this letter is sufficient support for the allegations in Count I to withstand a motion to dismiss.

**V.    CONCLUSION**

Plaintiff's complaint was timely filed, and there is authority under ERISA for all claims and requested relief against defendants David Johanson and Johanson Berenson LLP. For the foregoing reasons, Defendants' Motion to Dismiss at **Docket 59** is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 17th day of June, 2009.

/S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[43]    Docket 77, Exhibit 2.

[44]    Docket 93 at 47.

[45]    Fed. R. Evid. 801(d)(2).

ORDER DENYING MOTION TO
  DISMISS AT DOCKET 59 - 21