IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>            Plaintiff,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>            Defendants. | 2:08-cv-02732-RRB-GGH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AT DOCKET 88** |

**I.    INTRODUCTION**

Before the Court is Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, with a Motion at Docket 88 to strike all the affirmative defenses asserted by Defendant Clair Couturier, Jr. in his Answer at Docket 74. Plaintiff brings this motion under Rule 12(f) of the Rules of Civil Procedure, which permits the Court to strike any defense which is insufficient as a matter of law.

Couturier opposes at Docket 101, requesting that this Court deny Plaintiff's Motion or, in the alternative, permit Couturier to amend his Answer to correct any defects in his pleading.

ORDER RE MOTION TO STRIKE AT DOCKET 88 - 1
2:08-CV-02732-RRB-GGH

As the parties are familiar with the facts of this case, the facts will only be cited within this Order insofar as they relate to the Court's ruling.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court, "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." To strike an affirmative defense, the moving party must convince the court "'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"[1] The Ninth Circuit has held that the inclusion of a legally insufficient affirmative defense may result in "prejudice..., delay, delay, and confusion of the issues."[2]

## III. DISCUSSION

Plaintiff asserts that none of Couturier's affirmative defenses are legally sufficient, and that several of them (the 2nd, 4th, 6th, 7th, 8th and 9th defenses) "fail to give the Secretary

---

[1] S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal., 1995), quoting Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 9:381 (1995) .

[2] Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir.) rev'd on other grounds, 510 U.S. 517 (1994).

fair notice of the bases for the defenses asserted."[3] It should be noted that Couturier does not oppose Plaintiff's Motion as it relates to the 2nd and 3rd Affirmative Defenses. Therefore, those affirmative defenses are ordered stricken. The Court will address the sufficiency of the remaining defenses in turn.

    **A.    The First Affirmative Defense is Sufficient**

Plaintiff argues that the First Affirmative Defense, which alleges that this action is barred by the statute of limitations, should be stricken because "this Court has already explicitly rejected a statute of limitations/actual knowledge argument asserted by Couturier in a Motion to Dismiss."[4]

Couturier counters that "[t]he standard on a 12(b)(6) ruling...as to which the Court was required to assume that all facts pled by the Secretary are true, has no bearing on the Secretary's motion to strike this affirmative defense."[5] The Court agrees. Couturier has alleged that the Secretary had "actual knowledge" of the fiduciary breaches alleged in this action prior to the applicable three-year statute of limitations period. This is sufficient to survive a 12(f) motion. If Couturier fails to

---

[3]    Docket 88, Memorandum at 4.

[4]    Docket 88, Memorandum at 6.

[5]    Docket 101 at 6.

discover any evidence to support this allegation, then summary judgment may be appropriate at some future point.

### B. The Fourth Affirmative Defense of Laches Is Barred by ERISA

Plaintiff argues that Couturier's state law defense of laches is inapplicable to an ERISA suit brought by the Secretary. The Court agrees. It is well established that "the doctrine of laches is inapplicable when Congress has provided a statute of limitations to govern the action."[6] Because Congress has already prescribed a statute of limitations for ERISA actions, laches is not a valid defense.

### C. The Fifth Affirmative Defense for Ratification is Legally Insufficient

Couturier's affirmative defense of ratification is not proper because this an action for breach of fiduciary duty, not an action under contract law. As Plaintiff notes, ratification is a legal doctrine which operates to validate an otherwise voidable contract. But "'[a] contract that is void as against public policy or statute cannot be made valid by ratification.'"[7] A contract which violates

---

[6] <u>Miller v. Maxwell's Intern. Inc.</u>, 991 F.2d 583, 586 (9th Cir. 1993).

[7] <u>de la Hoya v. Top Rank, Inc.</u>, No. 00-9230, 2001 WL 34624886, at *4 (C.D. Cal. Feb. 6, 2001), quoting <u>Downey Venture v. LMI Ins. Co.</u>, 66 Cal. App. 4th 478, 511, 78 Cal. Rptr. 2d 142, 162 (1998).

ERISA is "illegal and, therefore, unenforceable."[8] Plaintiff has alleged that the transactions entered into by Couturier were in violation of his fiduciary duty. If those allegations are true, then transactions are void by statute and cannot be rehabilitated by ratification. The ratification defense is therefore invalid.

**D.   The Sixth Affirmative Defense of Waiver is Invalid**

Plaintiff next argues that the affirmative defense of waiver should be stricken because Couturier has failed to allege "any facts that support the defense."[9] Couturier counters that the "waiver theory may be premised either on the Secretary's lengthy delay in bringing the instant action, or on the acts of the ESOP beneficiaries who benefitted from Mr. Couturier's life work and waived any breach of fiduciary duty by retaining the profits from the sale of their ESOP shares."[10]

The Secretary's delay in bringing this suit, so long as it satisfies the statute of limitations, cannot constitute waiver of any cause of action against Couturier. Waiver is "'the intentional relinquishment or abandonment of a known right'"; it is not "'the

---

[8]   M & R Inv. Co., Inc. v. Fitzsimmons, 685 F.2d 283, 287 (9th Cir. 1982).

[9]   Docket 88, Memorandum at 14.

[10]   Docket 101 at 12.

failure to make the timely assertion of [that] right.'"[11] As for Couturier's second proposed basis for a waiver defense, the individual ESOP beneficiaries cannot waive a cause of action on behalf of the Secretary. The waiver defense is therefore invalid.

### E. The Seventh Affirmative Defense of Estoppel Should Be Amended to Specifically Allege Misrepresentation

In order to validly assert an affirmative defense of estoppel against the Secretary, Couturier must show "that the traditional elements of an estoppel are present", including that the Secretary made "a definite misrepresentation of fact" to Couturier with "reason to believe" that he would rely upon it.[12] Couturier must also show that he actually relied on such a misrepresentation.[13]

Couturier has not alleged any such misrepresentation on the Secretary's part, so his pleading is insufficient. However, this is a deficiency which may be remedied by granting Couturier leave to amend his pleading. Therefore, rather than strike the seventh affirmative defense, the Court will grant Couturier's request for leave to amend.

---

[11] U.S. v. Park Place Associates, Ltd., 563 F.3d 907, 921 n. 10 (9th Cir. 2009), quoting United States v. Jacobo Castillo, 496 F.3d 947, 952 n. 1 (9th Cir. 2007) (alteration in original).

[12] Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59 (1984), citing Restatement (Second) of Torts § 894(1) (1979).

[13] Id.

**F.     The Eighth Affirmative Defense of "No Equitable Relief" is Not a Proper Affirmative Defense**

Plaintiff argues that the eight affirmative defense, in which Couturier alleges that "Plaintiff is not entitled to injunctive or other equitable relief as to Mr. Couturier", should be stricken "because it is not an affirmative defense."[14] The Court agrees. Like the second and third affirmative defenses, this defense is merely a restatement of Couturier's denial of liability, or an assertion that the Secretary cannot prove the elements of her claim. Therefore, the eighth affirmative defense should be stricken.

**G.     The Ninth Affirmative Defense of Res Judicata or Collateral Estoppel Should Not be Stricken**

Plaintiff next argues that the affirmative defense of res judicata is legally insufficient because there is no mutuality of parties between this litigation and other related cases.[15] In the Court's opinion, it is too early to know whether collateral estoppel will apply to the present litigation. Mutuality of parties is not an absolute requirement for collateral estoppel, which is a doctrine that is "not to be applied mechanically."[16] Therefore, ruling on the sufficiency of Couturier's collateral estoppel

---

[14]    Docket 110 at 2.

[15]    Docket 88, Memorandum at 18.

[16]    <u>Western Oil and Gas Ass'n v. U.S. E.P.A.</u>, 633 F.2d 803, 809 (9th Cir. 1980).

defense is premature, especially given the fact that no judgment has been rendered in any related litigation as yet.

### H. The Tenth Affirmative Defense of Reservation of Rights Should Be Stricken

Couturier's tenth affirmative defense asserts that "Mr. Couturier reserves the right to amend and supplement his affirmative defenses upon discovery of other or further information regarding the alleged claims."[17] As Plaintiff notes, "To the extent the Tenth Affirmative Defense asserts rights that are already preserved in the Federal Rules, it is redundant."[18] Although this redundant defense is relatively harmless, it serves no real purpose in the litigation and should be stricken.

## IV. CONCLUSION

With regard to Defendant Clair Couturier's Second, Third, Fourth, Fifth Sixth, Eighth, and Tenth Affirmative Defenses, the Secretary of Labor's Motion to Strike at Docket 88 is GRANTED. With regard to the First and Ninth Affirmative Defenses, the Motion is DENIED. With regard to the Seventh Affirmative Defense, the Secretary's Motion is DENIED, and Couturier's Request for Leave to Amend is GRANTED.

ENTERED this 7th day of July, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[17] Docket 74 at 12.

[18] Docket 88, Memorandum at 20.