IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., <u>et al.</u>,<br><br>　　　　Defendants. | Case No. 2:08-cv-02732-RRB-GGH<br><br>**<u>ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT AND ORDER</u>** |

　　　Before the Court is Plaintiff Hilda L. Solis, Secretary of the United States Department of Labor, with a Motion for Entry of a Consent Judgment & Order between the Secretary and Defendant James D. Roorda at Docket 106. The Consent Judgment & Order resolves the Secretary's ERISA claims against Defendant Roorda as set forth in the Secretary's original Complaint and Amended Complaint, and bars the remaining Defendants from seeking contribution or indemnity from Defendant Roorda.

　　　Defendant Clair Couturier, joined by Defendant Robert Eddy, opposes at Docket 122, arguing that the settlement should not be

approved "because it (1) extinguishes independent causes of action, (2) fails to distinguish between causes of action for indemnity and contribution, (3) purports to extinguish claims that are unrecognized by controlling law, and (4) imposes a pro tanto measure of judgment reduction, where other measures would be more appropriate".[1] Defendants also assert that the Court is obligated to hold a hearing to evaluate the fairness of the settlement to the non-settling parties.

The Court finds that the settlement bar is fair to all parties. The settlement bar simply extinguishes any action by a co-defendant for indemnity or contribution relating to the Secretary's complaint. Roorda's co-defendants are not entitled to indemnity or contribution for violations of ERISA, so the settlement bar is reasonable.[2] The Court is satisfied that the settlement bar is not over-broad, as it extinguishes only contribution claims for the non-settling defendants' liability to the Secretary.

The use of a pro tanto set-off is also fair because the various co-defendants are jointly and severally liable for a

---

[1] Docket 122 at 4.

[2] Call v. Sumitomo Bank of California, 881 F.2d 626, 631 (9th Cir. 1989); Kim v. Fujikawa, 871 F.2d 1427, 1432-33 (9th Cir. 1989).

fiduciary breach under ERISA.[3] Couturier cites <u>In re Jiffy Lube Sec. Litig.</u>, 927 F.2d 155 (4th Cir. 1991) for the proposition that, in a settlement providing pro tanto set-off, "'a hearing focusing on fairness of the settlement to the non-settling defendant is required for approval'".[4] However, <u>Jiffy Lube</u> was a securities case, and there is in securities law a statutory right to contribution which is not present in ERISA.[5] There is no authority requiring a fairness hearing, and the Court finds that none is required. The settlement bar order is fair to the non-settling parties and will be signed by the Court. Plaintiff's Motion for Entry of a Consent Judgment & Order between the Secretary and Defendant James D. Roorda at **Docket 106** is **GRANTED.**

       ENTERED this 15th day of July, 2009.

                          S/RALPH R. BEISTLINE
                          UNITED STATES DISTRICT JUDGE

---

[3]     29 U.S.C. § 1109(a).

[4]     Docket 122 at 7, citing <u>Jiffy Lube</u> at 160 n.3.

[5]     <u>Franklin v. Kaypro Corp.</u>, 884 F.2d 1222, 1228 n.10 (9th Cir. 1989).