MICHAEL SCHLOSS, CA Bar No. 134124
ROBERT FURST
MEGAN E. GUENTHER
ROBYN M. SWANSON
U.S. Dept. of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
202-693-5603
202-693-5610 (FAX)
Email: schloss.michael@dol.gov

DANIELLE L. JABERG, CA Bar No. 256653
U.S. Dept. of Labor, Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
415-625-7750
415-625-7772 (FAX)
Email: jaberg.danielle@dol.gov

Attorneys for Plaintiff, Secretary
of the United States Department of Labor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CLAIR R. COUTURIER, JR, *et al.*<br><br>Defendants. | Civil Action No. 2:08-cv-02732-RRB-GGH<br><br>**CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANT JAMES P. ROORDA**<br><br>Honorable Judge Ralph R. Beistline |

Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor ("Secretary"), and Defendant James P. Roorda ("Defendant") have agreed to settle the matters in

controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

*WHEREAS*, the Secretary filed her Complaint against Defendant, among others, on November 13, 2008 and filed her Amended Complaint against Defendant, among others, on December 22, 2008 ("Amended Complaint"), pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended, wherein she alleged that Defendant violated provisions of Title I of ERISA while acting as a fiduciary of The Employee Ownership Holding Company, Inc. Employee Stock Ownership Plan (the "Plan"), which is an employee benefit plan subject to Title I of ERISA;

*WHEREAS*, upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

*WHEREAS*, the Secretary and Defendant have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the Secretary's Amended Complaint;

*WHEREAS*, the Secretary and Defendant represent to the Court that this Consent Judgment & Order is the sole and complete memorialization of the agreement negotiated between them;

*WHEREAS*, the Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims against Defendant alone;

*WHEREAS*, Defendant expressly acknowledges and represents that he has read this Consent Judgment & Order and understands its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this

Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order.

*ACCORDINGLY*, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of this action and is empowered to provide the relief herein.

2. Defendant shall restore to the Plan $83,333 within ten (10) business days following entry by the Court of this Consent Judgment & Order.

3. This Consent Judgment & Order does not in any manner affect the right of the United States Department of Labor, Employee Benefits Security Administration to assess a civil penalty of twenty percent ($16,667) ("Penalty Amount") on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). Defendant does not dispute such assessment and agrees to pay such assessment when due. The Defendant waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within ten days following entry by the Court of this Consent Judgment & Order, Defendant shall pay the Penalty Amount to the U.S. Department of Labor, by sending a certified or cashiers check payable to the United States Department of Labor (please write EBSA Case No. 70-012855(48) on the check) to:

Regular Mail:

    U.S. Department of Labor
    ERISA Civil Penalty
    P.O. Box 70942
    Charlotte, NC 28272-0942

Overnight Courier:

    U.S. Department of Labor
    QLP Wholesale Lockbox - NC0810
    Lockbox # 70942
    1525 West WT Harris Blvd
    Charlotte, NC 28262

4. Within ten (10) business days of the payments set forth in paragraphs 3 and 4, *supra*, Defendant shall provide evidence of payment to the Secretary.

5. Defendant is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan. Specifically, Defendant is herby permanently enjoined and restrained from directly or indirectly, individually or through any entity or any other person:

    (a) serving or acting, for compensation or otherwise, as a fiduciary, service provider, administrator, officer, trustee, custodian, counsel, agent, employee or representative in any capacity to any employee benefit plan covered by ERISA;

    (b) serving or acting, for compensation or otherwise, as a consultant or adviser to any employee benefit plan covered by ERISA or to any entity whose activities are in whole or in part, devoted to providing goods or services to any employee benefit plan covered by ERISA;

    (c) serving or acting, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA; and

(d) selling, promoting, marketing or providing any product or service to, making any recommendation to, or bringing any product, service or investment to the attention of, any employee benefit plan covered by ERISA or to any person acting on behalf of such plan, or facilitating or encouraging any expenditure or investment by any employee benefit plan covered by ERISA.

6. The parties acknowledge Defendant's affiliation with or ownership interest in the following entities ("Affiliated Entities"):

    (i)    Roorda, Piquet & Bessee, Inc.

    (ii)   Independent Financial Advisor, LLC

    (iii)  ProfESOP Group, LLC

Within twenty (20) business days following entry by the Court of this Consent Judgment & Order, Defendant shall cause the Affiliated Entities to put into effect internal policies and procedures to ensure that following entry by the Court of this Consent Judgment & Order Defendant will not personally participate or be involved in any activity or service related or provided to employee benefit plans. Following entry by the Court of this Consent Judgment & Order, Defendant shall not be involved with or participate in any activity or service provided to any employee benefit plan by or through the Affiliated Entities, or any other entity.

7. All of the parties in this litigation and, as applicable, their agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against Defendant arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and

occurrences referred to in the Secretary's Amended Complaint, and the claim seeks to recover from Defendant (i) any amount such person may become liable to pay pursuant to a settlement or judgment in the Secretary's action or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

8. Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against any of the non-settling Defendants arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Amended Complaint, and the claim seeks to recover (i) any amount Defendant has paid pursuant to this Consent Judgment & Order or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

9. Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, are hereby barred from asserting against the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, or any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this matter and any other proceeding or investigation incident thereto.

10. In calculating the amount of the Plan's alleged losses in the Secretary's action against the non-settling Defendants, such alleged losses shall be reduced by $83,333 to reflect the Secretary's settlement with Defendant. Furthermore, the Secretary waives any entitlement to

recover, and shall not recover, an aggregate amount from all of the Defendants in her action that exceeds the total amount of the Plan's alleged losses (including any loss of principal, interest or earnings), as calculated by the Secretary, regardless of whether the basis for recovery from any particular non-settling Defendant is to compensate the Plan for its alleged losses, to compel the disgorgement of unjust earnings, or any other basis. Nothing in this Consent Judgment & Order, however, is intended to otherwise limit the personal, joint and several liability of any non-settling Defendant.

11. Nothing in this Consent Judgment & Order shall be construed as a declaration by the signatories to this Consent Judgment & Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from the Plan, any Plan fiduciary, any person signatory hereto, or the Secretary.

12. In the event that, for any reason whatsoever, the Court declines to approve this Consent Judgment & Order or it is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and (a) the Secretary will be free to pursue all of the claims alleged in her action and to seek all relief prayed for in her action from Defendant, including her claims for non-monetary and monetary relief, (b) Defendant will be free to assert all of his defenses of any kind to the Secretary's claims other than defenses arguing that any part of this Consent Judgment & Order, or any bar order issued pursuant to this Agreement, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary set forth in her action; and, (c) the provisions of this Consent Judgment & Order shall be of no further force or effect and shall not be admissible in evidence in any action pending or filed against Defendant.

1  13.  Provisions of this Consent Judgment & Order requiring notice to the Defendant
shall be satisfied by delivering it in writing to the Defendant in care of:

>   Stephen J. Tully
>   Garrett & Tully
>   4165 E. Thousand Oaks Blvd., Ste. 201
>   Westlake Village, California 91362
>   (805) 446-4141
>   fax: (805) 446-4135

Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied by delivering it in writing to:

>   Regional Director, EBSA
>   San Francisco Regional Office
>   90 7th St, Ste 11-300
>   San Francisco, CA 94103
>   Phone: (415) 625-2481
>   Fax:   (415) 625-2450

with a duplicate delivered to:

>   Associate Solicitor
>   U.S. Department of Labor
>   Office of the Solicitor
>   Plan Benefits Security Division
>   200 Constitution Avenue, N.W., Room N-4611
>   Washington, DC 20210
>   Phone: (202)693-5600
>   Fax:   (202)693-5610

>   and

>   Regional Solicitor
>   U.S. Department of Labor
>   Office of the Solicitor
>   San Francisco Regional Office
>   90 7th Street, Suite 3-700
>   San Francisco, CA 94103
>   Phone: (415) 625-7740
>   Fax:   (415) 625-7772

Delivery shall be made by facsimile transmission or reliable overnight express courier service.

The parties to this Consent Judgment & Order    may, as they deem necessary, change

from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

14. This Consent Judgment & Order constitutes a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's Amended Complaint against the Defendant in this action, and all such claims are hereby released, settled and dismissed with prejudice. Neither the Secretary nor Defendant waives any claims against any other persons. Except as provided herein, the Secretary's claims for monetary and injunctive relief and the Defendant's claims for monetary and equitable relief against any other persons are expressly preserved. Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Defendant who is released as described and the Secretary who is released as described.

15. Defendant and, where applicable, his agents, beneficiaries, representatives, assigns and successors in interest, does hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto. In particular, Defendant expressly waives any and all claims of any nature that he may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

CONSENT JUDGMENT & ORDER – DEFENDANT ROORDA
Civil Action No. 2:08-CV-02732-RRB-GGH

16. The Secretary and Defendant shall bear their own costs, expenses, and attorney's fees in connection with this action and any other proceeding or investigation incident thereto.

17. This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

18. By entering into this Consent Judgment & Order, Defendant represents that he has been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agrees to be bound by its terms.

19. This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

20. This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

SO ORDERED this 14 day of July, 2009

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

//
//
//
//

1  The parties, by themselves or their undersigned Counsel, hereby consent to the entry of
2  this Consent Judgment & Order:

FOR PLAINTIFF
Secretary of Labor

CAROL A. DE DEO
Deputy Solicitor of Labor for National Operations

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

LAWRENCE BREWSTER
Regional Solicitor, San Francisco

DANIELLE L. JABERG
Counsel for ERISA, San Francisco

BY: _____     Date 4/21/09
MICHAEL SCHLOSS
ROBERT FURST
Senior Trial Attorneys
MEGAN GUENTHER
ROBYN SWANSON
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: (202)693-5600
Fax:    (202)693-5610

FOR DEFENDANT JAMES ROORDA:

_____     Date 4-20-09
STEPHEN J. TULLY
Garrett & Tully
4165 E. Thousand Oaks Blvd., Ste. 201
Westlake Village, California 91362
Phone: (805) 446-4141
Fax:    (805) 446-4135

**CONSENT JUDGMENT & ORDER – DEFENDANT ROORDA**
Civil Action No. 2:08-CV-02732-RRB-GGH