IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>        Plaintiff,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>        Defendants. | 2:08-cv-02732-RRB-GGH<br><br>**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AT DOCKET 151</u>** |

## I.  INTRODUCTION

Before the Court is Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, with a motion at Docket 151 to strike the second through thirteenth affirmative defenses asserted by Defendants David R. Johanson and Johanson Berenson LLP (collectively, the "Johanson Defendants") in their Answer to the Secretary's Amended Complaint at Docket 74. Plaintiff brings this motion under Rule 12(f) of the Rules of Civil Procedure, which permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Johanson Defendants oppose at Docket 156, requesting that this Court deny the Secretary's motion or, in the alternative,

permit them to amend their Answer to correct any defects in the pleading.

As the parties are familiar with the facts of this case, the facts will only be cited within this Order insofar as they relate to the Court's ruling.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court, "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." To strike an affirmative defense, the moving party must convince the court "'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"[1] The Ninth Circuit has held that the inclusion of a legally insufficient affirmative defense may result in "prejudice . . . delay, and confusion of the issues."[2]

## III. DISCUSSION

The Secretary asserts the Johanson Defendants' second through thirteenth affirmative defenses are "redundant or legally

---

[1] S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), quoting Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 9:381 (1995).

[2] Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir.) rev'd on other grounds, 510 U.S. 517 (1994).

deficient."[3] The Court will address the sufficiency of each of the challenged defenses in turn.

### A. The Second Affirmative Defense for Lack of Standing and Jurisdiction is Sufficient

The Johanson Defendants' Second Affirmative Defense alleges that the Secretary lacks standing and jurisdiction to sue David Johanson under ERISA because "the alleged conduct of David R. Johanson was not in connection with his status as fiduciary of any ERISA plan and Mr. Johanson did not receive ill gotten plan assets."[4]

The Secretary objects to this defense on the grounds that it simply restates the denial of liability contained within Johanson's answer, making it a redundancy.[5] The Court disagrees. Although this affirmative defense adds nothing by way of factual allegations, it restates the denial of a fiduciary duty as an argument against standing and jurisdiction. Lack of standing is a recognized affirmative defense,[6] and it was therefore proper for Johanson to restate his denial of fiduciary duty as a defense for lack of standing and jurisdiction.

---

[3]     Docket 152 at 2.

[4]     Docket 74 at 18.

[5]     Docket 152 at 5.

[6]     See <u>Kivalina Relocation Planning Committee v. Teck Cominco Alaska, Inc.</u>, 227 F.R.D. 523, 525 (D. Alaska 2004).

**B.   The Third Affirmative Defense for Lack of Standing and Jurisdiction is Legally Insufficient**

The Third Affirmative Defense alleges that the Secretary lacks standing "to sue Johanson Berenson LLP because it is not a proper defendant under ERISA as a Johanson Berenson is not a party in interest that received ill gotten plan assets nor an ERISA fiduciary."[7] As the Secretary correctly notes, this Court has already rejected this argument in its ruling on the Johanson Defendants' Motion to Dismiss.[8] The Court decided that Johanson Berenson LLP need not be a party in interest or fiduciary, nor have received plan assets in order to be a proper defendant under ERISA. The Third Affirmative Defense should therefore be stricken.

**C.   The Fourth Affirmative Defense for Failure to Join an Indispensable Party is Legally Insufficient**

The Fourth Affirmative Defense alleges that this action is barred by Rule 19 of the Rules of Civil Procedure due to the dismissal of an indispensable party, namely the independent fiduciary David Heald and Consulting Fiduciaries, Inc. ("CFI").[9] Specifically, the Johanson Defendants claim that "the actions asserted by Plaintiff in the Amended Complaint with respect to the

---

[7]   Docket 74 at 18.

[8]   Docket 133 at 10.

[9]   Docket 74 at 18.

2007 Transaction [...] cannot be adjudicated without the participation of the Independent Fiduciary that approved the 2007 transaction."[10]

Rule 19 addresses joinder of indispensable parties. It provides, in part, that a person:

> [S]hall be joined as a party . . . if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[11]

The Johanson Defendants do not argue that the dismissed parties have an interest in this litigation as defined by Rule 19(a)(1)(B), but rather that complete relief cannot be accorded among the existing parties without the presence of Heald and CFI as set forth in Rule 19(a)(1)(A).

The Court finds that neither Heald nor CFI are indispensable parties. As the Supreme Court noted in Temple v. Synthes Corp., Ltd., 498 U.S. 5 (1990), "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."[12] The Ninth Circuit has held that ERISA fiduciaries

---

[10] Docket 74 at 18.

[11] See Fed. R. Civ. P. 19(a).

[12] 498 U.S. at 7.

have "an affirmative duty to prevent other fiduciaries from breaching their duties for which they are jointly and severally liable."[13] With regard to the 2007 transaction, the Secretary has alleged the following:

> [Defendants] Eddy, Couturier, Johanson, Heald and Consulting Fiduciaries, Inc., each (a) participated in each other's breach of duty, (b) enabled the other fiduciaries of the ESOP to breach their own duties relating to the 2007 transaction, (c) knew or should have known of one another's breaches of fiduciary duty and failed to take action regarding the 2007 transaction, and (d) failed to make reasonable efforts under the circumstances to remedy those breaches of duty. Accordingly, Eddy, Couturier, Johanson, Heald and Consulting Fiduciaries, Inc. are each liable as a co-fiduciary for the losses caused thereby.[14]

Therefore, in this action it is alleged that Johanson is jointly and severally liable for the ERISA violations of his co-fiduciaries. These claims, whether or not they can be proven, are valid under ERISA. The Supreme Court specifically held in Temple v. Synthes that "potential joint tortfeasors" are "merely permissive parties" rather than indispensable parties to a suit.[15] Both Heald and CFI are potential joint tortfeasors in this case and they are therefore permissive and not indispensable parties.

---

[13]   Stewart v. Thorpe Holding Co. Profit Sharing Plan, 207 F.3d 1143, 1157 (9 th Cir. 2000) (citations omitted).

[14]   Amended Complaint, Docket 26, ¶ 85.

[15]   498 U.S. at 8.

The Johanson Defendants argue that "Rule 19 [...] requires joinder of a party if complete relief cannot be accorded by those already parties," and that therefore joinder is necessary in this case because "any losses caused by CFI and Heald cannot be recovered from David R. Johanson on a joint and several liability theory."[16] The argument that Johanson cannot in any way be held jointly liable for losses caused by Heald and CFI is incorrect. If the Secretary is able to prove her allegations that Johanson was an ERISA fiduciary who knew or should have known about Heald and CFI's breaches without taking steps to prevent them, then he may be held jointly liable for losses resulting therefrom.[17]

Johanson also argues that the question of whether complete relief can be granted in the absence of Heald or CFI is "a factual determination that cannot be resolved at this stage in the litigation."[18] Of course, the Court agrees that it is too early in the litigation to know whether Johanson will be held liable for any breaches by the dismissed parties. But Johanson would have this Court adopt the position that, so long as the possibility exists that Johanson is not liable for Heald and CFI's alleged breaches,

---

[16]   Docket 156 at 10.

[17]   <u>Stewart</u> at 1157.

[18]   Docket 156 at 10.

then there remains the possibility that Heald and CFI are indispensable parties.

The Supreme Court's holding in <u>Temple v. Synthes Corp., Ltd.</u> precludes such an argument. In <u>Temple</u>, the plaintiff had sued a medical device manufacturer when the device broke while inside his body.[19] Upon the defendant's motion, the district court dismissed the case for failure to join as indispensable parties either the surgeon who implanted the device or the hospital where the surgery took place.[20]

The Supreme Court reversed the dismissal on the grounds that "potential joint tortfeasors" are "merely permissive" and not indispensable parties under Rule 19.[21] In <u>Temple</u> as in this case, it was possible that a finder of fact could eventually conclude that the defendant was not jointly liable with the unjoined parties (i.e., that the doctor or hospital was at fault and not the manufacturer). Hence the Court's use of the phrase "*potential* joint tortfeasors."[22] Yet the mere possibility of such a finding was insufficient to make the unjoined parties indispensable.

---

[19]    <u>Temple</u> at 5-6.

[20]    <u>Temple</u> at 6.

[21]    <u>Temple</u> at 8.

[22]    <u>Temple</u> at 8 (emphasis added).

It seems obvious to this Court that if a "potential joint tortfeasor[]" is not an indispensable party at the outset of litigation, it does not become such simply because the defendant's joint liability might be disproved at a later date. The Court's position is consistent with the commonly accepted principle that it is best to decide a defense of failure to join an indispensable party promptly after it has been raised rather than at trial.[23] Therefore, the Fourth Affirmative Defense for Failure to Join an Indispensable Party should be stricken.

### D. The Fifth Affirmative Defense Based on the Business Judgment Rule is Invalid

The Johanson Defendants' Fifth Affirmative Defense argues that the Secretary's claims as to David Johanson are barred in whole or in part by the "business judgment rule."[24] The Secretary argues that this defense should be stricken because the business judgment rule is a state law doctrine which cannot serve as a defense to a violation of ERISA.[25] The Court agrees.

The Ninth Circuit held in Donovan v. Mazzola, 716 F.2d 1226 (9th Cir. 1983), that the business judgment rule is not the appropriate standard for assessing fiduciary liability under ERISA, which imposes higher and more specific duties on ERISA fiduciaries

---

[23]   61A Am. Jur. 2d Pleading § 447.

[24]   Docket 74 at 18.

[25]   Docket 152 at 13.

than what the business judgment rule requires.[26] Johanson reads the <u>Mazzola</u> decision as applying only to ERISA fiduciaries and argues that the business judgment rule may still supply him with an affirmative defense if he is found to have violated ERISA in a non-fiduciary capacity.[27]

In the Court's view, this is a distinction without a difference. The Secretary's claims are grounded in ERISA, a federal law. To the extent that the business judgment rule serves to abrogate the defendants' liability under ERISA, it is in direct conflict with federal law, and "[i]n the face of [a] direct clash between state law and the provisions and objectives of ERISA, the state law cannot stand."[28] Therefore, the Fifth Affirmative Defense based on the business judgment rule should be stricken.

**E. The Sixth, Ninth, Tenth, Twelfth, and Thirteenth Affirmative Defenses are Not Proper Affirmative Defenses**

Johanson Defendants' Sixth Affirmative Defense claims that "[t]he claimed losses to the ESOP were caused solely by the breaches of third parties . . ., which breaches occurred without the knowledge of Johanson Berenson LLP or David R. Johanson."[29] The

---

[26]  <u>Mazzola</u> at 1231-32.

[27]  Docket 156 at 11-12.

[28]  <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1078 (9th Cir. 2009) (quoting <u>Boggs v. Boggs</u>, U.S. 833, 844 (1997)).

[29]  Docket 74 at 18.

Court agrees with the Secretary that this defense simply restates the Johanson Defendants' denial of liability, and is therefore redundant and not a proper affirmative defense. An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."[30] That plainly is not the case with the Sixth Affirmative Defense. The Secretary has alleged that the Johanson Defendants had knowledge of the breaches of others and participated in those breaches. If the allegations in the Secretary's complaint are true, then there is nothing left of this defense. It is redundant and legally insufficient. It should therefore be stricken.

The same is true of the Ninth, Tenth, and Twelfth Affirmative Defenses. The Ninth Affirmative Defense posits that David Johanson had no duty to prevent the improper actions of others as alleged in the complaint.[31] The Tenth Affirmative Defense asserts that neither of the Johanson Defendants received plan assets or ill-gotten gains which might be the subject of restitution or disgorgement.[32] The Twelfth Affirmative Defense is an assertion that neither of the Johanson Defendants engaged in a prohibited transaction.[33] All of

---

[30] Black's Law Dictionary 451 (8th ed. 2004).

[31] Docket 74 at 19.

[32] Docket 74 at 19.

[33] Docket 74 at 20.

these defenses are simply denials of elements of the Secretary's case-in-chief and add nothing of substance to the litigation. They should therefore be stricken.

Likewise, the Thirteenth Affirmative Defense of "Detrimental Reliance" does not amount to an affirmative defense. The Johanson Defendants claim that they relied on the advice of a number of other parties with regard to the 2004 and 2007 transactions at issue in this case. As the Ninth Circuit held in Howard v. Shay, 100 F.3d 1484 (9th Cir. 1996),

> Although securing an independent assessment from a financial advisor or legal counsel is evidence of a thorough investigation, [...] it is not a complete defense to a charge of imprudence. [...] The fiduciary must (1) investigate the expert's qualifications, [...] (2) provide the expert with complete and accurate information, [...] and (3) make certain that reliance on the expert's advice is reasonably justified under the circumstances.[34]

At trial, the Johanson Defendants are certainly free to prove the prudence of their actions by submitting evidence of their reasonable reliance on the advice of others. Nonetheless, there is no such thing as a "detrimental reliance" defense to fiduciary liability under ERISA. This defense should therefore also be stricken.

---

[34] 100 F.3d at 1489 (citations omitted).

**F.    The Seventh Affirmative Defense for "Violation of Due Process" is Legally Insufficient**

The Johanson Defendants' Seventh Affirmative Defense actually makes three distinct arguments. The first is that the permanent injunction sought against the Johanson Defendants to prevent them from serving as ERISA fiduciaries is beyond the scope of available relief under ERISA, an argument which the Court has already specifically rejected in its Order at Docket 133.[35] The second argument is that such an injunction would violate the First Amendment, an assertion that the Court has likewise rejected previously.[36]

The third argument made in the Seventh Affirmative Defense is that such an injunction would violate due process.[37] The Court is unsure what to make of this defense. The Johanson Defendants do not argue that a permanent injunction is always a violation of due process, but rather that an injunction would violate the Fifth Amendment in this case if imposed without the requisite due process guarantees.[38] This is a circular argument, i.e., that an injunction would violate due process if the Court fails to ensure that due

---

[35]    Docket 133 at 18.

[36]    Docket 133 at 18.

[37]    Docket 76 at 19.

[38]    Docket 156 at 12-13.

process is followed. It is speculative and adds nothing to the litigation. It should be stricken as immaterial.

### G.  The Eighth Affirmative Defense of Res Judicata or Collateral Estoppel Should Not be Stricken

The Secretary argues that the Eighth Affirmative Defense of res judicata is legally insufficient because there is no mutuality of parties between this litigation and other related cases.[39] In the Court's opinion, it is too early to know whether collateral estoppel will apply to the present litigation. Mutuality of parties is not an absolute requirement for collateral estoppel, which is a doctrine that is "not to be applied mechanically."[40] Therefore, ruling on the sufficiency of the Johanson Defendants' collateral estoppel defense is premature, especially given the fact that no judgment has been rendered in any related litigation as yet.

### H.  The Eleventh Affirmative Defense of "No Right to Disgorgement" is Immaterial

Finally, the Eleventh Affirmative Defense claims that "the fees charged by Johanson Berenson LLP were not unreasonable and thus no fees can be disgorged."[41] However, the "reasonableness" of the fees charged by Johanson Berenson is immaterial. If Johanson Berenson participated in a violation of ERISA and profited thereby

---

[39]   Docket 152 at 17.

[40]   Western Oil and Gas Ass'n v. U.S. E.P.A., 633 F.2d 803, 809 (9th Cir. 1980).

[41]   Docket 76 at 19.

as alleged by the Secretary, then disgorgement of legal fees received in conjunction with its participation in that breach is an appropriate equitable remedy under ERISA.[42] This would be true even if the fees charged were "reasonable".[43] The Eleventh Affirmative Defense is immaterial and should be stricken.

## IV. CONCLUSION

For the foregoing reasons, the Secretary's Motion to Strike the Johanson Defendants' Affirmative Defenses at **Docket 151** is **GRANTED in part and DENIED in part**. With regard to the **Second and Eighth Affirmative Defenses**, the Secretary's Motion is **DENIED**. With Regard to the **Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses**, the Motion in **GRANTED**.

**IT IS SO ORDERED.**

ENTERED this 16th day of September, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[42] See Greenwood Mills, Inc. v. Burris, 130 F. Supp. 2d 949 (M.D. Tenn., 2001).

[43] The Court does not address the question of whether there can ever be "reasonable" fees charged by a law firm which participates in an ERISA violation.