IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor, <br><br>         Plaintiff, <br> vs. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br>         Defendants. | 2:08-cv-02732-RRB-GGH <br><br> **ORDER TO SHOW CAUSE** |

Before the Court is the Secretary of Labor with a Motion to Appoint an Independent Fiduciary at Docket 120. The Secretary moves to replace Defendant Robert Eddy as trustee of The Employee Ownership Holding Corporation, Inc.'s Employee Stock Ownership Plan ("the Plan"). The Secretary requests that Fiduciary Counselors, Inc. ("FCI") be appointed to replace Eddy in his capacity as trustee, upon court approval of the final settlement and proposed Consent Judgment & Order regarding Eddy. Eddy's resignation as trustee is a condition of the consent judgment.

TEOHC and the Plan oppose the appointment of FCI, arguing that FCI's proposed fee for serving as trustee is too high, and that the work required is simple and can be accomplished for much

1

less money. Specifically, TEOHC and the Plan assert that "services of fiduciary consultants are readily available on an hourly basis or on a fixed fee basis substantially lower and more flexible than those presented in the DOL's motion."[1] The Secretary argues in reply that "TEOHC and the TEOHC ESOP have not proposed a viable alternative to the appointment of FCI."[2]

The Court agrees with TEOHC and the Plan that FCI's fee does seem very high for what should be a relatively minimal amount of work. FCI proposes to charge $150,000 up front for its services, and $30,000 a quarter after the first year, in addition to other fees and costs.[3] The Court is unwilling to take any action which unnecessarily depletes the finite settlement funds. However, as the Secretary notes, TEOHC and the Plan have only vaguely hinted at what alternative the Court might have if it does not wish to appoint FCI.

In the absence of any better and more cost-effective alternative, the Court would be inclined to appoint FCI. Therefore, TEOHC and the Plan are hereby ORDERED TO SHOW CAUSE why FCI should not be appointed as independent fiduciary. The Court would like to know about specific parties that might be appointed as a trustee or independent fiduciary, and what their

---

[1]     Docket 184 at 6.

[2]     Docket 190 at 3.

[3]     Docket 181, Exhibit 1 at 7.

services would cost. Suggestions for alternative trustees or independent fiduciaries must be made to the Court by February 23, 2010.

IT IS SO ORDERED

ENTERED this 8th day of February, 2010


/s/RRB
The Honorable Ralph R. Beistline
United States District Court Judge