1  MICHAEL SCHLOSS, CA Bar No. 134124
   ROBERT FURST
2  MEGAN E. GUENTHER
3  ROBYN M. SWANSON
   U.S. Dept. of Labor, Office of the Solicitor
4  Plan Benefits Security Division
   P.O. Box 1914
5  Washington, D.C. 20013
6  202-693-5603
   202-693-5610 (FAX)
7  Email: schloss.michael@dol.gov

8  DANIELLE L. JABERG, CA Bar No. 256653
9  U.S. Dept. of Labor, Office of the Solicitor
   90 7th Street, Suite 3-700
10 San Francisco, CA 94103
   415-625-7750
11 415-625-7772 (FAX)
12 Email: jaberg.danielle@dol.gov

13 Attorneys for Plaintiff, Secretary
14 of the United States Department of Labor

15                    UNITED STATES DISTRICT COURT
16                  EASTERN DISTRICT OF CALIFORNIA
17                       SACRAMENTO DIVISION

18

| HILDA L. SOLIS, Secretary of the United States Department of Labor, | Civil Action No. 2:08-cv-02732-RRB-GGH |
|---|---|
| Plaintiff, | **CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANT ROBERT E. EDDY** |
| v. | |
| CLAIR R. COUTURIER, JR, *et al.* | |
| Defendants. | Honorable Judge Ralph R. Beistline |

26      Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor

27 ("Secretary"), and Defendant Robert E. Eddy ("Settling Defendant") have agreed to settle the

                                                                                  1

matters in controversy in this civil action and consent to the Court's approval of this Consent Judgment & Order in accordance herewith:

*WHEREAS,* the Secretary filed her Complaint against Settling Defendant, among others, on November 13, 2008 and filed her Amended Complaint against Settling Defendant, among others, on December 22, 2008 ("Amended Complaint"), pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended, wherein she alleged that Settling Defendant violated provisions of Title I of ERISA while acting as a fiduciary to the The Employee Ownership Holding Company, Inc. Employee Stock Ownership Plan (the "TEOHC ESOP"), which is an employee benefit plan subject to Title I of ERISA;

*WHEREAS,* the Secretary is also investigating and considering filing additional complaints against Settling Defendant in connection with other matters including, but not limited to the:

- JBM Employee Stock Ownership Plan,
- JBM Eligible Individual Account Plan,
- DirecTECH Employee Stock Ownership Plan,
- Comm-Craft Employee Stock Ownership Plan,
- DirecTECH Southwest Employee Stock Ownership Plan,
- Michigan Microtech Employee Stock Ownership Plan,
- DirecTECH Holding Company Employee Stock Ownership Plan,
- DirecTECH Holding Company Eligible Individual Account Plan,
- Bruister and Associates Employee Stock Ownership Plan,
- Bruister and Associates Eligible Individual Account Plan,

2

1          • Digital Satellite Services ESOP, and the

2          • Digital Satellite Services Eligible Individual Account Plan.

3

4     *WHEREAS,* upon consideration of the record, and as agreed to by the parties, the Court

5     finds that it has jurisdiction over the parties and the subject matter of this civil action;

6     *WHEREAS,* the Secretary and Settling Defendant have negotiated an agreement to settle

7     all claims and issues between them arising from the matters alleged in the Secretary's Amended

8     Complaint;

9

10    *WHEREAS,* the Secretary and Settling Defendant represent to the Court that this Consent

11    Judgment & Order is the sole and complete memorialization of the agreement negotiated

12    between them;

13    *WHEREAS,* in order to settle the Secretary's action, Solis v. Couturier, 2:08-cv-02732-

14    RRB-GGH (E.D. Cal.), Settling Defendant and the other Defendants in the Secretary's action

15
16    have agreed to a global settlement of the Secretary's action, Solis v. Couturier, 2:08-cv-02732-

17    RRB-GGH (E.D. Cal.), and the "Johnson Actions" (Johnson v. Couturier, 05-cv-02046-RRB-

18    GGH (E.D. Cal.) and Stanton v. Couturier, 07-cv-01208-WBS-JFM (E.D. Cal.)), which will

19    include combined payments by themselves or by their insurers of amounts totaling eight million

20
21    dollars ($8,000,000), of which three million five hundred thousand dollars ($3,500,000) will be

22    paid on behalf of Settling Defendant and Defendant Couturier pursuant to a policy of insurance

23    issued by RSUI Group, Inc. ("RSUI"), to a settlement fund for the benefit of the TEOHC ESOP's

24    participants and beneficiaries (which amount the Defendants agree shall be treated as the

25    "applicable recovery amount" for purposes of ERISA § 502(l), 29 U.S.C. § 1132(l), in

26
27    connection with the settlement of this action).

28    *WHEREAS,* in order to settle the Secretary's action, Settling Defendant and the other

3

Defendants in the Secretary's action, Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.),
have agreed to a global settlement of the Secretary's action and the Johnson Actions, which will
include combined payments by themselves or by their insurers of amounts totaling eight hundred
thousand dollars ($800,000), of which three hundred and fifty thousand dollars ($350,000) will
be paid on behalf of Settling Defendant and Defendant Couturier by their insurer RSUI, to a
settlement fund and which amount the Settling Defendant and other Defendants agree shall be
paid to the Secretary in satisfaction of her claims under ERISA § 502(l) in connection with the
settlement of this action;

WHEREAS, the foregoing amounts which Settling Defendant and the other Defendants in
the Secretary's action have agreed will be paid to a settlement fund to settle the Secretary's action
and their obligations under ERISA § 502(l) are comprised of (a) three million seven hundred and
fifty thousand dollars ($3,750,000) paid by Defendant Couturier, (b) three million eight hundred
and fifty thousand dollars ($3,850,000) paid pursuant to a policy of insurance issued by RSUI on
behalf of Settling Defendant and Defendant Couturier, and (c) one million two hundred thousand
dollars ($1,200,000) paid by Defendant Johanson;

WHEREAS, the Secretary has entered into separate consent judgments and orders with
Defendants Couturier, Johanson, and Johanson Berenson LLP, which the Secretary is filing
concurrently with this Consent Judgment & Order, to resolve the Secretary's claims for monetary
and injunctive relief against those Defendants in this action through the payment of the amounts
described above and through the injunctive relief described in those consent judgments and
orders;

WHEREAS, the Secretary and Defendant Couturier have agreed that Defendant Couturier
will effect the transfer of certain property known as the Palm Desert Property pursuant to

4

conditions described in the separate consent judgment and order between the Secretary and Defendant Couturier to The Employee Ownership Holding Company, Inc. ("TEOHC") and have agreed that the net amount paid into the settlement fund upon final liquidation of that property shall be divided into two amounts, one of which shall be deemed as an "applicable recovery amount" for purposes of ERISA § 502(l) and the other amount which shall be sufficient to satisfy the Secretary's claims under ERISA § 502(l) in connection with that applicable recovery amount;

*WHEREAS,* concurrently with their agreements with the Secretary, the Defendants in this action, including Settling Defendant, have also entered into a Settlement Agreement with the named plaintiffs in the "Johnson Actions" (Johnson v. Couturier, 05-cv-02046-RRB-GGH and Stanton v. Couturier, 07-cv-01208-WBS-JFM) (hereinafter "the Settlement Agreement") which calls for the establishment of a settlement fund entitled the "Qualified Settlement Fund" in the Settlement Agreement and which settlement fund the Secretary agrees may be used in connection with the settlement of her action;

*WHEREAS,* the amounts in TEOHC and the TEOHC ESOP's own accounts shall not be deposited into the Qualified Settlement Fund and none of the disbursements from the Qualified Settlement Fund described in paragraph 8 of the Settlement Agreement shall be made from TEOHC or the TEOHC ESOP's existing assets, but the amounts in the accounts of TEOHC and the TEOHC ESOP shall be distributed in the manner outlined in the plan of allocation filed concurrently with the Settlement Agreement in the Johnson Actions;

*WHEREAS,* Plaintiffs in the Johnson Actions have filed or intend to file a motion for a judicial fairness settlement determination with respect to the Settlement Agreement between themselves, Settling Defendant and others, and to provide all affected participants of the TEOHC

5

ESOP with notice and an opportunity to object and be heard in connection with the Court's consideration of the Settlement Agreement;

*WHEREAS,* the Secretary is not a party to the Settlement Agreement, and the Settlement Agreement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of her claims for any type of remedy, monetary or non-monetary, against any defendant, although this Consent Judgment & Order does release claims as to the Settling Defendant, as described in paragraphs 17 through 19;

*WHEREAS,* the Secretary and Settling Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the Court's approval of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims in this action against Settling Defendant alone;

*WHEREAS,* Settling Defendant expressly acknowledges and represents that he has read this Consent Judgment & Order and understands its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order.

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.      The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of this action and is empowered to provide the relief herein.

2.      Settling Defendant shall cause the payment by RSUI of three million eight hundred fifty thousand dollars ($3,850,000) as required by this Consent Judgment & Order and the Settlement Agreement in the Johnson Actions to be deposited to the Qualified Settlement

6

1 Fund no later than two (2) business days after entry of the Judgment contemplated under the

2 Settlement Agreement;

3     3.    The Settlement Agreement contains the following language:

        [8.3.1] Within ten (10) days following payment of the amounts required

        by Paragraphs 3.1 through 3.3 above, but in any event only after the

        *Judgment* [pursuant to the Settlement Agreement] is *Final*, the

        *Administrator* shall cause to be paid eight hundred thousand and no/100

        Dollars ($800,000) to the United States Department of Labor to partially

        resolve claims under ERISA § 502(l), 29 U.S.C. § 1132(l) in Solis v.

        Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.).

            [8.4] Within ten (10) days following receipt of amounts deposited as

            proceeds of the sale of the *Palm Desert Property* into the Settlement Fund

            as described in Paragraph 3.7 above, but in any event only after the

            *Judgment* is *Final*, the *Administrator* shall cause to be paid one-eleventh

            of the amount so deposited to the United States Department of Labor to

            partially resolve the claims under ERISA Section 502(l) in Solis v.

            Couturier, 2:08-cv-02732-RRB-GGH (E.D.Cal.).

            [8.4.1]   The payments described in Paragraphs 8.3.1 and 8.4 shall be

            remitted as follows:

            If using the regular mail, the payments will be sent to:

            U.S. Department of Labor
            ERISA Civil Penalty
            P.O. Box 70942
            Charlotte, NC 28272-0942

            If using express mail, the payments will be sent to:

7

U.S. Department of Labor
QLP Wholesale Lockbox - NC0810
Lockbox # 70942
1525 West WT Harris Blvd
Charlotte, NC 28262

[8.5] Within ten (10) days following each payment required by Paragraphs

8.3.1 and 8.4 above, the *Administrator* will provide written evidence of

payment of such amounts to:

Regional Director, EBSA
San Francisco Regional Office
90 7th Street, Suite 11-300
San Francisco, CA 94103
Phone: (415) 625-2481
Fax:    (415) 625-2450

With a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue N.W., Room N-4611
Washington, DC 20210
Phone: (202) 693-5600
Fax:    (202) 693-5610

and

Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
San Francisco Regional Office
90 7th Street, Suite 3-700
San Francisco, CA 94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

[11.1] Notwithstanding anything else in this *Settlement Agreement*, this

*Settlement Agreement* does not waive, release, or interfere with the

8

1  independent right of the Secretary of the United States Department of

2  Labor to bring claims against any person or entity otherwise released by

3  this *Settlement Agreement*. Nothing in this *Settlement Agreement* or the

4  *Final Judgment* shall release, interfere with, qualify, or bar the prosecution

5

6  of claims by the Secretary for any type of remedy, monetary or non-

7  monetary, without her specific written consent. This paragraph shall

8  supersede and control over any contrary, inconsistent, or ambiguous

9  provisions contained in this *Settlement Agreement*. This paragraph

10

11  does not affect the releases contained in the Consent Judgment and Order

12  in the *DOL Action.*

13  [11.2] *TEOHC*'s assets and the *ESOP*'s account shall not be deposited into

14  the *Settlement Fund* and none of the disbursements from the *Settlement*

15

16  *Fund* described in paragraph 8 of this *Settlement Agreement* shall be made

17  from *TEOHC* or the *ESOP*'s existing assets described in this paragraph.

18  After *TEOHC*'s satisfaction of its obligations and completion of the final

19  liquidation of *TEOHC*, the remaining assets of *TEOHC* and the *ESOP*

20  will be distributed to *ESOP* participants in accordance with the provisions

21

22  of the *ESOP*.

23  4.      In the event that, for any reason whatsoever, (a) the terms of the Settlement

24  Agreement in the Johnson Actions required by paragraph 3 of this Consent Judgment & Order

25  are not included in the document finally filed with the Court, (b) the amounts specified in

26  paragraph 2 above are not deposited into the Qualified Settlement Fund described in the

27

28  Settlement Agreement, (c) the amounts specified to be paid into the Qualified Settlement Fund

9

pursuant to the Secretary's separate consent judgments and orders with Defendants Couturier, Johanson, and Johanson Berenson LLP are not deposited into the Qualified Settlement Fund as described in those consent judgments and orders or the transfer of property described in the Secretary's separate consent judgment and order with Defendant Couturier does not occur, (d) the amounts held in TEOHC's or the TEOHC ESOP's existing accounts are deposited into the Qualified Settlement Fund established by the Settlement Agreement in the <u>Johnson</u> Actions or are included in the disbursements described in paragraph 8 of that Settlement Agreement, (e) this Court declines to approve this Consent Judgment & Order, or either of the Secretary's separate consent judgments and orders with Defendants Couturier, Johanson and Johanson Berenson LLP, or the Settlement Agreement in whole or part, or (f) an order approving this Consent Judgment & Order, or either of the Secretary's separate consent judgments and orders with Defendants Couturier, Johanson and Johanson Berenson LLP, or the Settlement Agreement is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and vacated by the Court. In the event that this Consent Judgment & Order becomes null and void, then: (a) the Secretary will be free to pursue all of the claims alleged in her Amended Complaint or any amendment of that Complaint and to seek all relief prayed for in her Complaint or any Amended Complaints against Settling Defendant, including her claims for non-monetary and monetary relief, (b) Settling Defendant will be free to assert all of his defenses of any kind to the Secretary's claims other than defenses arguing that any part of the Settlement Agreement, or any bar order issued pursuant to that Agreement, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary set forth in her Complaint or any amended Complaint; and (c) other than as set forth in subpart (b) of this paragraph, the provisions of this Consent Judgment & Order shall be of no

10

1  further force or effect and shall not be admissible in evidence in any action pending or filed

2  against Settling Defendant.

3  5. Settling Defendant is, upon approval of this Consent Judgment & Order by the

4
5  Court, hereby enjoined and restrained from future service as a fiduciary of, or service provider

6  to, any ERISA-covered employee benefit plan for a period of ten (10) years from the date upon

7  which this Consent Judgment and Order is entered by the Court. Specifically, Settling Defendant

8  is hereby immediately enjoined and restrained for a period of ten (10) years from the date upon

9
10  which this Consent Judgment and Order is entered by the Court from directly or indirectly,

11  individually or through any entity or any other person:

12               (a)      serving or acting, for compensation or otherwise, as a fiduciary, service

13                        provider, administrator, officer, trustee, custodian, counsel, agent,

14                        employee or representative in any capacity to any employee benefit plan

15                        covered by ERISA;
16

17               (b)      serving or acting, for compensation or otherwise, as a consultant or

18                        adviser to any employee benefit plan covered by ERISA or in connection

19                        with any matter involving an employee benefit plan;

20               (c)      serving or acting, for compensation or otherwise, in any capacity that
21
22                        involves decision making authority or custody or control of the monies,

23                        funds, assets or property of any employee benefit plan covered by ERISA;

24                        and,

25               (d)      selling, promoting, marketing or providing any product or service to,
26
                         making any recommendation to, or bringing any product, service or
27
28                        investment to the attention of, any employee benefit plan covered by

11

ERISA or to any person acting on behalf of such plan, or facilitating or

encouraging any expenditure or investment by any employee benefit plan

covered by ERISA.

6.     Within seven (7) days of approval of this Consent Judgment & Order by the

Court, Settling Defendant shall resign from any position or responsibilities he has in which he

acts as a fiduciary and/or service provider to the:

- TEOHC ESOP,

- JBM Employee Stock Ownership Plan,

- JBM Eligible Individual Account Plan,

- DirecTECH Employee Stock Ownership Plan,

- Comm-Craft Employee Stock Ownership Plan,

- DirecTECH Southwest Employee Stock Ownership Plan,

- Michigan Microtech Employee Stock Ownership Plan,

- DirecTECH Holding Company Employee Stock Ownership Plan,

- DirecTECH Holding Company Eligible Individual Account Plan,

- Bruister and Associates Employee Stock Ownership Plan,

- Bruister and Associates Eligible Individual Account Plan,

- Digital Satellite Services ESOP, and the

- Digital Satellite Services Eligible Individual Account Plan.

Settling Defendant shall execute an affidavit attesting to the above resignations and shall

forward such affidavit to the Secretary within seven (7) days of approval of this Consent

Judgment & Order by the Court.

12

7. Settling Defendant shall not object to the appointment of an independent fiduciary for the TEOHC ESOP pursuant to the Secretary's motion for appointment of an independent fiduciary, which will be filed concurrently with this Consent Judgment & Order. Furthermore, Settling Defendant shall not object to any decision that the independent fiduciary may make to terminate Settling Defendant's appointment as an officer or director of The Employee Ownership Holding Company, Inc. ("TEOHC").

8. Settling Defendant shall cooperate fully with the independent fiduciary and any corporate officers or directors appointed by the independent fiduciary including, but not limited to, by:

    a. Providing the independent fiduciary with all information in the Settling Defendant's possession, custody or control that the independent fiduciary reasonably requests to enable it to carry out its responsibilities, including copies of the current plan and trust documents for the TEOHC ESOP including all amendments thereto;

    b. Providing reasonable and necessary assistance to the independent fiduciary, when asked, concerning questions regarding the operation of TEOHC and the TEOHC ESOP and other issues reasonably necessary to determine TEOHC ESOP participants' eligibility for benefits;

    c. Transferring to the independent fiduciary all books, records, bank accounts, electronic hardware and software, data files however stored, and any indicia of ownership of the assets of TEOHC and the TEOHC ESOP in Settling Defendant's possession, custody or control; and

    d. Making available to the independent fiduciary documents of every nature

13

1    relating in any way to TEOHC and the TEOHC ESOP's management and

2    operation in the Settling Defendant's possession, custody or control.

3    9.    Settling Defendant shall carry out the directions of the independent fiduciary as

4    
5    they relate to the matters set forth in subsections (a) through (d) of paragraph 8 without delay. If

6    the Settling Defendant objects to any such direction or action by the independent fiduciary, such

7    objection shall be made as a written objection filed with the Court and served on the Secretary

8    and the independent fiduciary. Settling Defendant shall not decline or delay complying with the

9    
10    directions of the independent fiduciary as they relate to the matters set forth in subsections (a)

11    through (d) of paragraph 8 based on any objection.

12    10.   Settling Defendant will not assert or pursue claims of any nature whatsoever that

13    he has or may have against the:

14    • TEOHC ESOP,

15    
16    • Noll Manufacturing Company ESOP,

17    • JBM Employee Stock Ownership Plan,

18    • JBM Eligible Individual Account Plan,

19    • DirecTECH Employee Stock Ownership Plan,

20    
21    • Comm-Craft Employee Stock Ownership Plan,

22    • DirecTECH Southwest Employee Stock Ownership Plan,

23    • Michigan Microtech Employee Stock Ownership Plan,

24    • DirecTECH Holding Company Employee Stock Ownership Plan,

25    
26    • DirecTECH Holding Company Eligible Individual Account Plan,

27    • Bruister and Associates Employee Stock Ownership Plan,

28    • Bruister and Associates Eligible Individual Account Plan,

14

- Digital Satellite Services ESOP, and the

- Digital Satellite Services Eligible Individual Account Plan.

11.     Settling Defendant hereby releases all claims of any nature whatsoever, including any and all claims for indemnification or advancement of legal fees or litigation costs, that he has or may have against TEOHC, the TEOHC ESOP, Noll Manufacturing Company, and the Noll Manufacturing Company ESOP, and as applicable, their agents, representatives, assigns, predecessors and successors in interest.  In particular, Settling Defendant hereby releases any and all claims that he has or may have against TEOHC, the TEOHC ESOP, and as applicable, their agents, representatives, assigns and successors in interest for indemnification or advancement of legal fees or litigation costs related to Solis v. Couturier, Johnson v. Couturier, Stanton v. Couturier, or any other matter.    Settling Defendant's legal fees and litigation costs may be paid by RSUI.

12.     All of the parties in this litigation and, as applicable, their agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against Settling Defendant arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Amended Complaint in Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.), and the claim seeks to recover from Settling Defendant (i) any amount such person may become liable to pay pursuant to a settlement or judgment in the Secretary's action or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

15

13.     Settling Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against any of the non-settling Defendants arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Amended Complaint in <u>Solis v. Couturier</u>, 2:08-cv-02732-RRB-GGH (E.D. Cal.), and the claim seeks to recover (i) any amount Settling Defendant has paid pursuant to this Consent Judgment & Order or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

14.     Settling Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, are hereby barred from asserting against the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, or any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this matter, any other proceeding or investigation incident thereto, or that relate to any claims for non-monetary relief arising prior to the date of approval by the Court of this Consent Judgment & Order arising out of any matter whatsoever including out of the Secretary's current investigations and proceedings related to the:

- JBM Employee Stock Ownership Plan,
- JBM Eligible Individual Account Plan,
- DirecTECH Employee Stock Ownership Plan,

16

- Comm-Craft Employee Stock Ownership Plan,

- DirecTECH Southwest Employee Stock Ownership Plan,

- Michigan Microtech Employee Stock Ownership Plan,

- DirecTECH Holding Company Employee Stock Ownership Plan,

- DirecTECH Holding Company Eligible Individual Account Plan,

- Bruister and Associates Employee Stock Ownership Plan,

- Bruister and Associates Eligible Individual Account Plan,

- Digital Satellite Services ESOP, and the

- Digital Satellite Services Eligible Individual Account Plan.

15. Nothing in this Consent Judgment & Order shall be construed as a declaration by the signatories to this Consent Judgment & Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from the TEOHC ESOP, any TEOHC ESOP fiduciary, any person signatory hereto, or the Secretary.

16. Provisions of this Consent Judgment & Order requiring notice to the Settling Defendant shall be satisfied by delivering it in writing to the Settling Defendant in care of:

> Robert E. Eddy
> 12168 Stallion Way
> Truckee, California 96161
> Phone: (530) 582-0612
> Fax: (530) 582-4810

with a duplicate delivered to:

> Matthew G. Jacobs
> Stevens, O'Connell & Jacobs LLP
> 400 Capitol Mall, Suite 1400
> Sacramento, California 95814
> Phone: (916) 329-9111
> Fax: (916) 329-91110

17

Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied by delivering it in writing to:

Regional Director, EBSA
San Francisco Regional Office
90 7th St, Ste 11-300
San Francisco, CA 94103
Phone: (415) 625-2481
Fax:    (415) 625-2450

with a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, N.W., Room N-4611
Washington, DC 20210
Phone: (202) 693-5600
Fax:    (202) 693-5610

and

Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
San Francisco Regional Office
90 7th Street, Suite 3-700
San Francisco, CA 94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Consent Judgment & Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

17.    This Consent Judgment & Order constitutes a full, final, and complete judicial resolution of all of the civil claims, for monetary and injunctive relief, alleged in the

18

CONSENT JUDGMENT & ORDER – DEFENDANT EDDY
Civil Action No. 2:08-CV-02732-RRB-GGH

Secretary's Amended Complaint against the Settling Defendant in this action, Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.), both in his individual and corporate capacities, including his attorneys, employees or representatives, or insurers, as well as all civil claims based on the facts alleged in the Amended Complaint or any claims arising out of or related to all acts or omissions of the Settling Defendant in connection with his position as a fiduciary, trustee, officer, and/or director of TEOHC, the TEOHC ESOP and ESOT, Noll Manufacturing Company, the Noll Manufacturing Company ESOP and ESOT, and any other predecessor entities of TEOHC or Noll Manufacturing Company. The Secretary hereby waives, releases and forever discharges any and all claims which she has or may have against the Settling Defendant, both in his individual and corporate capacities, including his attorneys, employees or representatives, or insurers, relating to the transactions, events, acts or omissions alleged in the Amended Complaint, as well as any and all other claims of whatsoever nature that she has or may have against the Settling Defendant, both in his individual and corporate capacities, including his agents, attorneys, employees or representatives, or insurers, arising out of or related to all acts or omissions of the Settling Defendant in connection with his position as a fiduciary, trustee, officer, and/or director of TEOHC, the TEOHC ESOP and ESOT, the Noll Manufacturing Company, and/or the Noll Manufacturing Company ESOP and ESOT, through the date of entry of this Order. Neither the Secretary nor Settling Defendant waives any claims against any other persons. Except as provided herein, the Secretary's claims for monetary and injunctive relief and Settling Defendant's claims for monetary and equitable relief against any other persons are expressly preserved. Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing.

19

18. This Consent Judgment & Order also constitutes a full, final, and complete judicial resolution of all civil claims for non-monetary relief under Title I of ERISA that the Secretary may have against Settling Defendant arising prior to the date of approval by the Court of this Consent Judgment & Order, including, but not limited to, claims for non-monetary relief relating to the following ERISA-covered employee benefit plans:

- JBM Employee Stock Ownership Plan,
- JBM Eligible Individual Account Plan,
- DirecTECH Employee Stock Ownership Plan,
- Comm-Craft Employee Stock Ownership Plan,
- DirecTECH Southwest Employee Stock Ownership Plan,
- Michigan Microtech Employee Stock Ownership Plan,
- DirecTECH Holding Company Employee Stock Ownership Plan,
- DirecTECH Holding Company Eligible Individual Account Plan,
- Bruister and Associates Employee Stock Ownership Plan,
- Bruister and Associates Eligible Individual Account Plan,
- Digital Satellite Services ESOP, and the
- Digital Satellite Services Eligible Individual Account Plan,

19. All such claims for monetary and non-monetary relief as to TEOHC, the TEOHC ESOP and ESOT, the Noll Manufacturing Company, and/or the Noll Manufacturing Company ESOP and ESOT arising prior to the date of approval by the Court of this Consent Judgment & Order and all such claims for non-monetary relief as to all other matters arising prior to the date of approval by the Court of this Consent Judgment & Order are hereby released, settled and dismissed with prejudice. The Secretary's claims for monetary relief of any nature related to

20

any plans other than the TEOHC ESOP, including claims for monetary relief of any nature related to the plans listed in this paragraph, are expressly preserved. Neither the Secretary nor Settling Defendant waive any claims against any other persons. Except as provided herein, the Secretary's claims for monetary and injunctive relief and the Settling Defendant's claims for monetary and equitable relief against any other persons are expressly preserved. Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Settling Defendant who is released as described and the Secretary who is released as described. Nothing in this Consent Judgment & Order shall be construed or interpreted as either an admission or denial by the Settling Defendant of any claims made by the Secretary.

20. Settling Defendant and, where applicable, his agents, beneficiaries, representatives, assigns and successors in interest, does hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or that relate to any other proceeding or investigation incident thereto or that relate to any claims for non-monetary relief arising prior to the date of approval by the Court of this Consent Judgment & Order arising out of any matter whatsoever including out of the Secretary's current investigations and proceedings related to the:

- JBM Employee Stock Ownership Plan,

- JBM Eligible Individual Account Plan,

- DirecTECH Employee Stock Ownership Plan,

21

- Comm-Craft Employee Stock Ownership Plan,

- DirecTECH Southwest Employee Stock Ownership Plan,

- Michigan Microtech Employee Stock Ownership Plan,

- DirecTECH Holding Company Employee Stock Ownership Plan,

- DirecTECH Holding Company Eligible Individual Account Plan,

- Bruister and Associates Employee Stock Ownership Plan,

- Bruister and Associates Eligible Individual Account Plan,

- Digital Satellite Services ESOP, and the

- Digital Satellite Services Eligible Individual Account Plan.

In particular, as to all of these matters, Settling Defendant expressly waives any and all claims of any nature that he may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

21. Settling Defendant shall appear for deposition and produce documents at the request of the Secretary, without subpoena, at a mutually convenient time upon reasonable notice with respect to any action or investigation related to:

- JBM Employee Stock Ownership Plan,

- JBM Eligible Individual Account Plan,

- DirecTECH Employee Stock Ownership Plan,

- Comm-Craft Employee Stock Ownership Plan,

- DirecTECH Southwest Employee Stock Ownership Plan,

- Michigan Microtech Employee Stock Ownership Plan,

22

- DirecTECH Holding Company Employee Stock Ownership Plan,

- DirecTECH Holding Company Eligible Individual Account Plan,

- Bruister and Associates Employee Stock Ownership Plan,

- Bruister and Associates Eligible Individual Account Plan,

- Digital Satellite Services ESOP, and the

- Digital Satellite Services Eligible Individual Account Plan.

Expenses for such testimony shall be governed by the requirements of 28 U.S.C. § 1821.

22.     The Secretary and Settling Defendant shall bear their own costs, expenses, and attorney's fees in connection with this action and any other proceeding or investigation incident thereto.

23.     This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

24.     By entering into this Consent Judgment & Order, Settling Defendant represents that he has been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agrees to be bound by its terms.

25.     This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

26.     This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay approval of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

23

SO ORDERED this ___9___ day of ___March___, ~~2009~~ 2010

___/s/ RRB___

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

24

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment & Order:

FOR PLAINTIFF
Secretary of Labor

DEBORAH GREENFIELD
Acting Deputy Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

LAWRENCE BREWSTER
Regional Solicitor, San Francisco

DANIELLE L. JABERG
Counsel for ERISA, San Francisco

BY: _____          Date  12/28/09

MICHAEL SCHLOSS
ROBERT FURST
Senior Trial Attorneys
MEGAN GUENTHER
ROBYN SWANSON
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: (202) 693-5600
Fax:    (202) 693-5610

FOR DEFENDANT ROBERT E. EDDY:

_____          Date _____

25

**CONSENT JUDGMENT & ORDER – DEFENDANT EDDY**
Civil Action No. 2:08-CV-02732-RRB-GGH

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment & Order:

FOR PLAINTIFF
Secretary of Labor

DEBORAH GREENFIELD
Acting Deputy Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

LAWRENCE BREWSTER
Regional Solicitor, San Francisco

DANIELLE L. JABERG
Counsel for ERISA, San Francisco

BY: _____     Date _____
MICHAEL SCHLOSS
ROBERT FURST
Senior Trial Attorneys
MEGAN GUENTHER
ROBYN SWANSON
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: (202) 693-5600
Fax: (202) 693-5610

FOR DEFENDANT ROBERT E. EDDY:

_____     Date 12/23/08

25

CONSENT JUDGMENT & ORDER – DEFENDANT EDDY
Civil Action No. 2:08-CV-02732-RRB-GGH