1 | MICHAEL SCHLOSS, CA Bar No. 134124
ROBERT FURST
2 | MEGAN E. GUENTHER
ROBYN M. SWANSON
3 | U.S. Dept. of Labor, Office of the Solicitor
4 | Plan Benefits Security Division
P.O. Box 1914
5 | Washington, D.C. 20013
6 | 202-693-5603
202-693-5610 (FAX)
7 | Email: schloss.michael@dol.gov

8 | DANIELLE L. JABERG, CA Bar No. 256653
9 | U.S. Dept. of Labor, Office of the Solicitor
90 7th Street, Suite 3-700
10 | San Francisco, CA 94103
415-625-7750
11 | 415-625-7772 (FAX)
12 | Email: jaberg.danielle@dol.gov

13 | Attorneys for Plaintiff, Secretary
14 | of the United States Department of Labor

15
16 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
17 | SACRAMENTO DIVISION

18

19 | HILDA L. SOLIS, Secretary of the United States Department of Labor,

Civil Action No. 2:08-cv-02732-RRB-GGH

20 | Plaintiff,

**CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANTS DAVID R. JOHANSON AND JOHANSON BERENSON LLP**

21
22 | v.

23 | CLAIR R. COUTURIER, JR, *et al.*

24 | Defendants.

25 | Honorable Judge Ralph R. Beistline

26

27 | Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor

28 | ("Secretary"), and Defendants David R. Johanson and Johanson Berenson LLP ("Settling

1

1  Defendants") have agreed to settle the matters in controversy in this civil action and consent to

2  the entry of this "Consent Judgment & Order" in accordance herewith:

3      *WHEREAS,* the Secretary is responsible for the administration and enforcement of Title I

4
5  of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §

6  1001, et seq.;

7      *WHEREAS,* the Secretary filed her Complaint against Settling Defendants, among others,

8  on November 13, 2008, and filed her Amended Complaint against Settling Defendants, among

9
10 others, on December 22, 2008 ("Amended Complaint"), pursuant to Title I of the Employee

11 Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended,

12 wherein she alleged that Settling Defendants violated provisions of Title I of ERISA concerning,

13 among other things, the performance of Defendant Johanson as a fiduciary of The Employee

14 Ownership Holding Company, Employee Stock Ownership Plan (the "TEOHC ESOP"), which is

15
16 an employee benefit plan subject to Title I of ERISA, and Johanson Berenson LLP as a knowing

17 participant in fiduciary actions involving the TEOHC ESOP;

18     *WHEREAS,* Settling Defendants neither admit nor deny the allegations of the Secretary's

19 Amended Complaint;

20     *WHEREAS,* the Secretary has conducted an investigation of the JBM Employee Stock

21
22 Ownership Plan, the JBM Eligible Individual Account Plan, the DirecTECH Employee Stock

23 Ownership Plan, the DirecTECH Eligible Individual Account Plan, the Comm-Craft Employee

24 Stock Ownership Plan, the DirecTECH Southwest Employee Stock Ownership Plan, the

25 DirecTECH Southwest Eligible Individual Account Plan, the Michigan Microtech Employee

26 Stock Ownership Plan, the Michigan Microtech Eligible Individual Account Plan, the

27
28 DirecTECH Holding Company Employee Stock Ownership Plan and the DirecTECH Holding

2

CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP
Civil Action No. 2:08-CV-02732-RRB-GGH

1   Company Eligible Individual Account Plan (collectively the "DirecTECH Plans") concerning,

2   among other things, the performance of Johanson as a fiduciary of these plans and whether he

3   was a knowing participant in fiduciary actions involving these plans;

4
5   *WHEREAS,* the Secretary is conducting an investigation of the Bruister & Associates

6   Employee Stock Ownership Plan, the Bruister & Associates Eligible Individual Account Plan,

7   the Digital Satellite Services Employee Stock Ownership Plan, and the Digital Satellite Services

8   Eligible Individual Account Plan (collectively the "Bruister and Digital Satellite Plans")

9   concerning, among other things, whether Johanson was a fiduciary of these plans and whether
10
11  he was a knowing participant in fiduciary actions involving these plans;

12  *WHEREAS,* upon consideration of the record, and as agreed to by the parties, the Court

13  finds that it has jurisdiction over the parties and the subject matter of this civil action;

14  *WHEREAS,* the Secretary and Settling Defendants have negotiated an agreement to settle
15
16  all claims and issues between them arising from the matters alleged in the Secretary's Amended

17  Complaint and from the investigations referred to above;

18  *WHEREAS,* the Secretary and Settling Defendants represent to the Court that this

19  Consent Judgment & Order is the sole and complete memorialization of the agreement
20
21  negotiated between the Secretary and Settling Defendants;

22  *WHEREAS,* in order to settle the Secretary's action, Solis v. Couturier, 2:08-cv-02732-

23  RRB-GGH (E.D. Cal.), Settling Defendants and the other Defendants in the Secretary's action

24  have agreed to a global settlement of the Secretary's action, Solis v. Couturier, 2:08-cv-02732-

25  RRB-GGH (E.D. Cal.), and the "Johnson Actions" (Johnson v. Couturier, 05-cv-02046-RRB-
26
27  GGH (E.D. Cal.) and Stanton v. Couturier, 07-cv-01208-WBS-JFM (E.D. Cal.)), which will

28  include combined payments by themselves or by their insurers of amounts totaling Eight Million

3

1  and No/100 Dollars ($8,000,000), of which Settling Defendants' insurance carrier will pay One

2  Million Ninety Thousand Nine Hundred and Nine and No/100 Dollars ($1,090,909) , to a

3  settlement fund for the benefit of the TEOHC ESOP's participants and beneficiaries (which

4
5  amount Settling Defendants agree shall be treated as the "applicable recovery amount" for

6  purposes of ERISA § 502(l), 29 U.S.C. § 1132(l), in connection with the settlement of this

7  action);

8       *WHEREAS,* in order to settle the Secretary's action, Settling Defendants and the other

9
10  Defendants in the Secretary's action, Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.),

11  have agreed to a global settlement of the Secretary's action and the Johnson Actions, which will

12  include combined payments by themselves or by their insurers of amounts totaling Eight

13  Hundred Thousand and No/100 Dollars ($800,000), of which Settling Defendants' insurance

14  carrier will pay One Hundred and Nine Thousand and Ninety-One and No/100 Dollars

15
16  ($109,091), and which amount Settling Defendants agree shall be paid to the Secretary in

17  satisfaction of her claims under ERISA § 502(l) in connection with the settlement of this action;

18       *WHEREAS,* the foregoing amounts which Settling Defendants and the other Defendants

19  in the Secretary's action have agreed to pay to a settlement fund to settle the Secretary's action

20  and their obligations under ERISA § 502(l) are comprised of (a) Three Million Seven Hundred

21
22  and Fifty Thousand and No/100 Dollars ($3,750,000) paid by Defendant Couturier, (b) Three

23  Million Eight Hundred and Fifty Thousand and No/100 Dollars ($3,850,000) paid pursuant to a

24  policy of insurance issued by RSUI Group, Inc. ("RSUI") on behalf of Defendants Couturier and

25  Eddy, and (c) One Million Two Hundred Thousand and No/100 Dollars ($1,200,000) paid by

26  Settling Defendants' insurance carrier;

27
28       WHEREAS, the Secretary has entered into separate consent judgments and orders with

4

Defendants Couturier and Eddy, which the Secretary is filing concurrently with this Consent

Judgment & Order, to resolve the Secretary's claims for monetary and injunctive relief against

those Defendants in this action through the payment of the amounts described above and through

the injunctive relief described in those consent judgments and orders;

*WHEREAS,* the Secretary and Defendant Couturier have agreed that Defendant Couturier

will effect the transfer of certain property known as the Palm Desert Property pursuant to

conditions described in the separate consent judgment and order between the Secretary and

Defendant Couturier to The Employee Ownership Holding Company, Inc., a Delaware

corporation ("TEOHC"), and have agreed that the net amount paid into the settlement fund upon

final liquidation of that property shall be divided into two amounts, one of which shall be

deemed as an "applicable recovery amount" for purposes of ERISA § 502(l) and the other

amount which shall be sufficient to satisfy the Secretary's claims under ERISA § 502(l) in

connection with that applicable recovery amount;

*WHEREAS,* concurrently with their agreements with the Secretary, the Defendants in this

action, including Settling Defendants, have also entered into a Settlement Agreement with the

named plaintiffs in the "Johnson Actions" (Johnson v. Couturier, et al., 05-cv-02046 RRB GGH

and Stanton v. Couturier, et al., 07-cv-01208 WBS-JFM) (hereinafter "the Settlement

Agreement") which calls for the establishment of a settlement fund entitled the "Settlement

Fund" in the Settlement Agreement and which settlement fund the Secretary agrees may be used

in connection with the settlement of her action;

*WHEREAS,* it is the parties' understanding that the Settlement Agreement provides that

the amounts in TEOHC and the TEOHC ESOP's own accounts shall not be deposited into the

Settlement Fund and none of the disbursements from the Settlement Fund described in paragraph

5

8 of the Settlement Agreement shall be made from TEOHC or the TEOHC ESOP's existing assets, but the amounts in the accounts of TEOHC and the TEOHC ESOP shall be distributed in the manner outlined in the plan of allocation filed concurrently with the Settlement Agreement in the <u>Johnson</u> Actions;

*WHEREAS,* Plaintiffs in the <u>Johnson</u> Actions have filed or intend to file a motion for a judicial fairness settlement determination with respect to the Settlement Agreement between themselves, Settling Defendants and others, and to provide all affected participants of the TEOHC ESOP with notice and an opportunity to object and be heard in connection with the Court's consideration of the Settlement Agreement;

*WHEREAS,* the Secretary is not a party to the Settlement Agreement, and the Settlement Agreement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of her claims for any type of remedy, monetary or non-monetary, against any defendant, although this Consent Judgment & Order does release claims as to the Settling Defendants as described in paragraph 24.

*WHEREAS,* the Secretary and Settling Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims against Settling Defendants alone; and

*WHEREAS,* Settling Defendants expressly acknowledge and represent that they have read this Consent Judgment & Order and understand its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order.

6

CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP
Civil Action No. 2:08-CV-02732-RRB-GGH

*ACCORDINGLY*, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.     The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of this action and is empowered to provide the relief herein.

2.     Within ten (10) days following entry by the Court of this Consent Judgment & Order, Settling Defendant Johanson shall cause his insurance carrier to pay to the DirecTECH Plans Two Hundred and Seventy-Two Thousand, Seven Hundred and Twenty-Seven and 28/100 Dollars ($272,727.28) to be divided among the DirecTECH Plans in a fashion solely within the discretion of the Secretary.

3.     Within ten (10) days following entry by the Court of this Consent Judgment & Order, Settling Defendant Johanson shall cause his insurance carrier to pay Twenty-Seven Thousand, Two Hundred and Seventy-Two and 72/100 Dollars ($27,272.72) to the United States Department of Labor to resolve any claims under ERISA § 502(l), 29 U.S.C. § 1132(l) concerning the DirecTECH Plans.

If using the regular mail, the payments will be sent to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 70942
> Charlotte, NC 28272-0942

If using express mail, the payments will be sent to:

> U.S. Department of Labor
> QLP Wholesale Lockbox - NC0810
> Lockbox # 70942
> 1525 West WT Harris Blvd
> Charlotte, NC 28262

4.     Within ten (10) days of the payment of each of the amounts set forth in paragraphs 2 and 3, Settling Defendants shall provide evidence of payment of such amounts to:

> Regional Director, EBSA

7

CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP
Civil Action No. 2:08-CV-02732-RRB-GGH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cincinnati Regional Office
1885 Dixie Highway, Room 210
Ft. Wright, KY 41011-2662
Phone: (859) 578-4680
Fax: (859) 578-4688

with a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, N.W., Room N-4611
Washington, DC 20210
Phone: (202) 693-5600
Fax:     (202) 693-5610

and

Associate Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
Cleveland Associate Regional Office
1240 East 9th Street, Room 881
Cleveland, Ohio 44199
Phone: (216) 522-3870
Fax:  (216) 522-7172

5.      Settling Defendants shall cause their insurance carrier to pay the One Million Two

Hundred Thousand and No/100 Dollars ($1,200,000) in payments required by this Consent

Judgment & Order and the Settlement Agreement in the Johnson Actions into to the Settlement

Fund no later than two business days after entry of the Judgment contemplated under the

Settlement Agreement.

6.      The Settlement Agreement contains the following language:

[8.3.1] Within ten (10) days following payment of the amounts required

by Paragraphs 3.1 through 3.3 above, but in any event only after the

*Judgment* [pursuant to the Settlement Agreement] is *Final*, the

8

*Administrator* shall cause to be paid eight hundred thousand and no/100

Dollars ($800,000) to the United States Department of Labor to partially

resolve claims under ERISA § 502(l), 29 U.S.C. § 1132(l) in Solis v.

Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.).

[8.4] Within ten (10) days following receipt of amounts deposited as

proceeds of the sale of the *Palm Desert Property* into the Settlement Fund

as described in Paragraph 3.4.2 above, but in any event only after the

*Judgment* is *Final*, the *Administrator* shall cause to be paid one-eleventh

of the amount so deposited to the United States Department of Labor to

partially resolve the claims under ERISA Section 502(l) in Solis v.

Couturier, 2:08-cv-02732-RRB-GGH (E.D.Cal.).

[8.4.1]  The payments described in Paragraphs 8.3.1 and 8.4 shall be

remitted as follows:

If using the regular mail, the payments will be sent to:

U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 70942
Charlotte, NC 28272-0942

If using express mail, the payments will be sent to:

U.S. Department of Labor
QLP Wholesale Lockbox - NC0810
Lockbox # 70942
1525 West WT Harris Blvd
Charlotte, NC 28262

[8.5] Within ten (10) days following each payment required by Paragraphs

8.3.1 and 8.4 above, the *Administrator* will provide written evidence of

9

payment of such amounts to:

Regional Director, EBSA
San Francisco Regional Office
90 7th Street, Suite 11-300
San Francisco, CA 94103
Phone: (415) 625-2481
Fax:    (415) 625-2450

With a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue N.W., Room N-4611
Washington, DC 20210
Phone: (202) 693-5600
Fax:    (202) 693-5610

            and

Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
San Francisco Regional Office
90 7th Street, Suite 3-700
San Francisco, CA 94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

[11.1] Notwithstanding anything else in this *Settlement Agreement*, this

*Settlement Agreement* does not waive, release, or interfere with the

independent right of the Secretary of the United States Department of

Labor to bring claims against any person or entity otherwise released by

this *Settlement Agreement*. Nothing in this *Settlement Agreement* or the

*Final Judgment* shall release, interfere with, qualify, or bar the prosecution

of claims by the Secretary for any type of remedy, monetary or non-

10

monetary, without her specific written consent. This paragraph shall supersede and control over any contrary, inconsistent, or ambiguous provisions contained in this *Settlement Agreement*. This paragraph does not affect the releases contained in the Consent Judgment and Order in the *DOL Action*.

[11.2] *TEOHC*'s assets and the *ESOP*'s account shall not be deposited into the *Settlement Fund* and none of the disbursements from the *Settlement Fund* described in paragraph 8 of this *Settlement Agreement* shall be made from *TEOHC* or the *ESOP*'s existing assets described in this paragraph. After *TEOHC*'s satisfaction of its obligations and completion of the final liquidation of *TEOHC*, the remaining assets of *TEOHC* and the *ESOP* will be distributed to *ESOP* participants in accordance with the provisions of the *ESOP*.

7. In the event that, for any reason whatsoever, (a) the terms of the Settlement Agreement in the Johnson Actions required by this Consent Judgment & Order are not included in the document finally filed with the Court, (b) the amounts specified in paragraphs 2 and 3 above are not paid to the DirecTECH plans or to the United States Department of Labor, (c) the amounts specified in paragraph 5 above are not deposited into the Settlement Fund described in the Settlement Agreement, (d) the amounts specified to be paid into the Settlement Fund pursuant to the Secretary's separate consent judgments and orders with Defendants Couturier and Eddy are not deposited into the Settlement Fund as described in those consent judgments and orders or the transfer of property described in the Secretary's separate consent judgment and order with Defendant Couturier does not occur, (e) the amounts held in TEOHC's or the TEOHC

11

ESOP's existing accounts are deposited into the Settlement Fund established by the Settlement Agreement in the Johnson Actions or are included in the disbursements described in paragraph 8 of that Settlement Agreement, (f) this Court declines to approve this Consent Judgment & Order, either of the Secretary's separate consent judgments and orders with Defendants Couturier and Eddy, or the Settlement Agreement in whole or part, or (g) an order approving this Consent Judgment & Order, either of the Secretary's separate consent judgments and orders with Defendants Couturier and Eddy, or the Settlement Agreement is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and vacated by the Court. In the event that this Consent Judgment & Order becomes null and void, then: (i) the Secretary will be free to pursue all of the claims alleged in her Amended Complaint or any amendment of that Complaint and to seek all relief prayed for in her Complaint or any Amended Complaints against Settling Defendants, including her claims for non-monetary and monetary relief, (ii) Settling Defendants will be free to assert all of their defenses of any kind to the Secretary's claims other than defenses arguing that any part of the Settlement Agreement, or any bar order issued pursuant to that Agreement, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary set forth in her Complaint or any amended Complaint; and (iii) other than as set forth in subpart (b) of this paragraph, the provisions of this Consent Judgment & Order shall be of no further force or effect and shall not be admissible in evidence in any action pending or filed against Settling Defendants.

  8.  Settling Defendants represent that they have previously resigned (a) any positions or responsibilities they had in which they acted as a fiduciary and/or service provider to the TEOHC ESOP or any of the DirecTECH Plans, (b) any corporate positions or responsibilities as

12

1   officers, directors, or inside corporate counsel they had relating to The Employee Ownership

2   Holding Company, Inc. ("TEOHC"), DirecTECH, Inc., DirecTECH Southwest, Inc. and

3   DirecTECH Holding Company, Inc.  Settling Defendants represent that they have never acted as

4   a fiduciary or service provider with respect to the Bruister or Digital Satellite Plans, and never

5   acted as a service provider with respect to the TEOHC ESOP or DirecTECH plans.  Settling

6   Defendants represent that they have never served in any capacity and never held any positions or

7   responsibilities, other than outside corporate counsel, with respect to Bruister and Associates,

8   Inc., Digital Satellite Services, Inc., JBM, Inc., Comm-Craft, Inc. or Michigan Microtech, Inc.

9   Defendants have executed an affidavit attesting to the above resignations and lack of positions

10  held which is attached as Exhibit A.  Nothing herein shall preclude Settling Defendants from

11

12  accepting current or future engagements as outside counsel or corporate positions or

13  responsibilities, so long as such engagements or positions are consistent with the terms of this

14  Consent Judgment & Order.

15

16          9.      Settling Defendants will not assert or pursue claims of any nature whatsoever that

17  they have or may have against the TEOHC ESOP, the Noll Manufacturing Company ESOP (the

18  "Noll ESOP"), or any of the DirecTECH Plans or the Bruister and Digital Satellite Plans.

19

20          10.     Settling Defendants hereby release all claims of any nature whatsoever, including

21  any and all claims for indemnification or advancement of legal fees and/or litigation costs, that

22  they have or may have against TEOHC, the TEOHC ESOP, Noll Manufacturing Company, a

23  California corporation, the Noll ESOP, and as applicable, their agents, representatives, assigns

24  and successors in interest.  Settling Defendants hereby release any and all claims for

25  indemnification or advancement of legal fees and/or litigation costs, that they have or may have

26

27  against JBM, Inc., Comm-Craft, Inc., DirecTECH, Inc., DirecTECH Southwest, Inc., Michigan

28

13

1    Microtech, Inc., DirecTECH Holding Company, Inc, Bruister and Associates, Inc., Digital

2    Satellite Services, Inc., any of the DirecTECH plans, and any of the Bruister and Digital Satellite

3    Plans or any of these entities' agents, representatives, assigns and successors in interest only with

4

5    respect to the Secretary's claims against Settling Defendants in the Secretary's current

6    investigations and proceedings related to those matters.  In particular, Settling Defendants hereby

7    release any and all claims they have or may have against TEOHC, the TEOHC ESOP, and as

8    applicable, TEOHC or the TEOHC ESOP's agents, representatives, assigns and successors in

9    interest for indemnification or advancement of legal fees or litigation costs related to <u>Solis v.</u>

10   <u>Couturier</u>, <u>Johnson v. Couturier</u>, <u>Stanton v. Couturier</u>, or any other matter.

11

12           11.     Settling Defendants are, upon approval of this Consent Judgment & Order by the

13   Court, hereby permanently enjoined and restrained from future service as a fiduciary of any

14   ERISA-covered employee benefit plan.  Settling Defendants are hereby permanently enjoined

15   and restrained from, individually or through any entity or other person, serving or acting, for

16   compensation or otherwise, as a fiduciary, administrator (other than as a plan sponsor) as defined

17

18   in ERISA § 3(16)(A), 29 U.S.C. 1002(16)(A), officer, trustee, custodian, investment manager or

19   investment advisor to an employee benefit plan covered by ERISA, or from acting in any

20   capacity that involves decision making authority or custody or control of the monies, funds,

21

22   assets or property of any employee benefit plan covered by ERISA with the sole exception that

23   Defendant Johanson may control the assets in his personal Individual Retirement Account or his

24   personal account in an ERISA-covered plan that permits participants to direct the investment of

25   participants' accounts.  Johanson Berenson LLP may appoint an employee representative other

26

27   than Defendant Johanson to act as a fiduciary for its own ERISA-covered employee benefit

28   plans.

                                                                                                        14

12. Defendant Johanson may serve on the board of directors of a company provided that he does not serve in any ERISA fiduciary capacity.

13. Settling Defendants shall not, individually or through any entity or other person, act as a service provider to any ERISA-covered employee benefit plan except as to such plans where:

    a. Settling Defendants' retention agreement with a plan or trust that is covered by ERISA expressly states that Settling Defendants will not serve as a fiduciary of any ERISA-covered employee benefit plan and includes language, as specified in Attachment B to this Consent Judgment & Order, confirming the limitations set forth in paragraphs 13-16. As to current ERISA-covered benefit plan clients, Settling Defendants will send a letter which includes the language specified in Attachment B to this Consent Judgment & Order to such clients within twenty (20) days of entry of this Consent Judgment & Order. Disclosures described in this subparagraph will be in a font size and format as large as or larger than Attachment B;

    b. Settling Defendants maintain all of the documents related to their engagement until at least six years have elapsed from the end of the engagement;

    c. Upon a plan client's written request, Settling Defendants will furnish all of the documents related to their engagement to such plan client. Furthermore, where an ERISA-covered employee benefit plan participant requests documents related to the engagement, Settling Defendants will furnish all documents related to the engagement (that are not otherwise privileged) to the requesting party consistent with the fiduciary exception to the attorney-client and work product doctrine privileges; Settling Defendants' sole charge for production of the documents is limited to the lesser of $0.15 per page or Settling Defendants' actual costs for producing the documents and Settling Defendants will not charge for reproducing documents otherwise required by law to be produced to ERISA plan participants;

    d. If Settling Defendants are a service provider to a plan in connection with any transaction involving the purchase or sale of employer stock that is not publicly traded on a recognized securities exchange, Settling Defendants will advise the ERISA plan fiduciaries responsible for the purchase or sale of employer stock, in writing, of their fiduciary obligations, particularly including their obligation to buy for not more than and sell for not less than adequate consideration. Settling Defendants will advise the ERISA fiduciaries involved in such transactions, in writing, that the ERISA

15

fiduciaries must retain an appropriate independent appraiser and financial advisor, to carefully investigate the independent appraiser and financial advisor's qualifications, and to make certain that reliance on the independent appraiser and financial advisor's opinion letter, valuation report or other advice is reasonably justified under the circumstances. Furthermore, Settling Defendants will advise the ERISA fiduciaries, in writing, that the ERISA fiduciaries cannot justify their reliance on the views of an independent appraiser and financial advisor unless the ERISA fiduciaries have read the valuation report, fairness opinion, or any other requested report or advice and supporting documents; understood the valuation report, fairness opinion, or any other requested report or advice and supporting documents; identified, questioned, and tested the underlying financial data and the underlying assumptions; verified that the conclusions are consistent with the data and analyses; verified that the valuation report, fairness opinion, or any other requested report or advice was internally consistent and made sense; and, if necessary, hired additional expert support to assist the ERISA fiduciaries in understanding and addressing any problems with the valuation report, fairness opinion, or any other requested report or advice and supporting documents; and

e.   Other than the plan itself, Settling Defendants represent no other party in connection with a transaction involving the ERISA-covered employee benefit plan, the assets of such a plan or ERISA plan fiduciaries that are their clients or clients of their firm.

14.   Settling Defendants shall not enter into any indemnification arrangements or arrangements permitting the advancement of legal fees if the indemnification or advancement will be funded by an ERISA-covered plan.

15.   Settling Defendants shall not have any financial interest, other than obtaining fees in connection with their services, in any matter in which an ERISA-covered plan to which the Settling Defendants are providing services has a financial interest.

16.   Settling Defendants shall not hereafter take part (as an advisor, investor, control person or otherwise) in any financial transaction involving the proceeds of a sale of employer securities or employer real property to a non-publicly traded company's ERISA–covered plan, where Settling Defendants have had any direct or indirect involvement with the purchasing

16

1 | ERISA-covered plan or sponsor of the ERISA-covered plan within the twenty-four (24) months

2 | prior to that financial transaction.

3 |     17.     In any transaction that closes after the date of this Consent Judgment & Order

4 |
5 | involving the assets of an ERISA-covered employee benefit plan or trust or involving a company

6 | owned in whole or in part by an ERISA-covered employee benefit plan or trust where Settling

7 | Defendants represent a party other than the plan or trust, Settling Defendants shall specifically

8 | advise the ERISA-covered employee benefit plan and plan fiduciaries, in writing, that they are

9 |
10 | not acting on the plan's behalf, and in fact, Settling Defendants' clients may have interests

11 | directly opposed to the plan's interests.

12 |     18.     Settling Defendants, and, as applicable, their agents, representatives, assigns and

13 | successors in interest, are permanently and forever barred and enjoined from filing, commencing,

14 | instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any

15 |
16 | other capacity, any claim against any of the non-settling Defendants arising under state, federal

17 | or common law, however styled, and in any forum, whether for indemnification or contribution

18 | or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts,

19 | transactions and occurrences referred to in the Secretary's Amended Complaint in Solis v.

20 |
21 | Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.), and the claim seeks to recover (i) any amount

22 | Settling Defendants have paid pursuant to this Consent Judgment & Order or (ii) any costs,

23 | expenses, or attorneys' fees from defending any claim by the Secretary.

24 |     19.     All of the parties in this litigation, including the United States Department of

25 | Labor, the TEOHC ESOP, the Noll ESOP, Defendants, and, as applicable, their agents,

26 | representatives, employees, insurers, present or former subsidiaries, divisions, parents,

27 |
28 | successors, predecessors, related entities or affiliates, attorneys, advisers, officers, directors,

17

**CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP**
Civil Action No. 2:08-CV-02732-RRB-GGH

fiduciaries, trustees, participants and beneficiaries assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, any claim against Settling Defendants, including, without limitation, their attorneys, employees or representatives, partners, heirs, successors, predecessors, agents, insurers, their present or former subsidiaries, divisions, parents, assigns, related entities or affiliates, and the officers, directors, employees, shareholders, attorneys, advisers, fiduciaries, trustees and/or agents of any them ("Settling Defendants' Released Parties") arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Amended Complaint in Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.), and the claim seeks to recover from Settling Defendants (i) any amount such person may become liable to pay pursuant to a settlement or judgment in the Secretary's action and claims or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

20.    Settling Defendants, and, as applicable, their agents, representatives, assigns and successors in interest, are hereby barred from asserting against the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, or any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this matter, any other proceeding or investigation incident thereto, or the current proceedings or investigations conducted by the Secretary regarding the DirecTECH Plans and the Bruister and

18

Digital Satellite Plans.  Nothing herein shall preclude Settling Defendants from accepting current or future engagements on behalf of a third party so long as such engagements or positions are consistent with the terms of this Consent Judgment & Order.

21.   In addition to making themselves available as required under ERISA or the Federal Rules of Civil Procedure, and without any limitation on their obligations thereto, Settling Defendants will also appear for deposition, produce documents, and provide truthful and complete oral and written testimony as to all non-privileged matters at the reasonable request of the Secretary, without subpoena, where they might not otherwise be required to do so by ERISA or the Federal Rules of Civil Procedure with respect to any action or investigation related to any of the DirecTECH Plans or any of the Bruister or Digital Satellite Plans or their successors. Such appearance for deposition or production of documents will be at a mutually convenient time and place and upon reasonable notice.  Expenses for such testimony made pursuant to this paragraph shall be governed by the requirements of 28 U.S.C. § 1821.

22.   Nothing in this Consent Judgment & Order shall be construed as a declaration by the signatories to this Consent Judgment & Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from any plan, any plan fiduciary, any person signatory hereto, or the Secretary.

23.   Provisions of this Consent Judgment & Order requiring notice to the Settling Defendants shall be satisfied by delivering it in writing to the Settling Defendants in care of:

Christopher J. Rillo, Esq.
Schiff Hardin LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Phone: (415) 901-8631
Fax:    (415) 901-8701

19

CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP
Civil Action No. 2:08-CV-02732-RRB-GGH

1          and

2          Natalie P. Vance, Esq.
           Klinedinst P.C.
3          801 k Street, Suite 2800
4          Sacramento, CA 95814
           Phone: (916) 444-7573
5          Fax: (916) 444-7544

6      with a duplicate delivered to:

7
           David R. Johanson
8          Johanson Berenson LLP
9          1776 Second Street
           Napa, CA 94559
10         Phone: (707) 226-8997
           Fax:    (707) 226-6881
11

12     Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied

13     by delivering it in writing to:

14
           Regional Director, EBSA
15         San Francisco Regional Office
           90 7th St, Ste 11-300
16         San Francisco, CA 94103
           Phone: (415) 625-2481
17         Fax:    (415) 625-2450

18
       with a duplicate delivered to:
19
           Associate Solicitor
20         U.S. Department of Labor
           Office of the Solicitor
21         Plan Benefits Security Division
22         200 Constitution Avenue, N.W., Room N-4611
           Washington, DC 20210
23         Phone: (202) 693-5600
           Fax:    (202) 693-5610
24

25              and

26         Regional Solicitor
27         U.S. Department of Labor
           Office of the Solicitor
28         San Francisco Regional Office
           90 7th Street, Suite 3-700

                                                                                20

**CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP**
Civil Action No. 2:08-CV-02732-RRB-GGH

San Francisco, CA  94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Consent Judgment & Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

24.     This Consent Judgment & Order constitutes a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's Amended Complaint in Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.) against the Settling Defendants as well as the Secretary's claims against Settling Defendants in the Secretary's current investigations and proceedings regarding the DirecTECH Plans and the Bruister and Digital Satellite Plans.  Such claims are hereby released, settled and dismissed with prejudice.  The Secretary hereby waives, releases and forever discharges any and all claims which she has or may have against the Settling Defendants, including, without limitation, Settling Defendants' Released Parties,  relating to the transactions, events, acts or omissions alleged in the Amended Complaint, as well as any and all other claims of whatsoever nature that she has or may have against the Settling Defendants and Settling Defendants' Released Parties, arising out of or in connection with the filing of this civil action, through the date of entry of this Order.  Neither the Secretary nor Settling Defendants waives any claims against any other persons.  Except as provided herein, the Secretary's claims for monetary and injunctive relief and Settling Defendants' claims for monetary and equitable relief against any other persons are expressly preserved.  Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be construed as, an admission or acknowledgment

21

**CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP**
Civil Action No. 2:08-CV-02732-RRB-GGH

that any person or entity is in any way released from any liability or wrongdoing.  Nothing in this Consent Judgment & Order shall be construed or interpreted as either an admission or denial by the Settling Defendants of any claims made by the Secretary and the United States Department of Labor.

25.    Settling Defendants and, where applicable, their agents, beneficiaries, representatives, assigns and successors in interest, do hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto or relating or incidental to the Secretary's current investigations and proceedings regarding the DirecTECH Plans and the Bruister and Digital Satellite Plans (hereinafter "Released Claims").  In particular, as to the Released Claims, Settling Defendants expressly waive any and all claims of any nature that they may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.  Nothing herein shall preclude Settling Defendants from accepting current or future engagements on behalf of a third party so long as such engagements or positions are consistent with the terms of this Consent Judgment & Order.

26.    The Secretary and Settling Defendants shall bear their own costs, expenses, and attorney's fees in connection with this action and any other proceeding or investigation incident thereto.

27.    This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

22

28.      By entering into this Consent Judgment & Order, Settling Defendants represent that they have been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agree to be bound by its terms.

29.      This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

30.      This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

SO ORDERED this ___9___ day of __March__, 2009

_____/s/ RRB_____

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

23

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of

this Consent Judgment & Order:

FOR PLAINTIFF
Secretary of Labor

DEBORAH GREENFIELD
Acting Deputy Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor, PBSD

LAWRENCE BREWSTER
Regional Solicitor, San Francisco

DANIELLE L. JABERG
Counsel for ERISA, San Francisco

BY: _____          Date   12/28/09

MICHAEL SCHLOSS
ROBERT FURST
Senior Trial Attorneys
MEGAN GUENTHER
ROBYN SWANSON
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: (202) 693-5600
Fax:   (202) 693-5610

FOR DEFENDANT DAVID R. JOHANSON:

_____          Date  12/24/2009

FOR DEFENDANT JOHANSON BERENSON LLP:

_____          Date  12/24/2009

24

**CONSENT JUDGMENT & ORDER – DEFENDANTS JOHANSON AND JOHANSON BERENSON LLP**
Civil Action No. 2:08-CV-02732-RRB-GGH

## EXHIBIT A

### DECLARATION OF DAVID R. JOHANSON

I David R. Johanson, declare as follows:

1. I am an attorney duly licensed to practice law in the States of California, Maryland, Minnesota, and the District of Columbia, and a member of numerous Federal Courts. I am the managing partner of Johanson Berenson LLP. I have personal knowledge of all of the following, and if called upon to testify, could and would competently testify thereto.

2. To the extent that Johanson Berenson LLP or I ever held any such positions, I have resigned all positions and responsibilities in which I acted as an ERISA fiduciary and/or service provider to TEOHC ESOP or any of the DirecTECH Plans.

3. In addition, to the extent that Johanson Berenson LLP or I ever held any such positions, I have resigned any corporate positions or responsibilities as officers, directors or inside corporate counsel with The Employee Ownership Holding Company, Inc. ("TEOHC"), DirecTECH, Inc., DirecTECH Southwest, Inc. and DirecTECH Holding Company, Inc.

4. Neither Johanson LLP nor I have acted as a fiduciary or service provider to the Bruister or Digital Satellite Plans, and never acted as a service provider with respect to the TEOHC ESOP or DirecTECH plans.

5. Neither Johanson Berenson LLP nor I have ever served in any capacity, and never held any positions or responsibilities, other than outside corporate counsel, with respect to Bruister and Associates, Inc., Digital Satellite Services, Inc., JBM, Inc., Comm-Craft, Inc. or Michigan Microtech, Inc.

I declare, under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __th day of December 2009, at Sacramento, CA


___/s/ David R. Johanson_____

David R. Johanson, Esq.

## ATTACHMENT B

Settling Defendants will include the following language in any retention agreement they enter into with a plan or trust that is covered by the Employee Retirement Income Security Agreement of 1974, as amended ("ERISA"). As to current ERISA-covered benefit plan clients, Settling Defendants will send a letter which includes the language specified herein to said clients within twenty (20) days of entry of the Consent Judgment & Order in Solis v. Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.). Disclosures to current and new ERISA-covered benefit plan clients described herein will be in a font size and format as large as or larger than this Attachment:

"Our representation to provide legal services is to represent the [name of plan] Plan and the trust funding the Plan, the [name of trust] Trust (collectively the "Plan"), and not any other entity or individual. Other than the Plan itself, we do not represent any other party, including the [name of corporate Sponsor] (the "Sponsor"), the shareholders, officers or members of the board of directors of the Sponsor, any personal or corporate interests of any fiduciaries of the Plan or the participants or beneficiaries of the Plan in their individual capacities.

We further note that the parties that we have identified may have conflicting interests to the interests of the Plan, including interests directly opposed to those of the Plan, and that we will solely represent the interests of the Plan in our engagement by the Plan.

Please note that we will not serve or act as a fiduciary of any ERISA-covered employee benefit plan for compensation or otherwise, and will not act as a fiduciary, administrator as defined in ERISA § 3(16)(A), 29 U.S.C. 1002(16)(A), officer, trustee, custodian, investment manager or investment advisor to an employee benefit plan covered by ERISA, or act in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA.

We will not have any financial interest, other than obtaining fees in connection with our services, in any matter in which the [name of plan] Plan has a financial interest.

1

If [name of plan sponsor] is not a publicly traded company, we will not take part (as an advisor, investor, control person or otherwise) in any financial transaction involving the proceeds of a sale of employer securities or employer real property to the [name of plan] Plan, where we have had any direct or indirect involvement with the [name of plan] Plan or [name of plan sponsor] within the twenty-four (24) months prior to that financial transaction.

We will maintain all of the documents related to this engagement until at least six years have elapsed from the end of the engagement unless our professional responsibilities under California law require us to retain them for a longer period of time or require us to destroy our engagement documents.

Upon your (the ERISA fiduciary with respect to the Plan) written request, we will furnish all of the documents related to our engagement.

Furthermore, where a Plan participant requests documents related to our engagement, we will furnish all documents related to our engagement (that are not otherwise privileged) to the requesting party consistent with the fiduciary exception to the attorney-client and work product doctrine privileges. Our sole charge for production of the documents is limited to the lesser of $0.15 per page or our actual costs for producing the documents and we will not charge for reproducing documents otherwise required by law to be produced to ERISA plan participants.

Because the Plan is regulated by ERISA, we will advise the Plan's ERISA fiduciaries in the course of our legal services to diligently investigate all service providers providing services to the Plan, and to review the work product of the service providers critically with the prudence required under ERISA and for the exclusive benefit of the participants and beneficiaries of the Plan.

If our engagement involves the purchase or sale of employer stock that is not publicly traded on a recognized securities exchange, we will advise the ERISA Plan fiduciaries responsible for the purchase or sale of employer stock, in writing, of their ERISA fiduciary obligations, particularly including their obligation to buy for not more than and sell for not less than adequate consideration.

2

We will further advise the ERISA fiduciaries involved in such transactions, in writing, to retain an appropriate independent appraiser and financial advisor, to carefully investigate the independent appraiser and financial advisor's qualifications, and to make certain that reliance on the independent appraiser and financial advisor's opinion letter, valuation report or other advice is reasonably justified under the circumstances.

Furthermore, we will advise the ERISA fiduciaries, in writing, that they cannot justify their reliance on the views of an independent appraiser and financial advisor unless they have read the valuation report, fairness opinion, or any other requested report or advice and supporting documents; understood the valuation report, fairness opinion, or any other requested report or advice and supporting documents; identified, questioned, and tested the underlying financial data and the underlying assumptions; verified that the conclusions are consistent with the data and analyses; verified that the valuation report, fairness opinion, or any other requested report or advice was internally consistent and made sense; and, if necessary, hired additional expert support to assist the ERISA fiduciaries in understanding and addressing any problems with the valuation report, fairness opinion, or any other requested report or advice and supporting documents.

Furthermore, we will not enter into any indemnification arrangements or arrangements permitting the advancement of legal fees if the indemnification or advancement will be funded by [name of plan] Plan."