CYNTHIA J. LARSEN (SBN 123994)
STACY E. DON (SBN 226737)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:   (916) 447-9200
Facsimile:   (916) 329-4900
Email: clarsen@orrick.com
       sdon@orrick.com

Attorneys for Defendants
The Employee Ownership Holding Company, Inc. and
The Employee Ownership Holding Company
Employee Stock Ownership Plan
[sued as The Employee Ownership Holding Corporation and
The Employee Ownership Holding Corporation Employee Stock
Ownership Plan]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CLAIR R. COUTURIER, JR.; DAVID R. JOHANSON; JOHANSON BERENSON L.L.P.; ROBERT E. EDDY; JAMES ROORDA; MATTHEW DONNELLY; BUSINESS APPRAISAL INSTITUTE; DAVID L. HEALD; CONSULTING FIDUCIARIES, INC.; THE EMPLOYEE OWNERSHIP HOLDING CORPORATION; and THE EMPLOYEE OWNERSHIP HOLDING CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | CASE NO. 2:08-CV-02732-RRB-GGH<br><br>██████ ORDER REGARDING APPOINTMENT OF NICHOLAS L. SAAKVITNE AS INDEPENDENT FIDUCIARY<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>Judge: Hon. Judge Ralph R. Beistline<br><br>ORAL ARGUMENT REQUESTED |

OHS West:260848186.1

Before the Court is the Secretary of Labor with a Motion to Appoint An Independent Fiduciary. Within seven days of final Court approval of the proposed global settlement and Consent Judgment & Order regarding Robert Eddy, Mr. Eddy will be resigning his position as trustee of The Employee Ownership Holding Company Employee Stock Ownership Plan and Trust ("TEOHC ESOT"). The Secretary moved to appoint an independent fiduciary to replace Mr. Eddy as trustee of the Plan. The Court issued an Order To Show Cause on February 8th, 2010 ordering The Employee Ownership Holding Company, Inc. ("TEOHC") and the TEOHC ESOT to show cause why Fiduciary Counselors, Inc. should not be appointed as independent fiduciary and to provide suggestions for an alternative trustee or independent fiduciary, including their costs. The Employee Ownership Holding Company, Inc. and the TEOHC ESOT have submitted information regarding an alternative candidate to serve as trustee and independent fiduciary upon Mr. Eddy's resignation.

Having considered such briefing, arguments and evidence and for good cause appearing, IT IS HEREBY ORDERED that:

1. Upon Robert Eddy's resignation as trustee of the TEOHC ESOT after final Court approval of the proposed global settlement and Consent Judgment & Order regarding Mr. Eddy, Nicholas L. Saakvitne is appointed as the trustee, independent fiduciary, and plan administrator of the TEOHC ESOT pursuant to the terms in the "The Employee Ownership Holding Company Employee Stock Ownership Plan Fiduciary Services Agreement Tendered By Nicholas L. Saakvitne" (the "Agreement") a copy of which is attached hereto as Exhibit 1.

2. The Agreement, including all terms and provisions thereof, is approved by the Court.

3. Mr. Saakvitne shall have all rights, powers, authority, and obligations set forth in the Agreement.

IT IS SO ORDERED.

Date: March 3, 2010.

UNITED STATES DISTRICT COURT JUDGE

OHS West:260848186.1                                - 2 -

[PROPOSED] ORDER REGARDING APPOINTMENT OF NICHOLAS L. SAAKVITNE AS INDEPENDENT FIDUCIARY

## *THE EMPLOYEE OWNERSHIP HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN FIDUCIARY SERVICES AGREEMENT*

### *TENDERED BY*

### *NICHOLAS L. SAAKVITNE*

*[Subject to approval of the United States District Court for the Eastern District of California Sacramento Division]*

***THIS AGREEMENT is entered into by NICHOLAS L. SAAKVITNE ("NLS").***

WHEREAS, the United States District Court for the Eastern District of California Sacramento Division (the "Court") is seeking to appoint a Successor Trustee, Plan Administrator and Independent Fiduciary: (1) to oversee the termination and liquidation of The Employee Ownership Holding Company Employee Stock Ownership Plan (the "ESOP"), (2) to monitor and participate in the resolution of any remaining disputes involving the ESOP's receipt of all funds due it (including liquidation distributions from The Employee Ownership Holding Company, Inc. and amounts due the ESOP now or in the future from the pending Settlement Fund), (3) to coordinate participant communications and the distribution of ESOP benefits, and (4) to maintain the ESOP's tax-exempt status and full ERISA compliance.

WHEREAS, it is deemed desirable and in the best interests of ESOP participants and beneficiaries to appoint *NICHOLAS L. SAAKVITNE*, an attorney and professional ERISA fiduciary, as Successor Trustee, Plan Administrator and Independent Fiduciary for the ESOP to perform these tasks for the ESOP while maintaining its tax-qualified status and full ERISA compliance.

WHEREAS, Nicholas L. Saakvitne agrees to serve in such capacities for the ESOP.

NOW, THEREFORE, Nicholas L. Saakvitne hereby agrees as follows:

- 1 -

## *ARTICLE I*
## *STATUS AND DUTIES OF NLS*

1. *Status.* Upon approval of this Agreement by the Court, NLS shall act as the Trustee of the ESOP, pursuant to the provisions of the ESOP, and the resignation of the prior Trustee shall simultaneously be accepted. NLS shall assume all of the powers, authority, and obligations of a Trustee and Independent Fiduciary under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the terms of the ESOP. Further, any existing Plan Committee members are removed, and Mr. Saakvitne is hereby appointed as Plan Committee for the ESOP under the ESOP and Trust agreement. In addition, the Court hereby appoints Mr. Saakvitne as Plan Administrator, within the meaning of ERISA 3(16(A), and Independent Named Fiduciary for the ESOP, within the meaning of ERISA section 402(a)(1). Finally, Mr. Saakvitne is authorized to update and amend (or to have updated and amended) provisions to the ESOP document, and if and when appropriate, to terminate the ESOP and the Trust. Appendix A hereto lists (without limitation) the fiduciary responsibilities NLS agrees to undertake for the ESOP.

2. *Acknowledgment.* NLS acknowledges that he will act as fiduciary and accepts responsibility as Trustee under ERISA, and as Plan Administrator, Plan Committee and Independent Fiduciary of the ESOP. NLS shall discharge his duties solely in the interests of participants and beneficiaries of the ESOP and in accordance with applicable law, including but not limited to ERISA and the Internal Revenue Code.

3. *Bonding.* NLS shall obtain and maintain for so long as he acts as Trustee, a bond for the ESOP that complies with Section 412 of ERISA. The expense of such bond shall be paid by the ESOP.

4. *Resignation/Removal of NLS.* NLS agrees that he will not terminate this Agreement, resign or otherwise terminate his services as Trustee, Plan Administrator, Plan Committee or Independent Fiduciary of the ESOP until such time as a successor Trustee, Plan Administrator, Plan Committee or Independent Fiduciary has accepted the appointment. The Court may remove NLS from any or all of these roles at any time with ten (10) days written notice to NLS.

- 2 -

5.  *Fiduciary Insurance*. NLS shall maintain at his own expense during the term of this Agreement ERISA fiduciary insurance in an amount not less than $2,000,000.

## ARTICLE II
## COMPENSATION AND EXPENSES

1.  *Compensation*. Mr. Saakvitne shall be paid a fixed fee for his services for the ESOP through the final liquidation of the ESOP, in the amount of $40,000.00, payable as an advance retainer upon approval of this Agreement by the Court.

2.  *Expenses*. All reasonable expenses incurred by NLS in performance of his duties hereunder (such as counsel fees, appraisal fees, outside TPA fees) shall be paid by the ESOP to the extent legally chargeable as administrative expenses and payable by the ESOP. [Mr. Saakvitne does not now envision the need for the ESOP to incur such expenses, but since (a) not all of the litigation to which the ESOP is a party or beneficiary has been entirely concluded, and (b) matters not yet known may arise during the anticipated several years of the ESOP's likely existence, it is best to anticipate the possible need for the ESOP to incur such costs]. Mr. Saakvitne shall provide notice to the Court [or following dismissal of the Court proceeding, to the San Francisco Regional Director of EBSA, U.S. Department of Labor] prior to incurring such expenses [with the exception of financial institution custodial and/or asset management fees which may be borne by the ESOP upon approval of Mr. Saakvitne without such notice].

## ARTICLE III
## MISCELLANEOUS

1.  *Entire Agreement*. This Agreement (including Appendix A) and the provisions of the ESOP shall constitute the entire Agreement governing NLS's services for the ESOP.

2.  *Amendment*. This Agreement may not be amended or modified in any manner except by a written agreement executed by NLS and approved by the Court.

3.  *Successors*. This Agreement shall be to the benefit of, and shall be binding upon NLS and his successors, the ESOP, The Employee Ownership Holding Company, Inc., and their successors.

4. *Waiver.* No waiver by any party of any breach or series of breaches, of any of the terms, covenants or conditions of this Agreement by any other party shall constitute a waiver of any subsequent breach or waiver of said terms, covenants or conditions. Resort to any remedies referred to herein shall not be construed as a waiver of any other rights or remedies to which any party is entitled, except as provided herein.

5. *Applicable Law.* This Agreement shall be governed by applicable federal law and, where not preempted, by the law of California.

6. *Severability.* Should any provision of this Agreement be declared invalid for reason, such declaration shall not affect the validity of any remaining portion, which remaining portion shall remain in full force and effect as if this Agreement had been executed with the invalid portion thereof eliminated.

7. *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8. *Termination.* Unless sooner terminated, this Agreement shall terminate upon the termination and complete liquidation of the ESOP, and the completion of all administrative responsibilities with respect to the ESOP (e.g., the filing of the final Form 5500 with respect to the ESOP).

*IN WITNESS WHEREOF, NICHOLAS L. SAAKVITNE has caused this Agreement to be executed.*

*NICHOLAS L. SAAKVITNE*

By: /s/ Nicholas L. Saakvitne

Date: February 19, 2010

- 4 -

## *APPENDIX A*

### *RESPONSIBILITIES OF INDEPENDENT FIDUCIARY*

As of the date of its appointment by the Court, NLS agrees to serve as an Independent Fiduciary with respect to the ESOP and shall have exclusive responsibility and authority to control and manage all assets of the ESOP including, but not limited to:

(A) The authority to exercise all fiduciary responsibilities relating to the ESOP including, but not limited to, the responsibility to act as the Plan Administrator of the ESOP, including the responsibility to appoint, monitor, and, if necessary, remove members of the Board of Directors of The Employee Ownership Holding Company, Inc. ("TEOHC");

(B) All authority given to the Board of Trustees under the terms of the documents governing the ESOP;

(C) Authority to amend the Plan and Trust documents governing the ESOP;

(D) The exclusive authority to appoint, replace and remove such administrators, custodians, attorneys, agents and service providers as the Independent Fiduciary shall, in his sole discretion, determine are necessary to aid him in the exercise of his powers, duties and responsibilities to the ESOP; provided that prior to appointing, replacing or removing any administrators, custodians, attorneys, agents and service providers, the Independent Fiduciary shall notify both the U.S. Department of Labor and TEOHC of such action;

(E) The authority to delegate to such administrators, custodians, attorneys, agents and service providers such Fiduciary responsibilities as the Independent Fiduciary shall determines is appropriate; provided, however, that the Independent Fiduciary may not delegate his authority to appoint, replace and remove such administrators, custodians, attorneys, agents and service providers or its responsibility to monitor the activities of the ESOP's administrators, custodians, attorneys, agents and service providers.

(F) Overseeing the ESOP's involvement in the action entitled Solis v. Couturier, Case No. 2:08-cv-02732-RRB-GGH pending in the United States District Court of the Eastern District of California, and any related appeals;

(G) Overseeing the ESOP's involvement in the consolidated action entitled Johnson v. Couturier, Case No. 2:05-cv-02046 (lead case), Stanton v. Couturier, Case No. 2:07-cv-01208, and all related cases pending in the United States District Court of the Eastern District of California, and any related appeals;

(H) Overseeing the ESOP's involvement in all other court proceedings;

(I) Representing the interests of the ESOP in all other legal proceedings (in person or through counsel);

(J) Reviewing any proposed settlement of any claims asserted, or that could have been asserted, determining the fairness to the ESOP of any settlement, if appropriate, determining whether to object and the contents of such objection, approving any settlement on behalf of the ESOP, and enforcing the terms of any settlement;

(K) Determining whether the ESOP has any claims against any other parties to pending litigation and which claims are not the subject matter of pending lawsuits, and if so, handling such claims. NLS will not have any obligation or responsibility to affirmatively initiate a separate investigation to determine whether any claims may exist against a person or entity not a party to pending litigation, or whether any current or prior fiduciary with respect to the ESOP has committed a fiduciary breach under the Employment Retirement Income Security Act of 1974 ("ERISA") prior to NLS's appointment as Independent Fiduciary, but NLS will advise the U.S. Department of Labor of any facts that suggest that a fiduciary breach under ERISA has been committed;

(L) Overseeing and monitoring the reimbursement to the ESOP that shall occur pursuant to any settlement between TEOHC, the ESOP and other parties of any litigation in which the ESOP is involved;

(M) Communicating with participants, overseeing and coordinating the disbursement from the ESOP to the ESOP participants and beneficiaries of any remaining ESOP assets;

(N) Overseeing and monitoring the termination of the ESOP once all claims have been resolved and all ESOP assets have been disbursed; and

(O) In addition to Form 5500 reporting for the ESOP, the Independent Fiduciary shall provide written quarterly reports to the U.S. Department of Labor for the duration of the ESOP's existence as to all significant actions taken and all funds expended.

\* \* \* \* \* \* \*

## *APPENDIX B*

## *Statement of Credentials of Independent Fiduciary*

Nicholas L. Saakvitne [N.Y.U. School of Law J.D. 1976, L.L.M. in Taxation 1977; Fellow, American College of Employee Benefits Counsel] has been an ERISA attorney for more than 30 years. Since 1997, he has acted as an ERISA fiduciary for employee benefit plans, and such fiduciary service now comprises more than 99% of his practice.

While serving as Trustee and Independent Fiduciary to coordinate the termination of orphan retirement plans (working closely with the EBSA division of the U.S. Department of Labor and, for defined benefit pension plans, with the Pension Benefit Guaranty Corporation) he believes he has served as fiduciary for more than 250 plans and has overseen approximately $1 billion of plan benefit payments/direct rollovers. Mr. Saakvitne has been appointed as a plan fiduciary by many Federal courts, and on occasion by California state courts.

Mr. Saakvitne has served as Trustee and Independent Fiduciary for more than 25 Employee Stock Ownership Plans (and other retirement plans holding employer stock) over the past 10 years, on an ongoing basis for active plans, to negotiate stock purchase or stock/asset sale transactions, or to approve settlements or review other ESOP fiduciary transactions, and this is a growing area of his practice.

On several occasions, Mr. Saakvitne has acted as Independent Fiduciary for retirement plans to review and approve Class Action ERISA litigation settlements, working with nationally recognized members of the plaintiff's Bar and established defense counsel.

He has also been approved as Independent Fiduciary for several prohibited transaction exemptions issued by the National Office of the U.S. Department of Labor.

\* \* \* \* \* \* \*