1  MICHAEL SCHLOSS, CA Bar No. 134124
   ROBERT FURST
2  MEGAN E. GUENTHER
3  ROBYN M. SWANSON
   U.S. Dept. of Labor, Office of the Solicitor
4  Plan Benefits Security Division
   P.O. Box 1914
5  Washington, D.C. 20013
6  202-693-5603
   202-693-5610 (FAX)
7  Email: schloss.michael@dol.gov

8
   DANIELLE L. JABERG, CA Bar No. 256653
9  U.S. Dept. of Labor, Office of the Solicitor
   90 7th Street, Suite 3-700
10 San Francisco, CA 94103
   415-625-7750
11 415-625-7772 (FAX)
12 Email: jaberg.danielle@dol.gov

13 Attorneys for Plaintiff, Secretary
14 of the United States Department of Labor

15
                    UNITED STATES DISTRICT COURT
16                 EASTERN DISTRICT OF CALIFORNIA
17                     SACRAMENTO DIVISION

18
19 | HILDA L. SOLIS, Secretary of the United | Civil Action No. 2:08-cv-02732-RRB-GGH |
   | States Department of Labor, | |
20 | | **CONSENT JUDGMENT & ORDER** |
   | Plaintiff, | **BETWEEN THE SECRETARY AND** |
21 | | **DEFENDANT CLAIR R. COUTURIER,** |
22 | v. | **JR.** |
23 | CLAIR R. COUTURIER, JR, *et al.* | |
24 | Defendants. | |
   | | Honorable Judge Ralph R. Beistline |
25

26
27     Plaintiff, Hilda L. Solis, Secretary of the United States Department of Labor

28 ("Secretary"), and Defendant Clair R. Couturier, Jr. ("Settling Defendant") have agreed to

                                                                    1

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

1 | settle the matters in controversy in the above-captioned civil action (the "Secretary's Action")

2 | and consent to the entry of this Consent Judgment & Order in accordance herewith:

3 | *WHEREAS,* the Secretary is responsible for the administration and enforcement of Title I

4 |
5 | of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

6 | Section 1001, et seq.;

7 | *WHEREAS,* the Secretary in the Secretary's Action filed her Complaint against Settling

8 | Defendant, among others, on November 13, 2008 and filed her Amended Complaint against

9 |
10 | Settling Defendant, among others, on December 22, 2008 ("Amended Complaint"), pursuant to

11 | Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et

12 | seq., as amended, wherein the Secretary alleged that Settling Defendant violated provisions of

13 | Title I of ERISA while acting as a fiduciary of The Employee Ownership Holding Company

14 | Employee Stock Ownership Plan and Trust (the "TEOHC ESOP"), which is an employee benefit

15 |
16 | plan subject to Title I of ERISA;

17 | *WHEREAS,* the Settling Defendant neither admits nor denies the allegations of the

18 | Secretary's Amended Complaint in the Secretary's Action;

19 | *WHEREAS,* upon consideration of the record, and as agreed to by the parties, the Court

20 | finds that it has jurisdiction over the parties and the subject matter of the Secretary's Action;

21 |
22 | *WHEREAS,* the Secretary and Settling Defendant have negotiated an agreement to settle

23 | all claims and issues between them arising from the matters alleged in the Secretary's Amended

24 | Complaint in the Secretary's Action;

25 | *WHEREAS,* the Secretary and Settling Defendant represent to the Court that this Consent

26 |
27 | Judgment & Order is the sole and complete memorialization of the agreement negotiated

28 | between them;

2

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

1    *WHEREAS,* concurrently with their agreements with the Secretary, certain of the

2    defendants in the Secretary's Action, including Settling Defendant, have entered into a settlement

3    agreement (hereinafter "the Settlement Agreement") with the named plaintiffs in two

4
5    consolidated lawsuits, Johnson v. Couturier, 05-cv-02046-RRB-GGH (E.D.Cal.) and Stanton v.

6    Couturier, 07-cv-01208-WBS-JFM (E.D.Cal) (the "Johnson Actions") which calls for the

7    establishment of a settlement fund (the "Settlement Fund") which the Secretary agrees may be

8    used in connection with the settlement of the Secretary's Action;

9
10        *WHEREAS,* Settling Defendant and certain other defendants in the Secretary's Action

11   have agreed to a global settlement of the Secretary's Action and the Johnson Actions which will

12   include combined payments by themselves or by their insurers of amounts totaling Eight Million

13   and No/100 Dollars ($8,000,000) [of which RSUI Indemnity Company ("RSUI") will pay the

14   amount of Three Million Five Hundred Thousand and No/100 Dollars ($3,500,000) on behalf of

15
16   Settling Defendant and Defendant Robert E. Eddy pursuant to a policy of insurance issued by

17   RSUI, and Settling Defendant will cause his Individual Retirement Account to pay the amount of

18   Three Million Four Hundred Nine Thousand Ninety One and No/100 Dollars ($3,409,091), and

19   the insurance carrier for Defendants David R. Johanson and Johanson Berenson LLP will pay the

20
21   amount of One Million Ninety Thousand Nine Hundred Nine and No/100 Dollars ($1,090,909)]

22   into the Settlement Fund for the benefit of the TEOHC ESOP's participants and beneficiaries

23   (which amount the Secretary, the Settling Defendant, and the other defendants in the Secretary's

24   Action who are parties to the Settlement Agreement in the Johnson Actions agree shall be treated

25   as the "applicable recovery amount" for purposes of ERISA § 502(l), 29 U.S.C. § 1132(l), in

26
27   connection with the settlement of the Secretary's Action);

28        *WHEREAS,* in connection with the aforesaid global settlement, in addition to the

3

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

aforesaid amounts, Settling Defendant and the other defendants in the Secretary's Action who are parties to the Settlement Agreement in the Johnson Actions have agreed to combined payments by themselves or by their insurers of amounts totaling Eight Hundred Thousand and No/100 Dollars ($800,000) [of which RSUI will pay the amount of Three Hundred Fifty Thousand and No/100 Dollars ($350,000) on behalf of Settling Defendant and Defendant Robert E. Eddy pursuant to a policy of insurance issued by RSUI, and Settling Defendant will cause his Individual Retirement Account to pay the amount of Three Hundred Forty Thousand Nine Hundred Nine and No/100 Dollars ($340,909), and the insurance carrier for Defendants David R. Johanson and Johanson Berenson LLP will pay the amount of One Hundred Nine Thousand Ninety-One and No/100 Dollars ($109,091)] into the Settlement Fund and which amount the Secretary, the Settling Defendant, and other defendants in the Secretary's Action who are parties to the Settlement Agreement in the Johnson Actions agree shall be paid to the Secretary in satisfaction of her claims under ERISA § 502(l) in connection with the settlement of the Secretary's Action;

*WHEREAS*, Settling Defendant has also agreed to the transfer of certain property known as the Palm Desert Property, under certain conditions set forth in the Settlement Agreement, to The Employee Ownership Holding Company, Inc. ("TEOHC"), and the Secretary, the Settling Defendant, and the other defendants in the Secretary's Action who are parties to the Settlement Agreement in the Johnson Actions agree that the net amount paid into the Settlement Fund upon final liquidation of that property shall be divided into two amounts, one such amount agreed to be an "applicable recovery amount" for purposes of ERISA § 502(l) and the other amount agreed to be sufficient to satisfy the Secretary's claims under ERISA § 502(l) in connection with that applicable recovery amount;

4

CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER
Civil Action No. 2:08-CV-02732-RRB-GGH

1    *WHEREAS,* the Secretary has entered into separate consent judgments and orders with

2    Defendants Johanson, Johanson Berenson, LLP, and Eddy, which the Secretary is filing

3    concurrently with this Consent Judgment & Order, to resolve the Secretary's claims for monetary

4
5    and injunctive relief against those defendants in the Secretary's Action through the payment of

6    the amounts described above and through the injunctive relief described in those consent

7    judgments and orders.

8    *WHEREAS,* it is the parties' understanding that the Settlement Agreement provides that

9
10   the amounts in TEOHC and the TEOHC ESOP's own accounts shall not be deposited into the

11   Settlement Fund and none of the disbursements from the Settlement Fund described in paragraph

12   8 of the Settlement Agreement shall be made from TEOHC or the TEOHC ESOP's existing

13   assets, but the amounts in the accounts of TEOHC and the TEOHC ESOP shall be distributed in

14   the manner outlined in the plan of allocation filed concurrently with the Settlement Agreement in

15   the Johnson Actions;

16
17   *WHEREAS,* the named Plaintiffs in the Johnson Actions have filed or intend to file a

18   motion for a judicial fairness settlement determination with respect to the Settlement Agreement

19   between themselves, Settling Defendant and others, and to provide all Affected Participants (as

20   defined in the Settlement Agreement) of the TEOHC ESOP with notice and an opportunity to

21
22   object and be heard in connection with the Court's consideration of the Settlement Agreement;

23   *WHEREAS,* the parties in the Johnson Actions and the parties in the Secretary's Action

24   have stipulated to the consolidation of the Johnson Actions and the Secretary's Action for the

25   purpose of settlement and for the Court's consideration and approval of the Settlement

26
27   Agreement, this Consent Judgment & Order, and the consent judgments and orders relating to

28   other defendants in the Secretary's Action;

5

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

*WHEREAS,* the Secretary is not a party to the Settlement Agreement, and the Settlement Agreement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of the Secretary's claims for any type of remedy, monetary or non-monetary, against any defendant, although this Consent Judgment & Order does release claims as to the Settling Defendant as described in this Consent Judgment & Order.

*WHEREAS,* the Secretary and Settling Defendant expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Judgment & Order as a full and complete resolution of the Secretary's claims against Settling Defendant;

*WHEREAS,* Settling Defendant expressly acknowledges and represents that he has read this Consent Judgment & Order and understands its provisions and each of the undersigned attorneys expressly acknowledges and represents that they are authorized and empowered to execute this Consent Judgment & Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Judgment & Order.

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    The Court has jurisdiction over the parties to this Consent Judgment & Order and subject matter of the Secretary's Action and is empowered to provide the relief herein.

2.    Settling Defendant shall cause his Individual Retirement Account to pay the amount of Three Million Seven Hundred Fifty Thousand Dollars and No/100 ($3,750,000) required by this Consent Judgment & Order and the Settlement Agreement in the <u>Johnson</u> Actions to be deposited into the Settlement Fund no later than two (2) business days after entry of the Judgment in the <u>Johnson</u> Actions as contemplated under the Settlement Agreement;

3.    Settling Defendant shall cause the payment by RSUI of Three Million Eight

6

Hundred Fifty Thousand Dollars and No/100 ($3,850,000) required by this Consent Judgment &

Order and the Settlement Agreement in the <u>Johnson</u> Actions to be deposited into the Settlement

Fund no later than two (2) business days after entry of the Judgment in the <u>Johnson</u> Actions as

contemplated under the Settlement Agreement;

4.      Within ten (10) days of the payment of each of the amounts set forth in

paragraphs 2 and 3, Settling Defendant will provide evidence of the payment of such amounts to:

Regional Director, EBSA
San Francisco Regional Office
90 7th St, Ste 11-300
San Francisco, CA 94103
Phone: (415) 625-2481
Fax:    (415) 625-2450

with a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, N.W., Room N-4611
Washington, DC 20210
Phone: (202)693-5600
Fax:    (202)693-5610

and

Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
San Francisco Regional Office
90 7th Street, Suite 3-700
San Francisco, CA 94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

5.      Pursuant to the Settlement Agreement in the <u>Johnson</u> Actions, Settling Defendant

shall transfer and convey to TEOHC certain property identified in the Settlement Agreement as

7

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

1    the "Palm Desert Property" on or before December 31, 2009.

2        6.    The Settlement Agreement contains the following language:

3            [8.3.1] Within ten (10) days following payment of the amounts required

4            by Paragraphs 3.1 through 3.3 above, but in any event only after the

5

6            *Judgment* [pursuant to the Settlement Agreement] is *Final*, the

7            *Administrator* shall cause to be paid eight hundred thousand and no/100

8            Dollars ($800,000) to the United States Department of Labor to partially

9
            resolve claims under ERISA § 502(l), 29 U.S.C. § 1132(l) in Solis v.
10
            Couturier, 2:08-cv-02732-RRB-GGH (E.D. Cal.).
11

12            [8.4] Within ten (10) days following receipt of amounts deposited as

13            proceeds of the sale of the *Palm Desert Property* into the Settlement Fund

14            as described in Paragraph 3.7 above, but in any event only after the

15
            *Judgment* is *Final*, the *Administrator* shall cause to be paid one-
16
17            eleventh of the amount so deposited to the United States Department of

18            Labor to partially resolve the claims under ERISA Section 502(l) in Solis

19            v. Couturier, 2:08-cv-02732-RRB-GGH (E.D.Cal.).

20            [8.4.1]   The payments described in Paragraphs 8.3.1 and 8.4 shall be

21
            remitted as follows:
22
23            If using the regular mail, the payments will be sent to:

24            U.S. Department of Labor
              ERISA Civil Penalty
25            P.O. Box 70942
26            Charlotte, NC 28272-0942

27            If using express mail, the payments will be sent to:

28            U.S. Department of Labor

8

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

QLP Wholesale Lockbox - NC0810
Lockbox # 70942
1525 West WT Harris Blvd
Charlotte, NC 28262

[8.5] Within ten (10) days following each payment required by Paragraphs

8.3.1 and 8.4 above, the *Administrator* will provide written evidence of

payment of such amounts to:

Regional Director, EBSA
San Francisco Regional Office
90 7th Street, Suite 11-300
San Francisco, CA 94103
Phone: (415) 625-2481
Fax:    (415) 625-2450

With a duplicate delivered to:

Associate Solicitor
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue N.W., Room N-4611
Washington, DC 20210
Phone: (202) 693-5600
Fax:    (202) 693-5610

and

Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
San Francisco Regional Office
90 7th Street, Suite 3-700
San Francisco, CA 94103
Phone: (415) 625-7740
Fax:    (415) 625-7772

[11.1] Notwithstanding anything else in this *Settlement Agreement*, this

*Settlement Agreement* does not waive, release, or interfere with the

independent right of the Secretary of the United States Department of

9

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

Labor to bring claims against any person or entity otherwise released by this *Settlement Agreement*. Nothing in this *Settlement Agreement* or the *Final Judgment* shall release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary, without her specific written consent. This paragraph shall supersede and control over any contrary, inconsistent, or ambiguous provisions contained in this *Settlement Agreement*. This paragraph does not affect the releases contained in the Consent Judgment and Order in the *DOL Action*.

[11.2] *TEOHC*'s assets and the *ESOP*'s account shall not be deposited into the *Settlement Fund* and none of the disbursements from the *Settlement Fund* described in paragraph 8 of this *Settlement Agreement* shall be made from *TEOHC* or the *ESOP*'s existing assets described in this paragraph. After *TEOHC*'s satisfaction of its obligations and completion of the final liquidation of *TEOHC*, the remaining assets of *TEOHC* and the *ESOP* will be distributed to *ESOP* participants in accordance with the provisions of the *ESOP*.

7.     In the event that, for any reason whatsoever, (a) the terms of the Settlement Agreement in the <u>Johnson</u> Actions required by this Consent Judgment & Order are not included in the document finally filed with the Court, or (b) the amounts specified in paragraphs 2 and 3 above are not deposited into the Settlement Fund described in the Settlement Agreement, or (c) the transfer of the Palm Desert Property described in paragraph 5 of this Consent Judgment & Order does not occur as provided for in the Settlement Agreement, or (d) the amounts specified

10

to be paid into the Settlement Fund pursuant to the Secretary's separate consent judgments and orders with Defendants Johanson, Johanson Berenson LLP, and Eddy are not deposited into the Settlement Fund as described in those consent judgments and orders, or (e) the amounts held in TEOHC's or the TEOHC ESOP's existing accounts are deposited into the Settlement Fund established by the Settlement Agreement in the Johnson Actions or are included in the disbursements described in paragraph 8 of that Settlement Agreement, or (f) this Court declines to approve this Consent Judgment & Order, or either of the Secretary's separate consent judgments and orders with Defendants Johanson, Johanson Berenson LLP, and Eddy, or the Settlement Agreement in whole or part, or (g) an order approving this Consent Judgment & Order, or either of the Secretary's separate consent judgments and orders with Defendants Johanson, Johanson Berenson LLP, and Eddy, or the Settlement Agreement, is reversed on appeal, then this Consent Judgment & Order shall be deemed null and void and vacated by the Court. In the event that this Consent Judgment & Order becomes null and void, then: (i) the Secretary will be free to pursue all of the claims in the Secretary's Action alleged in her Amended Complaint or any amended complaints and to seek all relief prayed for in her Complaint or any amended complaints against Settling Defendant, including her claims for non-monetary and monetary relief, (ii) Settling Defendant will be free to assert all of his defenses of any kind to the Secretary's claims other than defenses arguing that any part of the Settlement Agreement, or any bar order issued pursuant to that Agreement, can be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary, set forth in her Complaint or any amended complaints; and (iii) other than as set forth in subpart (ii) of this paragraph, the provisions of this Consent Judgment & Order shall be of no further force or effect and shall not be admissible in evidence in any action

11

1 | pending or filed against Settling Defendant.

2 |     8.    Settling Defendant, upon approval of this Consent Judgment & Order by the
3 | Court, is hereby permanently enjoined and restrained from future service as a fiduciary of, or
4 |
5 | service provider to, any ERISA-covered employee benefit plan.  Specifically, upon approval or
6 | this Consent Judgment & Order by the Court, Settling Defendant is hereby permanently enjoined
7 | and restrained from directly or indirectly, individually or through any entity or any other person
8 | (with the exceptions that Settling Defendant may control the assets in his personal Individual
9 | Retirement Accounts or his personal account in an ERISA-covered plan that permits participants
10 | to direct the investment of participants' accounts, and Settling Defendant may serve on the board
11 | of directors of a company provided that he does not serve in any ERISA fiduciary capacity):
12 |

(a)    serving or acting, for compensation or otherwise, as a fiduciary, service provider, administrator, officer, trustee, custodian, counsel, agent, employee or representative in any capacity to any employee benefit plan covered by ERISA;

(b)    serving or acting, for compensation or otherwise, as a consultant or adviser to any employee benefit plan covered by ERISA or to any entity whose activities are in whole or in part, devoted to providing goods or services to any employee benefit plan covered by ERISA;

(c)    serving or acting, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA; and

(d)    selling, promoting, marketing or providing any product or service to,

12

making any recommendation to, or bringing any product, service or

investment to the attention of, any employee benefit plan covered by

ERISA or to any person acting on behalf of such plan, or facilitating or

encouraging any expenditure or investment by any employee benefit plan

covered by ERISA.

9.     Settling Defendant, upon approval of this Consent Judgment & Order by the Court, will not assert or pursue claims of any nature whatsoever that he has or may have against the TEOHC ESOP.

10.    Settling Defendant, upon approval of this Consent Judgment & Order by the Court, hereby releases all claims of any nature whatsoever, including any prior contractual, compensation or benefits claims as well as any and all claims for indemnification or advancement of legal fees or litigation costs, that he has or may have against TEOHC, the TEOHC ESOP, and as applicable, their agents, representatives, assigns and successors in interest. In particular, Settling Defendant, upon approval of this Consent Judgment & Order by the Court, hereby releases any and all claims that he has or may have against TEOHC, the TEOHC ESOP, and as applicable, their agents, representatives, assigns and successors in interest for indemnification or advancement of legal fees or litigation costs related to the Secretary's Action, the Johnson Actions, or any other matter.

11.    All of the parties in this litigation and, as applicable, their agents, representatives, employees, insurers, present or former subsidiaries, divisions, parents, successors, predecessors, related entities or affiliates, attorneys, advisors, officers, directors, fiduciaries, trustees, assigns and successors in interest, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively,

13

or in any other capacity, any claim against Settling Defendant including, without limitation, his spouse, children, attorneys, employees, representatives, agents, insurers, predecessors and successors, arising under state, federal or common law, however styled, and in any forum, whether for indemnification or contribution or otherwise denominated, where the claim is based upon, arises out of, or relates to the facts, transactions and occurrences referred to in the Secretary's Amended Complaint in the Secretary's Action and the claim seeks to recover from Settling Defendant (i) any amount such person may become liable to pay pursuant to a settlement or judgment in the Secretary's action and claims or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Secretary.

12.     Settling Defendant, and, as applicable, his agents, representatives, assigns and successors in interest, upon approval of this Consent Judgment & Order by the Court, are hereby barred from asserting against the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, or any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this matter and any other proceeding or investigation incident thereto.

13.     Nothing in this Consent Judgment & Order shall be construed as a declaration by the signatories to this Consent Judgment & Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from the TEOHC ESOP, any TEOHC ESOP fiduciary, any person signatory hereto, or the Secretary.

14.     Provisions of this Consent Judgment & Order requiring notice to Settling

14

1  Defendant shall be satisfied by delivering it in writing to Settling Defendant in care of:

2          Theodore M. Becker, Esq.
           Morgan Lewis & Bockius LLP
3          77 West Wacker Dr.
4          Fifth Floor
           Chicago, Illinois 60601-5094
5          Phone: (312) 324-1190
           Fax:    (312) 324-1001
6

7  Provisions of this Consent Judgment & Order requiring notice to the Secretary shall be satisfied

8  by delivering it in writing to:

9          Regional Director, EBSA
           San Francisco Regional Office
10         90 7th St, Ste 11-300
11         San Francisco, CA 94103
           Phone: (415) 625-2481
12         Fax:    (415) 625-2450

13     with a duplicate delivered to:

14         Associate Solicitor
15         U.S. Department of Labor
           Office of the Solicitor
16         Plan Benefits Security Division
           200 Constitution Avenue, N.W., Room N-4611
17         Washington, DC 20210
18         Phone: (202)693-5600
           Fax:    (202)693-5610
19

20              and

21         Regional Solicitor
22         U.S. Department of Labor
           Office of the Solicitor
23         San Francisco Regional Office
           90 7th Street, Suite 3-700
24         San Francisco, CA 94103
           Phone: (415) 625-7740
25         Fax:    (415) 625-7772

26     Delivery shall be made by facsimile transmission or reliable overnight express courier
27
28 service.  The parties to this Consent Judgment & Order may, as they deem necessary, change

15

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Consent Judgment & Order, by delivery to the address to which notice would be sent.

15.     This Consent Judgment & Order constitutes a full, final, and complete judicial resolution of all of the claims, including, without limitation, claims for monetary and injunctive relief, alleged in the Secretary's Amended Complaint against the Settling Defendant in the Secretary's Action, as well as all claims based on the facts alleged in the Amended Complaint or any claims arising out of or related to all acts or omissions of the Settling Defendant in connection with any of his positions as a fiduciary, trustee, officer and/or director of TEOHC, or any of its predecessors, subsidiaries and affiliates, including, without limitation, Noll Manufacturing Company, Inc. and N & NW Manufacturing Holding Company, Inc., the TEOHC ESOP, and any predecessor plans or trusts, including, without limitation, the Noll Manufacturing Company Employee Stock Ownership Plan and Trust. The Secretary hereby waives, releases and forever discharges and dismisses with prejudice any and all claims, including, without limitation, claims for monetary and injunctive relief, alleged in the Secretary's Amended Complaint against the Settling Defendant in the Secretary's Action, as well as all claims which the Secretary has or may have against the Settling Defendant, including, without limitation, his spouse, children, attorneys, employees, representatives, agents, insurers, predecessors and successors, relating to the facts, transactions, events, acts or omissions alleged in the Amended Complaint in the Secretary's Action or relating to Settling Defendant's positions as a fiduciary, trustee, officer, and/or director of TEOHC, or any of its predecessors, subsidiaries and affiliates, including, without limitation, Noll Manufacturing Company, Inc. and N & NW Manufacturing Holding Company, Inc., the TEOHC ESOP, and any predecessor plans or trusts, including, without

16

limitation, the Noll Manufacturing Company Employee Stock Ownership Plan and Trust.
Neither the Secretary nor Settling Defendant waives any claims against any other persons.
Except as provided herein, the Secretary's claims for monetary and injunctive relief and Settling
Defendant's claims for monetary and equitable relief against any other persons are expressly
preserved.  Except as provided herein, nothing in this Consent Judgment & Order is, nor is to be
construed as, an admission or acknowledgment that any person or entity other than the Settling
Defendant, his spouse, children, attorneys, employees, representatives, agents, insurers,
predecessors and successors, is in any way released from any liability or wrongdoing. Nothing in
this Consent Judgment & Order shall be construed or interpreted as either an admission or denial
by the Settling Defendant of any claims made by the Secretary and the United States Department
of Labor.

16.     Settling Defendant and, where applicable, his agents, beneficiaries,
representatives, assigns and successors in interest, upon approval of this Consent Judgment and
Order by the Court, does hereby release the Secretary and the Secretary's officers, agents,
attorneys, employees, and representatives, both in their individual and governmental capacities,
from all actions, claims and demands of whatsoever nature, including those arising under any
statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of
the Secretary's Action or any other proceeding or investigation incident thereto (hereinafter the
"Released Claims").  In particular, as to the Released Claims, Settling Defendant expressly
waives any and all claims of any nature that he may have against the Secretary, or any of the
Secretary's officers, agents, employees, or representatives arising under the Equal Access To
Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

17.     The Secretary and Settling Defendant shall bear their own respective costs,

17

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

expenses, and attorney's fees in connection with the Secretary's Action and any other proceeding or investigation incident thereto.

18.     This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Consent Judgment & Order.

19.     By entering into this Consent Judgment & Order, Settling Defendant represents that he has been informed by Counsel of the effect and purpose of this Consent Judgment & Order and agrees to be bound by its terms.

20.     This Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

21.     This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this Consent Judgment & Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Consent Judgment & Order.

SO ORDERED this 9 day of March , 2010

/s/ RRB
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

18

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH

1   The parties, by themselves or their undersigned Counsel, hereby consent to the entry of

2   this Consent Judgment & Order:

3       FOR PLAINTIFF
4       Secretary of Labor

5       DEBORAH GREENFIELD
6       Acting Deputy Solicitor of Labor

7       TIMOTHY D. HAUSER
8       Associate Solicitor, PBSD

9       LAWRENCE BREWSTER
10      Regional Solicitor, San Francisco

11      DANIELLE L. JABERG
12      Counsel for ERISA, San Francisco

13  BY: _____        Date _____
14      MICHAEL SCHLOSS
        ROBERT FURST
15      Senior Trial Attorneys
        MEGAN GUENTHER
16      ROBYN SWANSON
        Trial Attorneys
17      Plan Benefits Security Division
        Office of the Solicitor
18      U.S. Department of Labor
        P.O. Box 1914
19      Washington, DC  20013-1914
        Phone: (202)693-5600
20      Fax:   (202)693-5610

21
22
23
24      _____  Date  12/29/09
25      DEFENDANT CLAIR R. COUTURIER, JR.
26
27
28
                                                          19

CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER
Civil Action No. 2:08-CV-02732-RRB-GGH

1    The parties, by themselves or their undersigned Counsel, hereby consent to the entry of

2    this Consent Judgment & Order:

3        FOR PLAINTIFF
4        Secretary of Labor

5        DEBORAH GREENFIELD
6        Acting Deputy Solicitor of Labor

7        TIMOTHY D. HAUSER
         Associate Solicitor, PBSD
8
9        LAWRENCE BREWSTER
         Regional Solicitor, San Francisco
10
11       DANIELLE L. JABERG
         Counsel for ERISA, San Francisco
12
                                                        Date  12/30/09
13   BY:
         MICHAEL SCHLOSS
14       ROBERT FURST
         Senior Trial Attorneys
15       MEGAN GUENTHER
         ROBYN SWANSON
16       Trial Attorneys
17       Plan Benefits Security Division
         Office of the Solicitor
18       U.S. Department of Labor
19       P.O. Box 1914
         Washington, DC 20013-1914
20       Phone: (202)693-5600
         Fax:   (202)693-5610
21

22

23

24   _____    Date _____
25   DEFENDANT CLAIR R. COUTURIER, JR.

26

27

28

                                                                                    19

**CONSENT JUDGMENT & ORDER – DEFENDANT COUTURIER**
Civil Action No. 2:08-CV-02732-RRB-GGH