MICHAEL SCHLOSS, CA Bar No. 134124
ROBERT FURST
PETER B. DOLAN
U.S. Dept. of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
202-693-5612
202-693-5610 (FAX)
Email: schloss.michael@dol.gov

DANIELLE L. JABERG, CA Bar No. 256653
U.S. Dept. of Labor, Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
415-625-7750
415-625-7772 (FAX)
Email: jaberg.danielle@dol.gov

Attorneys for Plaintiff, Secretary
of the United States Department of Labor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CLAIR R. COUTURIER, JR, *et al.*<br><br>Defendants. | Civil Action No. 2:08-cv-02732-RRB-GGH<br><br>**FIRST ORDER AMENDING CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY AND DEFENDANTS DAVID R. JOHANSON AND JOHANSON BERENSON LLP**<br><br>Honorable Judge Ralph R. Beistline |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants David R. Johanson and Johanson Berenson LLP ("Settling

[1]

Defendants") have agreed to settle a controversy arising from alleged civil contempt, by Defendants Johanson and Johanson Berenson, of paragraph 13.e in the Consent Judgment & Order entered in this action on March 10, 2010, as ECF # 204.  The contempt dispute thus resolved concerns whether or not either or both of these two defendants are liable for injunctive relief for the alleged contempt, and this contempt dispute arises only from Settling Defendants David R. Johanson's and Johanson Berenson LLP's representation of one or more of J. Michael Bruce, Herbert C. Bruister, Bruister Family LLC, Bruister and Associates, Jonda C. Henry, Amy O. Smith, and the Bruister Plans, in relation to:  Bruister, et al. v. Beazley Ins. Co., Inc., No. 4:10-cv-136-HTW-LRA (S.D. Miss.), and the settlement thereof.

In settling this civil contempt controversy, the Secretary and Settling Defendants Johanson and Johanson Berenson have agreed to this First Order Amending Consent Judgment & Order, which amends ECF # 204 by adding new injunctive restrictions not ordered in ECF # 204.  Settling Defendants neither admit nor deny any alleged civil contempt described above. Plaintiff Secretary has acknowledged that Settling Defendants Johanson and Johanson Berenson have timely either paid, or caused payment on their behalf of, all consideration due under paragraphs two through six in ECF # 204. All other provisions in the order entered as ECF # 204 remain in full effect.

*ACCORDINGLY*, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this First Order Amending Consent Judgment & Order and over the subject matter of this action and is empowered to provide the relief herein.

2. Paragraph 13.e in the Consent Judgment & Order entered in this action on March 10, 2010, as ECF # 204 is modified by deleting that paragraph 13.e and replacing it with the paragraphs 13.1 and 13.2 set forth below.

13.1 David R. Johanson and Johanson Berenson, LLP are permanently enjoined and restrained from taking on, whether directly or indirectly through any other entity or other person, any new client or new project or new matter from an existing client from the date of this order involving:

    A. serving or acting, for compensation or otherwise, as service providers, administrators, officers, custodians, counsels, agents, employees, attorneys, consultants, advisors or representatives in any other capacity, to any ERISA-covered employee benefit plan, its trustees, or its other fiduciaries;

    B. serving or acting, for compensation or otherwise, as attorneys, consultants, or other advisors to any entity or person for purposes related to the person or entity providing goods or services to any employee benefit plan covered by ERISA;

    C. selling, promoting, marketing or providing any product or service to, making any recommendation to, or bringing any product, service or investment to the attention of any employee benefit plan covered by ERISA or to the attention of any entity or person acting on behalf of such plan;

    D. facilitating, encouraging, recommending, or giving advice with respect to any investment or other expenditure by any employee benefit plan covered by ERISA;

    E. representing in litigation any entity or person in relation to an alleged fiduciary breach arising from a transaction involving any asset of an ERISA-covered employee benefit plan, where, in connection with such transaction, Mr. Johanson either represented or otherwise advised

        (1) an employer or employee organization that established or maintained the plan;

[3]

     (2) the plan;

     (3) any other party to the transaction;

     (4) any fiduciary or service provider to the plan;

     (5) any entity that extended credit in connection with the transaction; or

     (6) any attorney, consultant, or other advisor (including but not limited to appraisers, accountants, auditors, tax consultants, investment analysts, and other financial analysts) to any person or entity described in subparagraphs 13.1.E(1) through 13.1.E(5) above; and

  F. violating or knowingly participating in any violation of ERISA.

  13.2 The injunctive restraints in paragraph 13.1 above and this paragraph 13.2 shall apply on a going forward basis, but shall not apply to any specific litigation or project that began prior to this prior to the Court's entry of this Amendment to ECF # 204. Further:

  A. The injunctive bar in paragraph 13.1 above shall not prevent Mr. Johanson from representing a person and/or entity, including but not limited to a corporation and/or its corporate officers and/or directors, who also is an ERISA plan fiduciary at any time during the representation on matters unrelated to the ERISA fiduciary status and/or fiduciary conduct of such person or entity. Mr. Johanson must have a written engagement document with each such client which clearly states that Mr. Johanson is not and cannot be providing legal services related to the client's status and/or conduct as an ERISA fiduciary and/or service provider, and which in writing advises the client to obtain any such advice from independent counsel.

  B. Except as prohibited in subparagraphs 13.1.E(1) through 13.1.E (6) above, the injunctive bar in paragraph 13.1 above shall not prevent Mr. Johanson from representing a person and/or entity who is no longer an ERISA plan fiduciary and/or service provider regarding

[4]

matters related to such person's and/or entity's prior conduct as a fiduciary or service provider to ERISA plans.

C. Except as prohibited in subparagraphs 13.1.E(1) through 13.1.E (6) above, the injunctive bar in paragraph 13.1 above shall not prevent Mr. Johanson from representing a person and/or entity who is an ERISA plan fiduciary and/or service provider to ERISA plans at any time during the representation regarding matters related to such person's and/or entity's prior conduct as a fiduciary or service provider to ERISA plans, provided that Mr. Johanson in writing:

   (1) confirms that the current fiduciary has independent counsel for current ERISA fiduciary issues who is unrelated to Mr. Johanson and his firm;

   (2) advises the current ERISA plan fiduciary and/or service provider and independent counsel in writing that Mr. Johanson cannot advise the ERISA plan fiduciary and/or service provider regarding their current ERISA fiduciary obligations; and

   (3) also advises the current ERISA plan fiduciary and/or service provider in writing that they must consult with independent counsel for all matters related to current obligations as an ERISA fiduciary and/or service provider.

D. Except as prohibited in subparagraphs 13.1.E (1) through 13.1.E(6) above, the injunctive bar in paragraph 13.1 above shall not prevent Mr. Johanson from representing any participant in an ERISA plan on any matter, including the participant's assertion of ERISA claims authorized by law, except that Mr. Johanson may not represent a participant regarding that participant's current ERISA fiduciary conduct and/or status.

E. The injunctive bar in paragraph 13.1 above is authorized by the Secretary of Labor's equitable powers to obtain injunctive relief in the form of a service provider bar under ERISA. It is not intended to restrict Mr. Johanson's practice of law generally or on matters unrelated to ERISA, and thus the Parties and their counsel do not believe that the service provider bar is in conflict with California Rule of Professional Conduct section 1-500 which prohibits a lawyer from participating in a settlement which restricts another lawyer's ability to practice law. Paragraph 13.1 above and this paragraph 13.2 are not intended to require Mr. Johanson to violate

[5]

California Rule of Professional Conduct 1-500 and/or any similar rule of professional responsibility.

3. The Secretary and Settling Defendants shall bear their own costs, expenses, and attorney's fees in connection with this order and any other proceeding or investigation incident thereto.

4. This Court shall retain jurisdiction over the parties to and subject matter of this action for the purpose of enforcing the terms of the Consent Judgment and Order as amended by this First Order Amending Consent Judgment & Order.

5. By entering into this First Order Amending Consent Judgment & Order, Settling Defendants represent that they have been informed by their counsel of the effect and purpose of this First Order Amending Consent Judgment & Order and agree to be bound by its terms.

6. This First Order Amending Consent Judgment & Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

7. This First Order Amending Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court finds that there is no just reason to delay the entry of this First Order Amending Consent Judgment & Order and, pursuant to Fed. R. Civ. P. 54(b), expressly directs the entry thereof as a final order.

**SO ORDERED this** ___1st___ **day of** ___March, 2016___, ~~2009~~

                              _____s/RALPH R. BEISTLINE_____
                              RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment & Order:

FOR PLAINTIFF
Secretary of Labor§

M. PATRICIA SMITH
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor, PBSD

JANET HEROLD
Regional Solicitor, San Francisco

DANIELLE L. JABERG
Counsel for ERISA, San Francisco

BY:  ____/s/_*Peter B. Dolan*_____    Date _____12/14/2015_____
MICHAEL SCHLOSS
ROBERT FURST
PETER B. DOLAN
Senior Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC  20013-1914
Phone: (202) 693-5612
Fax:    (202) 693-5610


NATALIE P. VANCE
Counsel for Defendant David R. Johanson and Defendant Johanson Berenson LLP


__/s/ *Natalie P. Vance*_____    Date _____12/14/2015_____
NATALIE P. VANCE
Klinedinst PC
801 K Street, Suite 2100
Sacramento, CA  95814
Phone: (916) 444-7573
Fax:    (916) 444-7544
nvance@klinedinstlaw.com

[7]